IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-
VALLELLANES

**Plaintiff(s)**

v.

CIVIL NO. 97-2459 (JAG)

MARVIN T. RUNYON, UNITED
STATES POSTMASTER, ET AL

**Defendant(s)**

## ORDER

Plaintiffs have filed a motion (Docket No. 96) requesting the Court to amend its previous order (Docket No. 93) granting co-defendant Postmaster General ("Postmaster") a protective order and ordering the close of discovery. In its motion requesting a protective order (Docket No. 84), Postmaster had argued that the discovery requested by plaintiffs was oppressive and burdensome, because (1) the initial scheduling called for the close of discovery by October 13, 1998, and (2) trial was scheduled to begin on April 14, 1999 (Id. at 1). The Court took this motion (Docket No. 84) under advisement for 90 days, in order to provide plaintiffs with a reasonable amount of time to oppose Postmaster's motion.

Based on the arguments provided by Postmaster in its motion, and without the benefit of an opposition by plaintiffs, the Court granted Postmaster's motion on the representation made by Postmaster in his motion that the initial scheduling order was still in effect.

Civil No. 97-2459 (JAG)

In its motion requesting the Court to vacate its order granting Postmaster's motion (Docket No. 96), plaintiffs provided a different version of the pertinent facts and stated that on April 14, 1999, the Court "ordered plaintiff to file an amended complaint which constituted a de novo case." (Id. at 2). Moreover plaintiffs maintained that, as a result of the Court's order, "all pending motions by that time were declared moot by this Court." (Id. at 3) As a result of this action, plaintiffs argued, the initial scheduling order that called for the close of discovery by October 13, 1998 (Docket No 17), had been automatically vacated.

A review of the case file reveals that on April 14, 1999 (the date on which the trial was slated to commence) the Court entered an order (Docket No. 49) which, among other things, granted plaintiffs' attorney 20 days to file an amended complaint. On May 3, 1999 Plaintiffs filed an amended complaint (Docket No. 50) in compliance with the Court's order.

When the Court entered the April 14, 1999 order, a number of motions relating to the original complaint were pending. On February 29, 2000 the Court issued an order (Docket No. 61) holding that all pending motions prior to its issuance of the April 14, 1999 order were moot. Accordingly, it may be reasonably inferred that it was the Court's intention that the case begin anew for discovery purposes on April 14, 1999.

In view of the aforementioned, the Court hereby vacates the protective order granted on December 12, 2000. The Court orders the parties to file, within 30 days from the date of this order, a proposed joint scheduling order, after which the Court will hold a scheduling conference.

Plaintiffs also request the Court to amend its prior order (Docket No. 93) denying plaintiffs'

2

Civil No. 97-2459 (JAG)

motion for entry of default (Docket No. 92) against co-defendants Daniel Soto and A.P.W.U. for failing to answer plaintiffs' motion for partial summary judgment (Docket No. 89). The request is **DENIED.** The Court **GRANTS** Soto and A.P.W.U. 15 days, from the entry of this order, to file an opposition to the motion for partial summary judgment. Otherwise the statement of uncontested material facts will be deemed unopposed as to Soto and A.P.W.U.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of January, 2001.

JAY A. GARCIA-GREGORY
U.S. District Judge