IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES VALLELLANES,
    Plaintiff,

v.                        CIVIL NO. 97-2459(JAG)

UNITED STATES POSTAL SERVICE, ET AL.
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff filed this action against the American Postal Workers Union (APWU) and its then President, Daniel Soto, for alleged breach of fair representation.[1] He also claimed a conspiracy with the United States Postal Service (USPS), which caused intentional infliction of emotional distress, because of retaliation that resulted in being terminated from his employment. The causes of action are related to the claim of alleged breach of duty of fair representation in having failed to process his grievances against USPS through the procedure provided by the collective bargaining agreement between USPS and APWU.

---

[1] The amended complaint also includes Enrique López, the manager of Caparra Station, in his personal and official capacity.




Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 2

Plaintiff's claims against the Union APWU and Daniel Soto are predicated on an alleged failure to submit and/or process his grievances in an arbitrary, negligent, and perfunctory manner (Amended Complaint, Count III).

The Motion for Summary Judgment by defendants APWU and Daniel Soto was referred by the court (D.E. #64, #149). Pending also was a Motion for Partial Summary Judgment by plaintiff and defendant USPS' Motion to Dismiss (D.E. #51, #148), as well as plaintiff's reply (D.E. #52, #63, #143). Since the recommendation and discussion below is dispositive, not all issues and arguments raised need to be addressed.

Plaintiff had been employed by the Postal Service (USPS) since 1988 at the Caparra Heights Station as a Distribution and Window Clerk. In the amended complaint he claimed having being subject of various adverse employment actions as retaliation for prior grievances and/or complaints against USPS in regard to equal employment and health and safety hazard activities through 1995 to 1997.

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 3

It is undisputed that plaintiff was appointed as shop steward by defendant Daniel Soto as president of APWU on January 17, 1997. By January 30, 1997, several of plaintiff's coworkers complained in writing about his appointment. Soto conducted an investigation, interviewed several employees and consequently removed plaintiff from the position of shop steward, informing plaintiff on February 7, 1997. Plaintiff did not file an appeal to his removal as a shop steward although the APWU constitution provided for such an appeal within fifteen (15) days of removal. Most of the complaints and grievances against USPS filed by plaintiff through 1996 and 1997 were settled and resolved in favor of plaintiff upon the parties having reached agreements. The union and the employer agreed to an extension of time in relation to pending complaints by plaintiff insofar as the transfer from the Caparra Postal Station and a grievance was filed. Mr. Alberto Ortiz was appointed as plaintiff's representative, an individual plaintiff's deposition testimony indicated he approved. Plaintiff's charge of unfair labor practice before the National Labor Relations Board on the basis of alleged conspiracy

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 4

between USPS and the APWU to remove him as shop steward and consequently from the Caparra Station was dismissed.

Plaintiff's additional claim of intentional infliction of emotional distress against USPS and APWU President Daniel Soto is predicated on above grounds of breach of duty of fair representation under the conspiracy claim between the USPS and APWU.

The applicable law regarding the breach of duty of fair representation follows the decision in <u>Air Line Pilots v. O'neill</u>, 499 U.S. 65, 111 S.Ct. 1127 (1991). Thereafter, and consonant with above higher ruling, in <u>Ooley v. Schwitzer Division, Household Manufacturing, Inc.</u>, 961 F.2d 1293 (7th Cir. 1992), the court rejected the narrow interpretation which had previously held that intentional misconduct was essential to breach of the duty of fair representation and established a tripartite standard. It entailed an analysis to determine;

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 5

whether the Union had acted arbitrarily; whether it acted discriminatory or whether it acted in bad faith.[2]

    Plaintiff's initial claim evolves within the scope of breach of duty of fair representation by the union. Following the Supreme Court's decision in <u>Air Line Pilots v. O'neill</u>,[3] courts have defined more precisely the duty of fair representation in numerous cases. In <u>Ooley v. Schwitzer Division</u>, the Seventh Circuit acknowledged that <u>Air Line Pilots v. O'Neill</u>, rejecting a narrow interpretation of the duty of fair representation, had held that intentional misconduct was essential to a breach of the duty. Instead, <u>Air Line Pilots v. O'Neill</u> established a tripartite standard that requires an analysis of whether; the union acted arbitrarily; it acted discriminatorily, or it acted in bad faith. See <u>Crider v. Spectrulite Consortium</u>, 130 F.3d 1238 (7th Cir. 1997) (arbitrary, discriminatory, and bad faith are three

_____

[2] A union breaches its duty of fair representation when it acts in a discriminatory, dishonest, arbitrary, or perfunctory manner. <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 US 151, 164, 103 S.Ct. 2281, 2290 (1983).

[3] A union's actions in representing a member can be considered to be arbitrary only if, in light of the legal and factual framework at the time the union's behavior is so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary. <u>Airline Pilots Ass'n. v. Oneill</u>, 499 US at 78.

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 6

separate parts of the fair representation test, each to be analyzed individually).

It is appropriate to discuss dismissal of the claim against the union for plaintiff having failed to exhaust his claim by not following an appeal on the decision to remove him as shop steward. An employee must exhaust remedies for a grievance and may file in federal court without exhausting if he can show that the union breached its duty of fair representation. Still, when not meeting the prong that the union's determination was arbitrary, in bad faith or discriminatory, and that plaintiff had a meritorious action as to his dismissal as a union shop steward, he lacks a cause of action in the federal forum. Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial.

