UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-VALLELLANES,

    Plaintiff,

    v.                              CIVIL NO. 97-2459 (JAG)

UNITED STATES POSTAL SERVICE,
et al.,

    Defendants.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S URGENT MOTION TO TAKE A DEPOSITION

TO THE HONORABLE COURT:

COMES NOW the defendant, through its undersigned attorneys, to respectfully submit its Opposition to Plaintiff's Urgent Motion to take the Deposition of Ms. Carmen Rosa.

At the outset, Carmen Rosa, who is a U.S. Postal Service employee, was on Defendant's witness list until very recently when the undersigned became aware that she was the EEOC Counselor at the agency level. Carmen Rosa lacks any involvement or personal knowledge of the facts alleged at plaintiff's Complaint. The information Ms. Rosa gathered was through the counseling process pursuant to the EEOC legal requirements established in 29 C.F.R. § 1614.104, Agency Processing, and 29 C.F.R. § 1614.105, Pre-Complaint Processing.

In the case of EEOC v. H.B.E. Corp., 157 F.R.D. 465 (E.D. Mo 1994-) the EEOC was entitled to a protective order to prevent a Rule 30(b)(6) deposition which asked for an EEOC official having

**ANGEL DAVID MORALES VALLELLANES vs.**
**U.S. POSTAL SERVICE et al. - Civil No. 97-2459 (JAG)**
Page 2

knowledge of the allegations in the complaint when the only person having the knowledge of the required information was the EEOC's trial counsel.

In addition to the above and, as the agency's EEOC counselor, the information marshaled by Ms. Carmen Rosa is covered by the deliberative process privilege. This privilege shields Ms. Rosa from divulging the information she obtained during the counseling process which was conducted under the aegis of 29 C.F.R. § 1614.104 and 105, respectively. On this matter, the case of United States Ex Rel. Touhy v. Ragen, 340 U.S. 462 (1951) is also controlling. This is known as the "Touhy Regs" subpoena defense whereby a federal employee (such as Ms. Carmen Rosa) who is not a government witness cannot divulge information unless prior written authorization is obtained from the agency pursuant to postal regulations issued for this scenario. This housekeeping matter is protected by law (5 U.S.C. § 301) and, has been upheld by the Touhy case, supra, as it applies to information requested from non-governmental witnesses in a civil or criminal case. (See 39 C.F.R. § 265.11-13.)

The foregoing governmental privilege is one which is variously described as the predecisional or deliberative process privilege. Generally, this privilege protects communications that are part of the decision-making process of a government agency. This privilege (1) serves to assure that subordinates will feel free to give the

**ANGEL DAVID MORALES VALLELLANES vs.**
**U.S. POSTAL SERVICE et al. - Civil No. 97-2459 (JAG)**
Page 3

decision-maker their uninhibited opinions and recommendations without fear of later being subject to public criticism, (2) protects against premature disclosure of proposed policies before they have been finally adopted, and (3) protects against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action. (See Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) ("Documents which are protected by the privilege are those which would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position. To test whether disclosure of a document is likely to adversely affect the purposes of the privilege, courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency" and "The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions fo the writer rather than the policy of the agency.").

The foregoing privilege has been asserted in employment cases such as the one before this Court. In Broderick v. Shad, 117 F.R.D. 306, 312 (D.D.C. 1987) a sex and harassment case, the court upheld the privilege for the Government, in defending a Title VII

**ANGEL DAVID MORALES VALLELLANES vs.**
**U.S. POSTAL SERVICE et al. - Civil No. 97-2459 (JAG)**
Page 4

action, when the agency withheld internal memoranda that would reveal an agency's predecisional deliberations on plaintiff's EEO complaint). In Manzi v. DiCarlo, 982 F. Supp. 125, 130 (E.D.N.Y., Sept. 5, 19970, a wrongful termination case, it was stated that, "The purpose of deliberative process privilege is to protect the decision-making processes of the executive branch by shielding the intra-agency memoranda reflecting recommendations and deliberations about government policies. The court cited EPA v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 [1973] and Amer. Fed. of Govt Employees, Local 2782 v. U.S. Dept. of Commerce, 907 F.2d 203, (D.C.Cir. 1990), whereby availability of agency form SF-52s or other predecisional promotion-related memoranda recommending personal action was found to be protected by the deliberative process. For a discussion on the extent of the privilege see Marisol A. v. Giuliani, 1998 WL 132810 (S.D.N.Y., Mar. 23, 1998).

In view of the above, the defendant took the decision to drop Ms. Carmen Rosa from his witness list because the information she obtained during the counseling process is hearsay evidence. More importantly, however, is the fact that the information and conclusions she reached during the counseling process are shielded from disclosure by the deliberative process privilege and the Touhy case, supra.

Lastly, it is to be noted that for the purposes of Plaintiff's Notice of Deposition, the undersigned is not deemed to represent

Ms. Carmen Rosa in any way, form or fashion because she is not on defendant's witness list for this case.

WHEREFORE, the defendant respectfully requests from this Honorable Court that it deny Plaintiff's Request for an Order to take the deposition of Carmen Rosa as hereinabove set forth.

I HEREBY CERTIFY that on March 31, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Miguel E. Miranda Gutíerrez, Esquire, Cond. El Centro I, Local 15-132, 500 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 13th day of April 2004.

H.S. GARCIA
United States Attorney

S/Fidel A. Sevillano Del Río
FIDEL A. SEVILLANO DEL RIO
Assistant U.S. Attorney
U.S.D.C.-PR 117812
Torres Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Telephone: (787) 766-5656/282-1844
Facsimile: (787) 766-6219/5193