IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>Plaintiff,<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET. ALS.,**<br>Defendants. | **CIVIL NO. 97-2459 (JAG)**<br><br>**DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>**TRIAL BY JURY IS HEREBY REQUESTED** |

**MOTION IN COMPLIANCE WITH ORDER**

1. This Honorable Court ordered plaintiff on or before April 13, 2005 to show "good cause" for failing to comply with the Court's scheduling order so as to warrant dismissal, (see docket number 226).

2. Since the begining of 2005 the undersigned attorney has been operating his office without his regular secretary who had an accident while she was pregnant and later has been on maternity leave. The secretarial duties has been handled by a part time clerk who does not have the experience nor the total knowledge of said position, particulary in the filing of motion by internet.

3. Plaintiff had to comply with two (2) orders; (1) to provided the transcripts of depositions; (2) to answer the interrogatories. Plaintiff had to deal with the tardiness of transcripts in order to comply with the order and concentrated himself to put the pressure upon the transcriber.

4. Plaintiff has always been very responsible during the eight (8) years of this case, this has been the first time that the answer to the interrogatories had not been on time, but it has no caused any damage to defendant.

5. The undersigued attorney had problems to transcript the answer to the interrogatories provided by plaintiff due to the absence of his regular secretary.

6. The undersigned attorney was in touch at all times with brother counsel Fidel Sevillano and in his motion he is interested in an enlargement of time.

7. In O'connell vs Hyatt Hotels, 357 F. 3d 152, plaintiff conduct was extremely negligent as they waited over a year after the trasfer and five month after the scheduling order deadline to act . This this it not the case here as plaintiff complied with the transcripts.

8. The answer to the interrogatories and Request for Production of Documents has been provided to defendant on this date.

9. Plaintiff and the undersigned attorney are very sorry with the delay and apologize to this Honorable Court. A dismissal is a very extreme sanction due to the fact that plaintiff did provide the trascripts of depositions. It has not been such " a  long and unexplained delay" in which plaintiff was not diligently pursuing his litigation.

**WHEREFORE**, it is respectfully request to this Honorable Court to deny the motion to dismiss by defendant.

**I HEREBY CERTIFY** that on April 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Torre Chardon, Suite 1201 350 Carlos Chardon Street, San Juan, Puerto Rico 00918.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 13th day of April 2005

S/MIGUEL E. MIRANDA-GUTIERREZ
MIGUEL E. MIRANDA-GUTIERREZ, ESQ.
ATTORNEY FOR PLAINTIFF
PMB 132, 255 AVE. PONCE DE LEON,
SUITE 75
SAN JUAN, PUERTO RICO 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883

By: _____
Miguel E. Miranda Gutiérrez
USDC 203110