IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>Plaintiff,<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>Defendants. | CIVIL NO. 97-2459 (GAG)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>TRIAL BY JURY IS HEREBY REQUESTED |

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO VACATE ORDER

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1. On Friday April 15, 2005 Defendant USPS filed a "Defendant's Motion to Compel Discovery and for Enlargement" in which said party requests "an Order from the Court granting the Plaintiff a final term within which to properly and adequately disclose the required information by submitting proper answers that can be understood to be in compliance with the Federal Rules of Civil Procedure." (See docket 229)

2. Same day at 3:26 as docket no. 230 this Honorable Court issued the following order:

"ORDER granting [229] Motion to Compel in its entirety. Plaintiff is hereby ordered to resubmit within ten (10) calendar days the following answers to interrogatories: 4, 5, 6, 7, 8, 9, 11, 13, 16, 17, 18 and 21. The same shall be specific and detailed, and will not make cross-reference to other documents. Rather, each answer must respond to the specific question posed. Plaintiff is further ordered to produce the following requested documents: 1, 2, 3, 4, 5, 6, 7, 8 and 9. Plaintiff must specifically identify in detail each document so that defendant can readily and logically be able

to examine the same. All deadlines in this case are extended by an additional ten (10) day period to commence once plaintiff complies with this order. Signed by Judge Gustavo A. Gelpi on 4/15/05. (Gelpi, Gustavo)"

3. Defendants attorney has failed to comply with local Rule 26(b) before filing his motion to compel discovery. The above mentioned rule states as follows:

"(b) Discovery Disputes

The judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will no suffice.

Any dispute not so resolved shall be presented to the judicial officer. In cases where the discovery deadline is about to expire or if the dispute arises during the taking of a deposition, the parties may arrange for and initiate a telephone conference call to the chambers of the judicial officer presiding over the case. The parties may attempt resolution of the issues at hand, if possible or the setting of a hearing to that effect. The request for a hearing with a judicial officer carries with it a professional representation by the lawyer , or an official representation by a *pro se* non lawyer litigant, that a conference has taken place and that he or she has made a good faith effort to resolve the dispute.

When so instructed by the judicial officer, the lawyers or *pro se* litigants shall supply the judicial officer with the particular discovery materials (such as objectionable answers to interrogatories) that are needed to understand the dispute.

If the judicial officer determines that other evidence, data or supporting memoranda are needed to satisfactorily resolve the discovery dispute, such information shall be filed in conformity with Rules 5.1 and 7.1. Such motions shall: (1) quote in full each interrogatory, question, request for admission or request for production to which the motion is addressed, or otherwise identify

specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and (2) address the response or objection and grounds therefor, if any as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need to be filed with the Court pursuant to subjection c) of this rule unless the motion cannot be fairly decided without reference to the complete original."

4. In accordance to the above reference rule the defendant's attorney did not comply with request to make "a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice."

5. Defendant's attorney did not include a certification as requested by the above mentioned rule regarding "a reasonable and good faith effort to reach an agreement" with the undersigned. According to the said rule the Honorable Court shall not rule the Honorable Court shall not consider any discovery rule that is not accompanied by the certification.

6. In addition to the above, this Honorable Court did not have the opportunity to verify the questions in order to sustain if the answers were truthfully given.

7. Defendant should had quoted in full each interrogatory to which the objection is addressed, and address the objection and the grounds. Said party failed to do so, therefore it was impossible to determine by this Honorable Court if the questions were answered correctly.

8. The Local Rule 26 (b) procedure is not new to defendant because on April 27, 2004 said party (docket no. 205) filed a "Defendant's Motion for Enlargement to Answer Plaintiff's Interrogatories and Request for Production of Documents and in Opposition to Plaintiff's Motion to Compel Discovery" in which said party in opposition to then Plaintiff's Motion to Compel stated the following:

"In Opposition to Plaintiff's Motion to Compel, plaintiff's attorney has failed to

comply with Local Rule 26 (b) before filing his Motion to Compel Discovery. The mandatory spirit of cooperation embedded in said Local Rule has been completely disregarded by plaintiff's attorney. Therefore, it is requested that plaintiff's premature Motion to Compel be denied and/or sanctions imposed upon his attorney for having filed such an unnecessary motion. Discovery will be produced in the near future and on or before May 12, 2004. Had plaintiff's attorney complied with the mandatory requirement of Local Rule 26 (b) and conferred with the mandatory requirement of Local Rule 26 (b) and conferred with the undersigned prior to filing the Motion to Compel, this Court's intervention would not have been required or needed."

9. The Honorable Court in response to the above mentioned defendant's opposition issued the following order on April 27, 2004 as docket no. 207:

"ORDER re 205 Response in Opposition to Motion filed by United States Postal Service, et. al. THE DEFENDANTS IS GRANTED THE EXTENSION OF TIME TO PRODUCE DISCOVERY IN THE FUTURE, PLAINTIFF COUNSEL SHALL COMPLY WITH THE LOCAL RULES REGARDING DISCOVERY MATTERS. Signed by Magistrate Judge Gustavo A. Gelpi on 04/27/04. (sm,) (Entered: 04/27/2004)"

10. This time it was defendants attorney who did not comply with local Rule 26 (b), therefore the order issued on April 15, 2005 (docket no. 230) against Plaintiff should be vacated.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the order dated April 15, 2005 (docket no. 230) be vacated, and it is also requested that Defendant's Motion to Compel be denied and sanctions imposed as hereinabove set forth.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on April 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal

Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PMB 132, 500 Muñoz Rivera Local 15,
San Juan, Puerto Rico 00918-3349
TEL: (787) 282-0022
FAX: (787) 751-0883
