## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>**Plaintiff,**<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>**Defendants.** | **CIVIL NO. 97-2459 (JAG)**<br><br>**DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>**TRIAL BY JURY IS HEREBY REQUESTED** |

### MOTION TO COMPEL DISCOVERY IN ACCORDANCE OF F.R.C.P. 37 (a) (3) AND FOR ENLARGMENT OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1. In accordance to Local Civil Rule 26 (b) Plaintiff notified Defendant his objections to the answer of production of documents as well as the answer to the interrogatories.

2. Said notification of objections (production of documents s and interrogatories) was received by Defendants on September 16, 2005 with no avail as of this date. (See attachment I and II)

3. Defendant's answers to interrogatories and production of documents are incomplete, unreliable, simplistic and blunt answers. The answers are, therefore, non-responsive, evasive, incomplete, and confusing. Defendant's answers impose upon the Plaintiff the unreasonable burden to decipher the same. The answers to

the production of documents are even worse, Defendants simply did not provide the documents requested and only provided the documents given by Plaintiff before. Said answers to the production of documents makes no reference to the requested items making a mockery of the discovery proceedings.

4. Also the answer to both the interrogatory and the production of documents are not specific nor detailed and makes cross-reference to other answers or documents to avoid a real and truthful answer.

5. It should be noted that this Honorable Court on April 15, 2005 ordered Plaintiff to resubmit his answer to interrogatories and the requested documents and the *"same shall be specific and detailed, and will not make cross-reference to other documents"*, also stated that *"each answer must respond to the specific question posed"*. Also the Honorable Court requested that *"Plaintiff must specifically identify in detail each document so that defendant can readily and logical be able to examine the same"*. Plaintiff, in due fairness, requests to compel Defendant the same requirements of said April 15, 2005 order. (See docket number 230)

6. Plaintiff provided several documents used precisely by Defendant in his motion for summary judgment, therefore Plaintiff in order to file his opposition needs the information from the interrogatory and the documents from the production otherwise this appearing party will be defenseless and at a total loss.

7. As an example of the non-responsive, evasive and incomplete answers by Defendants please refer your attention to interrogatory number thirteen (13) in which the list and identification of all witnesses to call at trial are requested and Defendants answered that it *"has no yet determined whom it will call a witnesses"*.

Also, please refer to production of document number seven (7) in which Defendants are requested to provide copy of all documents intended to present at trial, and in their response said party objects this request *"on grounds that it is irrelevant, vague, ambiguous, overbroad and duly burdensome of discrete multiple parts and subparts, independent of each other, and to reasonably calculated to lead to discovery of admissible evidence"*. Said question and requested documents are under the routine and ordinary discovery proceedings, therefore the objections and incomplete answers are a subterfuge of Defendants to refrain to answer and to leave Plaintiff defenseless.

8.  Plaintiff respectfully requests an enlargement of time to file his opposition to Defendant's motion for summary judgment until Defendants adequately and properly answer and/or provide the production of documents requested in compliance to the Federal Rules of Civil Procedure.

**WHEREFORE**, it is respectfully requested from this Honorable Court to GRANT this motion and provide as follows:

i)   Compel Defendant to answer properly the objections to the answer of interrogatories as well as to the objection to the answer of the production of documents;

ii)  To enlarge for thirty (30) days the term for Plaintiff to oppose Defendant's motion for summary judgment, said thirty (30) days enlarged term should begin once Defendants answer properly the objections.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on July 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau

- 4 -

Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

<u>S/MIGUEL E. MIRANDA-GUTIERREZ</u>
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PMB 132, 255 Ponce de León Ave. Suite 75
San Juan, Puerto Rico 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883

- 4 -