August 17, 2005

**BY HAND**

Fidel Sevillano del Río, Esq.
US Assistant Attorney
Torre Chardón Building
Floor 12, office 1201
Hato Rey, PR

**Re:** Angel David Morales Vallellanes vs. USPS **Objections to Answer of Interrogatories**

Dear Mr. Sevillano,

In accordance to Local Civil Rule 26(b) Plaintiff hereby informs the following objections to the answer of interrogatories:

**Interrogatory 1:**

1. Inform if in 1995 the employees at the Caparra Station complained to the USPS administration about the health and safety problems at the Caparra Station.

    A. Provide copies of the 1767 forms filed by the employees at Caparra Station to the USPS administration requesting the correction of the health and safety problems at the Caparra Station in 1995.

    B. Inform and provide copy of the corrective action taken by USPS after the 1767 form filed by the employees of Caparra Station.

C. Admit that after the filings of the 1767 forms came the investigation of OSHA

D. Admit that after the investigation of OSHA in 1995 Postmaster Odarit Tirado, admitted the problems regarding the health and safety at Caparra Station.

E. Provide copies of the letters sent by Postmaster Odarit Tirado accepting the problems of dust accumulation and other problems of rodents and roaches.

**Defendant's Response:**

Subject to and without waiving these objections, the Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003). The Court limited Plaintiff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: Plaintiff's allegation that job bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arsing from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female employee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claims. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's excercise of discretion in legitimately conducting its business.

C)  This interrogatory refers particulary to claim number one (1) as it happens to make reference to previous OSHA complaints.

Is not under oath in accordance to FRCP Rule 33 (b) (1) and it is not answered by a USPS representative as said interrogatory is served to.

**Interrogatory 1 (a):**

    A.  Provide copies of the 1767 forms filed by the employees at Caparra Station to the USPS administration requesting the correction of the health and safety problems at the Caparra Station in 1995.

**Defendant's Response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession.

**Plaintiffs' Objection:**

Documents were not provided and are not identified in its response.

**Interrogatory 1 (b):**

    B.  Inform and provide copy of the corrective action taken by USPS after the 1767 form filed by the employees of Caparra Station.

**Defendant's Response:**

Notwithstanding and withouth waiving these objections, the defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not provide the documents.

**Interrogatory 1 (c):**

    C.  Admit that after the filings of the 1767 forms came the investigation of OSHA

**Defendant's Response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not provide the information and/or document.

**Interrogatory 1 (d):**

    D.    Admit that after the investigation of OSHA in 1995 Postmaster Odarit Tirado, admitted the problems regarding the health and safety at Caparra, Station.

**Defendant's Response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not answer the interrogatory.

**Interrogatory 1 (e):**

    E.    Provide copies of the letters sent by Postmaster Odarit Tirado accepting the problems of dust accumulation and other problems of rodents and roaches.

**Defendants' response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not provide the document.

**Interrogatory 2:**

2.    What was the response of the USPS to the notification issued by OSHA on

December 27, 1996? Explain and provide copy of any related document.

**Defendants' Response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession

**Plaintiff's Objection:**

The party did not answered the question.

**Interrogatory 3:**

Inform the statute where the employer is entitled to request medical information from an employee such as plaintiff who was in limited duty due to a job related injury and/or condition.

**Defendants' Response:**

(verificar Angel David)

Plaintiffs' Objection:

**Interrogatory 4:**

4. Inform according to USPS records how many times before October 26, 1996 plaintiff has been notified by USPS to provide medical information about his condition in order to determine his limitations. Please provide copy of any document and the dates of the requested information.

**Defendants' Response:**

Subject to and without waiving these objections, the Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John Potter, United States Postmaster General, 339 F .3d, *;

2003 U.S. App LEXIS 15513 (1st Cir., August 4, 2003). The court limited Plaintiff Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for Plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsibilities were awarded to female employee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claims. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The information is requested as part of the retaliation by USPS against Plaintiff for his OSHA and EEO complaints as stated on claim number one (1).

