August 17, 2005

**BY HAND**

Fidel Sevillano del Río, Esq.
US Assistant Attorney
Torre Chardón Building
Floor 12, office 1201
Hato Rey, PR

**Re:** Angel David Morales Vallellanes vs. USPS Objections to Production of Documents

Dear Mr. Sevillano,

In accordance to Local Civil Rule 26(b) Plaintiff hereby informs the following objections to the answer of production of documents, the same are to be answered within the next ten (10) days:

**Production of Document 1:**

1. Provide copy the following documents related to the investigation by OSHA at Caparra Station on April 25,1991:

    A. Report of the findings of the inspection.

    B. Letter sent by Francisco Ecarnanción (OSHA) to Pedro Reyes manager at Caparra Station at that time.

    C. Copy of any communication by USPS to OSHA related to the corrective

          actions if any taken to correct the safety and health conditions.

D.     Copy of any communication by manger Pedro Reyes to USPS regarding the investigation by OSHA on April 1991 specifically PS form 4805 regarding the problems of health and safety at Caparra Station requesting the Assistance of the administration (USPS).

E.     What corrective action took USPS to correct the health and safety problems at Caparra Station in 1991.

F.     Provide copy of the 1767 from filed by the employees at the Caparra Station related to the health and safety problems at the Caparra Station on 1991.

**Defendant's Response:**

Subject to and without waiving these objections, The Defendant refers the Plaintiff to Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003). The Court limited Plaintiff's Title VII cause of action to those of allegation that job bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints' (2) Plaintiff's allegation of sexual discrimination and retaliation arsing from an April 9, 1996 incident in which plaintiff's duties and responsabilities were awarded to a female employee and he was given window clerk duties to perform; and (3) Plaintiff's allegation that the coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter.

**Plaintiff's Objection:**

The party did not provide the documents which are related to the OSHA and EEO complaints as are allowed by the Court.

**Production of documet 1 (a):**

    A.    Report of the findings of the inspection.

**Defendant's Response:**

Subject to and without waiving these objections, The Defendant refers the Plaintiff to Defendants response to Request for Production of Documents No. 1. Subject and without waiving these objections, the Defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not provide the document nor detailed or specified the documents provided.

**Production of document 1 (b):**

    B.    Letter sent by Francisco Ecarnanción (OSHA) to Pedro Reyes manager at Caparra Station at that time.

**Defendant's Response:**

See Defendant's Response to Request No, 1, Subpart A. Subject to and without waiving these objections, the Defendant produces what is in its possession.

**Plaintiffs' Objection:**

The party did not provided the documents or detailed or specified the documents provided.

**Production of documents 1 (c):**

    C.    Copy of any communication by USPS to OSHA related to the corrective actions if any taken to correct the safety and health conditions

**Defendant's Response:**

See Defendant's Response to Request No, 1, Subpart A. Subject to and without waiving

3

these objections, the Defendant produces what is in its possession.

**Plaintiffs' Objection:**

Defendants did not provide the documents nor detailed or specified the documents provided.

**Production of document 1 (d):**

  D. Copy of any communication by manger Pedro Reyes to USPS regarding the investigation by OSHA on April 1991 specifically PS form 4805 regarding the problems of health and safety at Caparra Station requesting the Assistance of the administration (USPS).

**Defendant's Response:**

See Defendant's Response to Request No, 1, Subpart A. Subject to and without waiving these objections, the Defendant produces what is in its possession.

**Plaintiffs' Objection:**

Defendant did not provide the documents nor detailed or specified the documents provided.

**Production of document 1 (e):**

  E. What corrective action took USPS to correct the health and safety problems at Caparra Station in 1991.

**Defendants' response:**

See Defendant's Response to Request No, 1, Subpart A. Subject to and without waiving these objections, the Defendant produces what is in its possession.

**Plaintiffs' Objection:**

4

Defendant did not provide the documents nor detailed or specified the documents provided.

**Production of document 1 (f)**

    F.    Provide copy of the 1767 form filed by the employees at eh Caparra Station related to the health and safety problems at the Caparra Station on 1991.

**Defendants' Response:**

See Defendant's Response to Request No, 1, Subpart A. Subject to and without waiving these objections, the Defendant produces what is in its possession.

**Plaintiff's Objection:**

Defendant did not provide the documents nor detailed or specified the documents provided.

**Production of document 2**

2.    Provide copy of a document titled AMemorandum for all Caribbean District Employees@ regarding Safety Performance dated February 27, 1996 subscribed by Postmaster John Malavé.

    A.    Provide copies of the record of National Ranking for the last ten (10) years regarding the nationwide Safety Performance in the Postal Service.

    B.    Admit that the last three (3) years the Caribbean District has been in last place Nationwide in safety and Health Performance according to the National Rankings.

    C.    Admit that a good performance in safety can provide to management of safety awards. Provide information of the different awards in safety to a

5

       good performance.

   D.     Provide copy of the files and any written communication regarding the Safety Performance of the Caribbean District for the last four (4) years.

**Defendants' Response to Subpart A:**

The Defendant objects to this request on grounds that it is irrelevant to the subject matter of this dispute. The Defendant further objects to this request on grounds that is vague, ambiguous, overbroad and unduly burdensome of discrete multiple parts and subparts, independent of each other, and to reasonably calculated to lead to discovery of admissible evidence. See <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003).

**Plaintiffs' Objection:**

Defendant did not provide the documents as it is essential to prove the OSHA complaints and retaliation.

