IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>**Plaintiff,**<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>**Defendants.** | CIVIL NO. 97-2459 (GAG)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>TRIAL BY JURY IS HEREBY REQUESTED |

## MOTION TO VACATE AND/OR MODIFY ORDER
## AND REPLY TO OPPOSITTION TO PLAINTIFF'S MOTION
## AND REQUEST FOR SANCTIONS TO DEFENDANTS

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1.  Once again plaintiff is compelled to clarify Defendant's false arguments that intentional misled this Honorable Court in order to mistakenly conclude *"that plaintiff failed to provide the expert report to defendant within the time frame set by the Court"* and therefore ordered that Plaintiff is *"also precluded from presenting the same at trial"*.

2.  Falsely Defendant informs that Plaintiff provided late Dr. Hoyos' expert witness report. The truth of the matter is that when Plaintiff himself went to the U.S. District Attorney's Office Friday June 30, 2006 during the afternoon at approximately 3:00 p.m. said office was closed and a security guard by the name of Ray Angleró informed him that it was closed earlier apparently because of the long weekend holiday of the 4th of July (Independence Day). Therefore, it was provided on Monday morning July 3rd, 2006 but it was not late, as it is explained as follow.

3.   As it was granted by this Honorable Court, the final term given to the plaintiff to provide Dr. Hoyos' expert witness report was until July 1st, 2006 but Defendant conveniently does not mention to the court that said date was a **SATURDAY**.  Therefore, Plaintiff found himself helpless when the U.S. District Attorney's Office was closed on Friday during the afternoon nor was able to provide the report on July 1st, 2006 because it was a **SATURDAY**.

4.   The expert witness report of Dr. Hoyos provided by Plaintiff to Defendant on July 3rd, 2006, was given within the time frame ordered by this Honorable Court, in accordance to Rule 6(a) of the Federal Rules of Civil Procedure.

5.   The above mentioned Fed. R. Civ. P. 6(a) deals with the computation of Time as it states the following:

> **"RULE 6. TIME**
> *(a) Computation.  In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sunday, and legal holidays shall be excluded in the computation.  As used in this rule and in Rule 77(c), "legal holiday" includes, New Years, Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held."*

6.   Based on said Fed. R. Civ. P. 6(a) Plaintiff had the right to provide the report within the ordered time frame on Monday July 3rd, 2006 because "the period runs until the end of the next day **[Monday July 3rd, 2006]** which is not one of the aforementioned days **[Saturday July 1st, 2006 and Sunday July 2nd, 2006].**

7.  Defendant knew that Plaintiff complied within the time frame and for the same reason said party never falsely objected the alleged tardiness until now.

8.  It is important to notice that plaintiff also complied within the time frame to provide Defendant with the economic report of expert witness Vicente Feliciano. Such report was submitted on June 2, 2006 which was the time agreed by the parties. (See Docket 281 paragraph 3)

9.  In accordance of the above it is unquestionably that Plaintiff provided both expert witnesses reports within the time frame as ordered by this Honorable Court as it is also unquestionably that Defendant misled this Honorable Court in order to wrongfully conclude "that plaintiff failed to provide the expert report to defendant within the time frame set by the Court".

10. To the contrary, Defendant in contempt to the Honorable Court's order did not announced Doctor Fortuño as his expert witness until August 30, 2006 after 110 days elapsed from the deadline order (May 12, 2006) and 126 days after the pretrial/settlement conference held on April 26, 2006. It is important to take notice that as of this date Defendant has not announced an expert witness to this Honorable Court because said party mentioned its decision to retain Doctor Fortuño in that capacity in a letter dated August 30, 2006 and handed to the undersigned attorney on September 5, 2006, but it was never announced and/or notified to this Honorable Court in accordance to the order dated April 26, 2006 (docket number 280) which set said deadline on May 12, 2006.

11. Plaintiff moves the Honorable Court to modify its September 8, 2006 order to the extent of preclude only Defendant from presenting any expert witness at trial.

**WHEREFORE**, it is respectfully requested from this Honorable Court that in view of the fact that Plaintiff unquestionably complied with providing the expert witnesses report within the Honorable Court time frame order modify its September 8, 2006 order (docket number 292) to preclude only Defendant from presenting any expert witness at trial.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on September 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

<u>S/MIGUEL E. MIRANDA-GUTIERREZ</u>
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PMB 132, 255 Ave. Ponce de León, Suite 75
San Juan, Puerto Rico 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883