IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>**Plaintiff,**<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>**Defendants.** | CIVIL NO. 97-2459 (GAG)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>TRIAL BY JURY IS HEREBY REQUESTED |

**MOTION TO VACATE ORDER**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1. Once again Defendant submit false information in order to mislead this Honorable Court and violate its persistent orders regarding that *"No other type of discovery will be allowed"* (see dockets 280, 296, 298 and 301). This Honorable Court issued an order (docket 310) based on Defendants false information.

2. On October 03, 2006 Defendant filed an Opposition to Motion Requesting Order (Docket 309). In said motion on paragraph 3 Defendant inform that *"On September 29, 2006, Dr. Fortuño examined plaintiff and Mr. Angel Morales Vallellanes informed to Dr. Fortuño that Office of Workmen Compensation (O.W.C.P.) has rendered five (5) different psychiatric evaluations throughout the course of his claim at OWCP."* Also informs in paragraph 4 that: *"This motion is a subterfuge for plaintiff to avoid producing the foregoing five evaluations that came as a result of plaintiff's examination by Defendant's expert witness on September 29, 2006."* Defendant is

submitting false information when he try to produce the appearance that this is a *"new"* issue that *"arouse all of a sudden"* during the examination of Dr. Fortuño to Plaintiff.

3. The fact is that this is not a new issue that arouse during the Dr Fortuño's examination. Defendant have knowledge of said medical evaluations since last year (2005). On June 23, 2006 during the taking of deposition of Plaintiff witness Alberto Ortíz and before several witnesses, Defendant requested the above mentioned medical evaluations. Plaintiff response was that he did not have such medical evaluations notwithstanding he has requested them several times to OWCP and said agency has not responded.

On July 5, 2006 Defendant requested again such medical evaluations during the taking of deposition of Plaintiff witness Carmelo Montañez. Plaintiff gave him the same response as above.

On July 7, 2006 during the first taking of deposition to Plaintiff, one more time Defendant not only requested the above medical evaluations but **all** medical evaluations Plaintiff has had during the past nine years with any doctor.

On September 14, 2006, Plaintiff filed a Motion for Protective Order (see docket 296) based on Defendants oppressive request and due to the fact that this Honorable Court has ordered that **"no other type of discovery will be allowed"** (see docket 280, 296, 298 and 301).

On September 19, 2006 this Honorable Court granted Plaintiff Motion for Protective Order (see docket 298).

On September 15, 2006 during the continuance of Plaintiff deposition and notwithstanding the protective order granted by this Honorable Court, Defendant brought one more time the issue of the several psychiatric medical evaluations ordered by OWCP.

Plaintiff response again was that he does not have that in his possession.

4. Plaintiff never opposed when on May 18, 2006 this Honorable Court set a deadline of July 1, 2006 to provide to Defendant the Plaintiff psychiatric expert witness report made by Dr. Guillermo Hoyos (docket 286). However, Defendant does not want to be submitted to the same rules that this Honorable Court submitted Plaintiff since he opposes a deadline arguing as an excuse that it was discovered a **"new"** issue in Dr. Fortuño's examination (docket 309).

5. Dr. Hoyos expert witness report was made also **without knowing the medical evaluations performed by OWCP psychiatrist** since Plaintiff did not and does not have said medical evaluations. Therefore, it is a mere excuse by Defendant to not comply and to mock this Honorable Court protective order granted to Plaintiff and to look for a way to reopen other types of discovery. This Honorable Court has been very clear establishing in its orders that this time period **is only for taking depositions and not for other types of discovery.**

**6.** Defendants intentions is to delay as much as possible the setting of a deadline for Dr. Fortuño's report in order to leave Plaintiff without enough time to prepare for Dr. Fortuño's deposition as it happened on September 5, 2006 when Defendant announced very late his psychiatric expert witness and the deadline ordered by this Honorable Court to finalize with depositions was September 30, 2006 (see docket 289).

7. This **"new"** issue brought by Defendant is made in order to delay court proceedings as Defendant try to create a **"new"** dilemma where it does not exist and to establish the basis for a possible future request to this Honorable Court for an extension of time.

**WHEREFORE**, it is respectfully requested from this Honorable Court to vacate order in Docket 310 and to set a deadline up to October 16, 2006 for Defendant to provide Dr. Fortuño's report.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on October 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
USDC-PR NO. 203110
ATTORNEY FOR PLAINTIFF
PMB 132, 255 Ave. Ponce de León, Suite 75
San Juan, Puerto Rico 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883
