## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL DAVID MORALES VALLELLANES, <br> **Plaintiff,** <br><br> v. <br><br> **JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,** <br> **Defendants.** | **CIVIL NO. 97-2459 (GAG)** <br><br> **DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT** <br><br> **TRIAL BY JURY IS HEREBY REQUESTED** |

### OPPOSITION TO MOTION TO COMPEL

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1.      On October 17, 2006, Defendant filed a Motion to compel Enforcement of Subpoena requesting this Honorable Court to order Plaintiff expert witness Dr. Guillermo Hoyos to produce all the medical records **for the last 9 nine years** in a deposition scheduled next Thursday on October 24, 2006.

2.      This is the second time Defendant use a Subpoena Duces Tecum as a weapon in contempt to this Honorable Court Orders regarding that **"No other type of discovery will be allowed".**

3.      Since September 2005 the discovery period in the above captioned case ended.  Said discovery termination, as ordered from this Honorable Court, opened the opportunity for the parties to file any dispositive motions which Defendants did as they filed a Motion for Summary Judgment not granted later by this Court (docket 244, 245 and 270).

4.      During the summer of 2004 and more than a year before the ending of the discovery period

in September 2005 Plaintiff took a total of eight (8) depositions to Defendant's designated witnesses.

Defendants were duly represented by brother counsel Fidel Sevillano-Del Río in each and every

deposition taken.

5.      As the discovery period elapsed in September 2005 Defendants waived its right to depose

Plaintiff's designated witnesses.  Defendants rather rested in the notification of interrogatories and

production of documents for their discovery.

6.      At no time during the discovery period ended back on September 2005 Defendants requested

a *"Complete psychiatrist record pertaining plaintiff's Angel David Morales Vallellanes"* from Dr.

Guillermo Hoyos who has been his treating physician since 1997 and also a designated expert

witness for Plaintiff since the beginning of the above captioned case.

7.      On a status conference/pretrial hearing scheduled last April 26, 2006 Defendant informed this

Honorable Court their interest to depose Plaintiff designated witness in spite of the fact that the

discovery ended seven (7) months before.  This Honorable Court limited the discovery only for the

taking of six (6) depositions and ordered that:  *"3.  No other type of discovery will be allowed."* (See

docket 280).

8.      Defendant has Doctor Guillermo Hoyos report since July 3, 2006 and it is not until three (3)

months later that requested to depose said expert witness after this Honorable Court on September

22, 2006 gave said party until October 25, 2006 to depose him.  (See docket 301).

9.      Defendant is well aware that besides the deposition "no other type discovery will be allowed"

and for said reason back on September 11, 2006 notified on a letter by telecopier the deposition of

Plaintiff and also requested a huge amount of documents for **the last 9 nine years** to be produced

at the discovery period.

10.    Plaintiff requested a Protective Order to preclude Defendant to said request and this Honorable Court granted the same. (See dockets 296 and 298).

11.    This Honorable Court has been extremely emphatic and consistent in not allowing Plaintiff and Defendant any other type of discovery and also not allowing both parties any motion to compel when such motions are out of the deadlines. For instance:

On October 3, 2005 Plaintiff filed a Motion to Compel in Accordance of F.R.C.P. 37 (a)(3) (see docket 251).

Same day October 3, 2005 this Honorable Court denied Plaintiff motion to compel and stated that *"the same is filed way past the discovery deadline"*(docket 252).

On October 6, 2005 Plaintiff filed a Motion to Set Aside order issued by this Honorable Court on docket 252. (see docket 254).

On October 11, 2005 this Honorable Court denied Plaintiff Motion to Set Aside because *"Plaintiff did not move to compel discovery until the period for discovery had elapsed"*(docket 257).

On April 26, 2006 on its Minutes of Proceedings and Order for Pretrial/Settlement conference this Honorable court ordered both parties that *"No other type of discovery will be allowed"* (docket 280).

On September 14, 2006 Plaintiff filed a Motion for Protective Order due to the fact that Defendant in a Subpoena Duces Tecum, requested Plaintiff to produce a huge amount of documents **for the last 9 nine years** in contempt to this Honorable Court order (see docket 296).

On September 19, 2006 this Honorable Court granted Plaintiff Motion for Protective Order (see docket 298).

On September 22, 2006 this Honorable Court ordered that *"No other discovery will be allowed"* and that *"the parties are expected to abide by this order and be ready for trial as set"* (see docket 301).

On October 3, 2006 Defendant again in violation of this Honorable Court order requested to compel Plaintiff to provide medical evaluations by O.W.C.P. **for the last 9 nine years** which Plaintiff did not have (see docket 309).

On October 4, 2006 this Honorable Court answered Defendant that *"OWCP reports are not an issue at this time, as no motion to compel production of the same was ever before the court"* (see docket 313).

Again on October 17, 2006 Defendant in violation of this Honorable Court order requests Plaintiff expert witness Dr. Guillermo Hoyos to provide all the medical files **for the last 9 nine years** at his deposition (docket 314)**.**

12.     Defendants allege that the last report from Dr. Hoyos is dated June 29, 2006 that almost four month have elapsed and said party is entitled to have an updated medical file. If four (4) months have elapsed from the last report why Defendant request 9 nine years back of medical evaluations?

13.     Defendant Motion to Compel is filed way past the discovery deadline which was on September 2005. Defendant had plenty of time before the deadline of the discovery period set by this Honorable Court to request a production of such documents.

14.     Defendant by requesting at this stage said request of documents is contrary to the Court's order and also is oppressive, burdensome as it creates undue hardship to the Plaintiff due to the fact that Defendants is requesting documents from 1997 to present **(documents from the last nine years).**

**15.**     A protective order should be issued to preclude Defendant to request Plaintiff the above

mentioned production of documents.

**WHEREFORE**, it is respectfully requested from this Honorable Court to issue a protective order in favor of Plaintiff to preclude Defendant to request the production of documents aforementioned at the deposition in accordance to the orders dated April 26, 2006 (docket number 280), order dated September 19, 2006 (docket 298) and order dated September 22, 2006 (docket 301).

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PMB 132, 255 Ave. Ponce de León, Suite 75
San Juan, Puerto Rico 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883
