IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>Plaintiff,<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>Defendants. | CIVIL NO. 97-2459 (GAG)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>TRIAL BY JURY IS HEREBY REQUESTED |

## MOTION TO COMPEL THE PAYMENT OF EXPERT WITNESS FEES

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1.   Plaintiff is forced to denounce Defendant for the serious deceiving tactics made against Plaintiff Expert Witness Dr. Guillermo Hoyos during his deposition. Defendant acts were premeditated as the following facts shows.

2.   On October 24, 2006 at 10:00AM Defendant took a Deposition to Plaintiff Psychiatrist Expert witness Dr. Guillermo J. Hoyos. Defendant at the end of said deposition (at about 12:10PM) to the surprise of everybody present and in a deceitfully way informed that according to Rules 701 and 702 of F.R.C.P., Defendant was not going to pay Dr. Hoyos fees alleging that he **"discovered"** during the deposition the **"new"** issue that **Dr. Hoyos is and has been Plaintiff treating physician since 1997** and not an expert witness. Once again Defendant appeal to **"new"** issues in order to delay and deviate the attention of this Honorable Court.

3.   Defendant does not remember that on October 17, 2006 **(seven days before Dr. Hoyos**

**deposition)**, said party filed before this Honorable Court a Motion To Compel Enforcement of Subpoena. In said motion in the second paragraph Defendant himself revealed that has knowledge of Dr. Hoyos treating physician status when informs that ***"Dr. Hoyos is and has been Plaintiff treating physician on a continuous basis since 1997"*** (see docket 314). Defendant took this information from Dr. Hoyos expert witness report which was delivered to Defendant on July 3, 2006 **(3 months and 20 days before Dr. Hoyos deposition).** Also Defendant included as an attachment 2 of same motion, a letter sent via fax by this counsel to Defendant the day before filing of said motion (October 16), informing among other issues Doctor Hoyos' professional fees for the taking of deposition (see Defendants motion, docket 314, attachment 2, page 2, paragraph 2). Defendant did not raise any issue neither before this Honorable Court nor with this Counsel regarding Dr. Hoyos fees notwithstanding the fact that Defendant was well aware that Dr. Hoyos was a treating physician as Defendant himself accepted in said motion (docket 314).

4. Also on October 17, 2006, Dr. Hoyos sent a letter via fax to Defendant informing his availability on October 24, 2006 for the deposition and again informing Defendant his professional fees. Defendant remained silent and did not raise any issue whatsoever regarding Dr. Hoyos fees (see attachment 1).

5. On October 23, 2006 Dr. Guillermo Hoyos called Defendant office in order to clarify the procedure of how his professional fees were going to be paid. Defendant clerk Luis Rodriguez attended his call. According to Dr. Hoyos, clerk Luis Rodriguez informed about the procedure of billing the US Attorney Office regarding depositions. Also Rodriguez informed that the payment will be ready within 30 days and informed Dr. Hoyos that there were two methods of payment; a check sent by mail or if Dr. Hoyos gave his bank account routing number for a direct deposit (see Dr. Hoyos Sworn Statement; attachment 2). With this actions Defendant made Dr. Hoyos believe that

he was going to be paid. Again Defendant did not filed nor presented any objection regarding Dr. Hoyos professional fees.

6. On October 24, 2006 (the day of Dr. Hoyos deposition), Dr. Hoyos one more time brought the issue of his professional fees to Counsel Fidel Sevillano del Rio **before the beginning of the deposition.** Counsel Sevillano suspiciously responded with evasive answers and finally informed to Dr. Hoyos to send an invoice to Defendants office making Dr. Hoyos believe that he was going to be paid (see Dr. Hoyos Sworn Statement; attachment 2). Again Defendant remained silent hiding in this way his premeditated true intentions of not paying Dr. Hoyos fees.

7. At the beginning of Dr. Hoyos deposition, Defendant began to ask Dr. Hoyos regarding his expert witness report submitted to Defendant on July 3, 2006 (about 3 month and 20 days before Dr. Hoyos deposition). According to said report and during the first 10 minutes of the deposition, Dr. Hoyos affirmed to Defendant what it is written in the report; that he was treating Plaintiff since 1997 (see Dr. Hoyos Sworn Statement; attachment 2).

8. Defendant knew for the last 3 months and 20 days about Dr. Hoyos status of treating physician however said party did not stopped Dr. Hoyos deposition in order to inform his intentions of not paying him, on the contrary Defendant continued with Dr. Hoyos deposition for about two hours. It was at the end of deposition when Defendant informed not paying Dr. Hoyos professional fees. It was obvious that Defendant Sevillano intentions since the beginning was to take a deposition to Dr. Hoyos without paying him but deceiving Dr. Hoyos when at all times made Dr. Hoyos believe that he was going to be paid. Defendant act was premeditated.

9. The time for Defendant to raise an objection regarding Dr. Hoyos professional fees was **before** the taking of deposition. To wait until the end of deposition after knowing Dr. Hoyos status since more than three months ago is a deceit.

10. Nothing under rules 701, 702, 703, 704 and 705 of F.R.C.P. precludes Plaintiff to present Dr. Hoyos as an Expert witness. On the contrary, rule 702 of F.R.C.P. stipulate that:

> *"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.*

Rejection of expert testimony is the exception rather than the rule, see <u>Daubert v. Merrel Dow Pharmaceuticals, Inc</u> 509 U.S. 579 (1993). In <u>Heller v. Shaw Industries, Inc,</u> 167 F.3d 146, 160 (3d Cir.1999) stated that expert testimony can not be excluded simply because the expert uses one test rather than another, when both tests are accepted in the field and both reach reliable results. As the court stated in <u>In re Paoli R.R. Yard PCB Litigation,</u> 35 F.3d 717, 744 (3d Cir. 1994) proponents "do not have to demostrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demostrate by a preponderance of evidence that their opinions are reliable… (scientific experts might be permitted to testify if they could show that the methods they used were also employed by "a recognized minority of scientists in their field"); <u>Ruiz-Troche v. Pepsi Cola, 161 F.3d 77, 85 (1st Cir. 1998).</u>

Facts or data upon which expert opinions are based may, under the rule (703), be derived from three possible sources. The first is the firsthand observation of the witness with opinions based thereon traditionally allowed. **A treating physician affords an example** (emphasis added). Rheingold, <u>The Basis of Medical Testimony,</u> 15 Vand. L. Rev. 473, 489 (1962).

11. F.R.C.P. Rule 706(b) **Compensation.** states that "Expert witness so appointed are entitled to reasonable compensation in whatever sum the court may allow…" "In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the

court directs, and thereafter charged in like manner as other costs"

12.   F.R.C.P. Rule 706(d) **Parties' expert own selection.** states that "Nothing in this rule limits the parties in calling expert witnesses of their own selection."

**WHEREFORE**, it is respectfully requested from this Honorable Court to order Defendant to pay Dr. Hoyos professional fees in the amount of $1,200.00 according to F.R.C.P. Rule 706(b) for his deposition taken on October 24, 2006.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on October 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Ave., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
USDC 203110
ATTORNEY FOR PLAINTIFF
PMB 132, 255 Ave. Ponce de León, Suite 75
San Juan, Puerto Rico 00917-1919
TEL: (787) 282-0022
FAX: (787) 751-0883