A dismissal for failure to state a claim would be appropriate if the complaint on its fact does not allege facts sufficient to sustain plaintiff's

case. Fed.R.Civ.P. 12(b)(6). The court can also determine to entertain the matter as a summary judgment motion. Fed.R.Civ.P. 56(b) and (c).

There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). The moving party shows summary judgment is appropriate by demonstrating an absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). A scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a summary judgment motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505 (1986).

In <u>Vaca v. Sipes</u>, 386 U.S. 171, 190, 87 S.Ct. 903 (1967), the Supreme Court determined that unions have wide latitude in deciding issues involving the processing of grievances. A union, caught in the middle between dueling employees is not obliged to throw some union members to the wolves merely to placate others. <u>Ayala v. Union de Tronquistas de Puerto Rico</u>, 74 F.3d 344 (1st Cir. 1996).

AO 72
(Rev 8/82)

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 8

The claim against the employer USPS although parallel to his claim against the union falls under a different hurdle for summary dismissal that has alleged lack of just cause the discharge or the claim of constructive discharge from the Caparra Postal Station. Any factual determination at this stage in the controversy would be attached to additional discovery and controverted evidence. For this reason no summary dismissal would have been recommended, except that plaintiff has submitted herein an hybrid claim that rests on top of the breach of duty of fair representation.[4] Without any indication that there was any breach of the collective bargaining agreement, plaintiff's claim against USPS is interlocked with the claim against the union and thus must fail. Still, the employer also needs to submit that plaintiff has failed to exhaust the remedies under the agreement, which the union has already filed, to consider the issue within the framework of Fed.R.Civ.P. 12(b)(6)), to which plaintiff's opposition has been duly considered (D.E. #51, 52, 63).

---

[4] Reed v. United Transp. Union, 488 U.S. 319, 109 S.Ct. 621 (1989)

Plaintiff's averment that the amended complaint submits a claim for retaliation and discrimination for carrying a protected activity is a general and conclusory statement on grounds of acts of codefendant Enrique López. Although detailed accounting of the alleged prohibited personnel practices and injected in the complaint under Count 1 as retaliation and discrimination, to claim jurisdiction by this court, plaintiff is required to establish violations to the collective bargaining agreement that are cohesive with the breach of fair representation. Plaintiff cannot resort to federal forum in lieu of the grievance procedure under the collective bargaining agreement. Furthermore, to succeed in a hybrid breach of contract and fair representation claim, plaintiff must establish not only the employer's breach of the contract but also that the union breached its duty of fair representation.[5] Failure to prove either one of them results in failure of the entire hybrid action. <u>Miller v. United States Postal Service</u>, 985 F.2d 9 (1st Cir. 1993); <u>Chaparro Febus v. International Longshoremen Ass'n., Local 1575</u>, 983 F.2d 325 (1st Cir. 1993).

---

[5] Disgruntled employees must first prevail on their unfair representation claim in order to excuse failure to exhaust contractual remedies in a conventional manner. <u>Ayala v. Union de Tronquista de Puerto Rico</u>, 74 F.3d 344 (1st Cir. 1996).

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 10

Congress has established a distinct pattern to handle claims related to the Postal Service and the jurisdiction asserted by plaintiff, 28 U.S.C. §1339, does not create an independent source of jurisdiction that departs plaintiff's claim from the above analysis. The retaliation and discrimination claims do not constitute a cause of action which remedy totally disregard Postal employees' requisite to redress their claims through the collective bargaining grievance procedures and their union's representation. <u>Roman v. United States Postal Service</u>, 821 F.2d 382 (7th Cir. 1987).

Additionally, plaintiff's claim in the Amended Complaint for the claimed conspiracy between Soto and USPS to cause his constructive discharge from employment would also fail under the rationale exposed above. Plaintiff should have exhausted the contractual remedies provided to him as to any claim against the Union and/or its agents which is not established as a breach of its duty of fair representation, such as his removal from shop steward position. He failed to exhaust internal union appeal process.

AO 72
(Rev 8/82)

Report and Recommendation
Angel David Morales v. USPS
Civil No. 97-2459(JAG)
Page No. 11

Plaintiff has also filed a Motion for Partial Summary Judgment (D.E. #89, 102, 128) premised in that there is no genuine issue of material fact with regard to the breach of the collective bargaining agreement and should be entitled to summary judgment as to Count III of the Amended Complaint. The defendant's reply and the perusal of the deposition testimonies and documents would leave no doubt that, at least within the parameters of this request for summary judgment, and taking plaintiff's claim of breach of collective bargaining or fair representation as true, there is evidence that the Union did file the grievances and undertook the employee's representation on numerous instances. There is also ample indication that the tardiness in filing a grievance does not constitute a breach of such duty if the necessary extensions to present the grievance have been obtained. If anything, plaintiff's request for summary judgment would not have been appropriate if his complaint had survived the initial discussion and this Magistrate's recommendation favoring defendants, since there are disputed facts on the issue. Thus, the plaintiff's partial motion for summary judgment should be DENIED (D.E. #89).

It is recommended that the defendants' motion for summary judgment and/or to dismiss BE GRANTED.[6]

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 17th day of June, 2002.

J.A. CASTELLANOS
United States Magistrate Judge

---

[6] Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. Celotex, supra.

AO 72
(Rev 8/82)