**Interrogatory 5:**

5. When (date) did USPS decided to remove plaintiff from Caparra Station.

**Defendants' Response:**

Notwithstanding and without waiving these objections, the defendant produces documents in its possession which are responsive.

**Plaintiff's Objection:**

The party does not respond to the question.

**Interrogaroty 6:**

6.  Inform what action if any took USPS regarding the incident that plaintiff had on February 8, 1997, with supervisor William Morales. Please provide copy of any document regarding any action for investigation.

**Defendants' Response:**

The defendants objects to this interrogatory on grounds that it is irrelevant to the subject matter of this dispute. The Defendant further objects on the grounds that this interogatity is vague, ambigous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evdience. The Defendant refers the Plaintiff to <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F.3d , *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The information is in refence to the retaliation Plaintiff was subject of by USPS for his OSHA complaints and the party did not respond the question.

**Interrogatory 7:**

    7. Explain in detail the basis and/or reason for the removal of plaintiff from Caparra Station to General Post Office in Hato Rey.

**Defendants' Response:**

**Interrogatory 8:**

    8. Inform when and who met with APWU President Daniel Soto on behalf of USPS to decide to remove plaintiff from Caparra Station.

**Interrogatory 9:**

    9. Inform what actions if any USPS made as an attempt to solve the discriminatory treatment against plaintiff.

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is vague, ambiguous, and not reasonably calculated to lead to discovery of admissible evidence. Furthermore, this interrogatory not only is leading to a conclusion, but also is a mischaracterization of the evidence. The Defendant refers the Plaintiff to Angel David Morales-Vallellanes vs. John E. Potter, United States Postmaster General, 339 F.3d, *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plaintiff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSH complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and

responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The party does not answer the question and is very much related to the OSHA complaints and the EEO complaints.

**Interrogatory 10:**

    10.    Inform if USPS has an occupational safety and health committee for the investigation of allegations of reprisal as requested on 29 CFR 1960.47.

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant to the subject matter of this dispute. The Defendant further objects in that this interrogatory is vague, ambiguous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. The Defendant refers the Plaintiff to <u>Angel David Morales-Vallellanes vs. John E. Potter, United States Postmaster General</u>, 339 F.3d, *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plaintiff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSH complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which

plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The party does not answer the question and is very much related to the OSHA complaints and the EEO complaints.

**Interrogatory 11:**

11.  If your answer to question number 10 is yes, please provide the following:

   A.  Name the members of said committee from 1995 to 2000.

   B.  Provide copies of all reprisal investigation findings

   C.  Provide copies of all documents regarding the investigation made on plaintiff's allegations

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant, vague, ambigous, overbroad and unduly burdensome of discrete multiple parts and subparts, independent of each other, and not lead to discovery of admissible evidence. The Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F.3d , *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with

Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

**Plaintiff's Objection:**

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Interrogatory 12:**

Inform if employees Mayra Irene, José Padró, Antonio López and Mario Izquierdo were placed in any higher lever positions or 204b from 1997 to present. If your answer is yes, provide PS forms 1723 for each employee and each time they were placed in higher level positions or 204 b.

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant as to the subject of this dispute. The Defendant further objects in that this interrogatory is vague, ambigous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. The Defendant refers the Plaintiff to <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F.3d , *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job

Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

Each and every one of those employees were involved in the retaliation and/or harrasment against Plaintiff and were awarded with higher level positions by the employer USPS.

**Interrogatory 13:**

13. List and identify all the witnesses you intend to call at trial to prove your allegations. Also provide a detailed summary of their purported testimony.

**Defendant's Response:**

Subject to and without waiving these objections, the Agency avers that it has not yet determined whom it will call as witnesses. The Agency will identify whom it intends to call as an expert witness in accordance with appropriate prehearing document orders. It is the intention of the Agency to notify Plaintiff in accordance with the Court's directives.

**Plaintiff's Objection:**

The party did not answer there question.