**Defendants' Response to Subpart B:**

Notwithstanding and subject to these objections, the Defendant produces what is in its possession.

**Plaintiff's Objection:**

Defendant did not answer the question.

**Defendants' Response to Subpart C:**

Notwithstanding and subject to these objections, the Defendant produces what is in its possession.

**Plaintiff's Objection:**

Defendant did not answer the question.

**Defendants' Response to Subpart D:**

See defendant's Objection to Request for Production of Documents No. 2, Subpart A

**Plaintiff's Objection:**

Defendant did not provide the document.

**Productionof document 3:**

3. Provide copy of the file regarding the investigation performed by USPS ordered by OSHA on a letter sent by John E. Plummer on October 1996 regarding the discrimination and reprisals alleged by plaintiff.

**Defendants' Response to Production of document 3:**

The Defendant objects to this request on grounds that it is irrelevant to the subject matter of this dispute. The Defendant further objects to this request on grounds that is vague, ambiguous, overbroad and unduly burdensome of discrete multiple parts and subparts, independent of each other, and to reasonably calculated to lead to discovery of admissible evidence. See Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003).

**Plaintiff's Objection:**

Defendant did not provide the document in its answer.

**Production of Document 6:**

6. Provide copy of all OWCP forms for a case number 020 726 438 by plaintiff and submitted to USPS Injury Compensation Office. Also provide copy of any communication (e.g. letters; certified letters; etc.) between plaintiff and USPS Injury Compensation officer Harry Romney

7

and Millie Burgos regarding said case number (020 726 438).

**Defendants' Response to Production of document 6:**

Subject to and without waiving the objections, the Agency avers that it has not yet determined what documents it will use. The Agency will identify and exchange those documents it intends to use in accordance with appropriate prehearing document orders. It is the intention of the Agency to notify Plaintiff in accordance with the Court's directives.

**Plaintiff's Objection:**

Defendant did not provide the document in its answer the request.

**Production of Document 7:**

> 7. List, identify and provide copy of all documents, reports, records, files documents, e-mails, letters, memorandum you intend to present at trial to sustain your allegations

**Defendants response:**

The Defendant objects to this Request on grounds that it is irrelevant, vague, ambiguous, overbroad and duly burdensome of discrete multiple parts and subparts, independent of each other, and to reasonably calculated to lead to discovery of admissible evidence. See <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003). Furthermore, said documents have been requested elsewhere in this in other discovery requests.

**Plaintiff's Objection:**

Defendant did not provide nor specified the requested documents and did not answer the request.

**Production of Document 8:**

    8.    Proved copy of any written communication between plaintiff Angel David Morales-Vallellanes and codefendant United States Postal Service (USPS) and any other documentation and/or file of plaintiff including but not limited to: complaints; injuries; letter of warnings; statements; investigations; disciplinary actions; e-mails; memorandums, etc.

**Defendant's Response:**

Subject and without waiving this objection, Defendant refers Plaintiff to Page 19 of the court's decision in <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003), in which the court stated that "…Morales is precluded on remand from seeking relief for a plethora of other acts of discrimination and retaliation alleged in his amended complaint, including the discrete acts of bullying, intimidation, and vadalism by his co-workers, his seven-day suspension for violationg the USPS uniform policy, his transfer from the Caparra Heights station, his day-long "expulsions" from work in February 1997, his constructive discharge, and his internal girevances against the APWU.

**Plaintiff's Objection:**

Plainitff was investigated three 93) times by the Postal Inspectors as part of the retaliation regarding a complaint filed against him by coworker Luis Ramos. Said incident is included as part of retaliation because the OSHA complaints.

**Production of Document 11:**

Provide copy of Electronic Time Clock (ETC) for employee Mayra Irene for years 1996 and 1997.

**Defendant's Response:**

The Defendant objects to this Request on grounds that it is irrelevant, vague, ambiguous, overbroad and duly burdensome and not reasonably calculate to lead to discovery of admissible evidence. In addition, the Defendant refers to Page 19 of the court's decision in <u>Angel David Morales Vallellanes v. John E. Potter, United States Postmaster General</u>, 339 F .3d, *, 2003 U.S. App. LEXIS 15513 (1st Cir. August 4, 2003), in which the court stated that "…Morales is precluded on remand from seeking in his amended complaint, includign the discrete actas of bulliyin, intimindation, and vandalism by his co-worker, his seven-day suspension for violation the USPS uniform policy his transfer from the Caparra Heights station, his day-long "expulsions" from work in February 1997, his constructive discharge, and his internal grievances against the APWU."

**Plaintiff's Objection:**

Defendant did not provide the information nor answer the request. Said request is related to claim #2 as allowed by the Court. Also pursuant to the Privacy Act, 5 U.S.C. § 552 (a) (4) (B) the Court has jurisdiction to enjoin the agency from witholding agency records and to order the prodution of any agency records improperly withheld from the complaint as it states in the following:

"(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from witholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be witheld under any

of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action".

### Production of document 13 :

13. Provide copy of a letter February 23, 1996 sent by OSHA to Caparra Heigts Station Manager José Sepúlveda regarding the unsanitary conditions at Caparra Heights Station.

### Defendant's Response:

Nothwistanding and subject ot these objections, the Defendant produces the documents in its possession.

### Plaintiff's Objection:

The document was not provided and is related to the OSHA complaints and retaliation.

Sincerely,

**Miguel E. Miranda-Gutiérrez, Esq.**