**Interrogatory 14:**

Inform the name, address and a curriculum vitae of all expert witness you intend to present at trial. Also provide a detailed summary of their purported testimony and copy of any Report.

**Defendant's Response:**

Subject to and without these objections, the Agency avers that it has not yet determined whom it will call as expert witnesses. The Agency will identify whom it intends to call as an expert witness in accordance with appropriate prehearing document orders. It is the intention of the Agency to notify Plaintiff in accordance with the Court's directives.

**Plaintiff's Objection:**

The party did not answer the question.

**Interrogatory 15:**

15. On June 21st, 2000 plaintiff sent a certified letter #2336849469 requesting investigation to the Postal Inspector of the Inspection Service United States Postal Service at 475 L'Enfant Plaza SW Washington DC 20260-2100 in reference to Criminal offenses and Violence in the Workplace that plaintiff was subjected. Inform the outcome of said investigation.

**Defendant's Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant as to the subject of this dispute. The Defendant further objects to this interrogatory on the grounds that is vague, ambigous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. The Defendant refers the Plaintiff to <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F.3d , *; 2003 U.S. App.

LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform ; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff' Objection:**

Defendant did not answer the question.

**Interrogatory 16:**

On November 7, 2001 plaintiff sent a certified letter #7099 3400 0006 5263 2093 to same Chief Postal Inspector to request information of the status of the investigation as requested on June 21st, 2000 (see interrogatory #15). Inform the result of Plaintiff's request.

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant as to the subject of this dispute. The Defendant further objects to this interrogatory on the grounds that is vague, ambiguous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. The Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F.3d , *; 2003 U.S. App.

LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The information requested is regarding the acts of retaliation against plaintiff included in claim number two (2).

**Interrogatory 17:**

On November 16, 2001 plaintiff sent a letter to Inspector Baraga of the US Postal Service as Postal Inspector in Charge in San Juan, Puerto Rico and included in said letter copies of the two (2) previous certified letters sent to the Chief Postal Inspector (see interrogatories # 15 and # 16) and request Inspector Baraga information about the status of the investigation. Inform the result of plaintiff request to Inspector Baraga and provide information of the investigation.

**Defendants' Response:**

The Defendant objects to this Interrogatory on grounds that it is irrelevant as to the subject of this dispute. The Defendant further objects to this interrogatory on the grounds that is

vague, ambigous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.  In addition, the Defendant is not clear as to what whether the Plaintiff is making a statement or making a statement or asking a question.  In addittion, the Defendant refers the Plaintiff to <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F.3d , *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female emoployee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim.  Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The information requested is regarding the acts of retaliation against Plaintiff included in claim #2.

**<u>Interrogatory 18:</u>**

Admit that plaintiff sent a certified letter to Gail Sonneberg, Vice President of Human Resources of USPS requesting the results of the investigation requested by OSHA regarding plaintiff allegations of reprisal.

**Defendants' Response:**

Notwithstanding and without waiving these objections, the defendant produces what is in its possession.

**Plaintiff's Objection:**

The party did not answer the question.

**Interrogatory 19:**

Inform if USPS Gail Sonneberg sent a response to OSHA investigation of reprisal by plaintiff. Please submit any copy of the response by USPS.

**Defendant's Response:**

The Defendant objects to this admission on grounds that it is irrelevant to the subject matter of this dispute. The Defendant further objects to this interrogatory on the grounds that thi interrogatory is vague, ambigous, overbroad and unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. The Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F.3d , *; 2003 U.S. App. LEXIS 15513 (1st Cir., August 4, 2003). The Court limited Plainitff's Title VII cause of action to those of discrimination and retaliation to the following three allegations: (1) Plaintiff's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints; (2) Plaintiff's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsabilties were awarded to a female emoployee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

This interrogatory does not refer to the three surviving claim. Each of the surviving claims relates exclusively the operational practices of the Defendant, United States Postal Service and management's exercise of discretion in legitimately conducting its business.

**Plaintiff's Objection:**

The party did not answer the question.

Sincerely,

**Miguel E. Miranda-Gutiérrez, Esq.**