## SWORN STATEMENT

**I, Dr. Guillermo J. Hoyos Precssas**, of legal age, married, medicine doctor and resident of Guaynabo, Puerto Rico, with Social Security number 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, being duly sworn and state:

1. That my name and other personal circumstances are as above indicated.
2. That I am a medical doctor specialized in psychiatry and forensic psychiatry.
3. That I have been giving psychiatric treatment to Angel David Morales-Vallellanes since February 1997.
4. That on June 30, 2006 I submitted an expert psychiatric report to be used for the case of Angel David Morales v. John Potter in the US Federal District Court case number 97-2459 before Honorable Judge Gustavo A. Gelpí.
5. That in said expert report, I informed that I have been giving psychiatric treatment to Angel David Morales since 1997.
6. That I received a subpoena from US Attorney Fidel Sevillano del Río in order to be deposed on October 24, 2006 regarding my expert report given for this case.
7. That on October 17, 2006 I sent a fax letter to Counsel Sevillano del Río informing my availability on October 24, 2006 to take my deposition. Also I informed my professional fees of $1,200.00 for 4 hours of deposition or a fraction thereof. At no time Counsel Sevillano brought any objection regarding my fees notwithstanding that Counsel Sevillano was well aware that I was treating Angel David Morales since 1997.
8. That on October 23, 2006 (one day before of my scheduled deposition) I called Counsel Sevillano del Río to his office in order to figure out the procedure for the payment of my professional fees. The call was attended by his clerk Luis Rodríguez. At all times Rodríguez made me believe that there was no problem with my payment for my deposition next day. Moreover, Rodríguez explained that there were two methods for the payment; a check sent by mail or to give my bank account routing number for a direct deposit. In addition, Rodríguez told me that I should receive my payment within 30 days. Since Rodríguez made me believe that there was no problem with my payment I decided to attend the deposition next day October 24, 2006 at 10:00AM.



9. That on October 24, 2006 I went to the US Attorney Office for the deposition at 10:00AM. Before the beginning of deposition, I asked Counsel Sevillano del Río again about the procedure for the payment of my professional fees. Counsel Sevillano suspiciously began to give evasive answers. After few minutes Counsel Sevillano said that I had to send him an invoice for the payment procedure. At all times Counsel Sevillano made me believe that I was going to receive my payment and no objection was made at that moment.

10. That during the first five to ten minutes of the deposition, Counsel Sevillano began to ask that according to my expert report given on July 3, 2006 I was giving psychiatric treatment to Plaintiff Angel David Morales since February 1997. I affirmed that fact, however Counsel Sevillano continued with the deposition without any objection regarding my payment.

11. That at the end of the deposition, Counsel Sevillano informed me that he was not going to pay my fees alleging that he "discovered" during the deposition that I was a treating physician and not an expert witness. Counsel Sevillano was well aware of this fact since July 2006. It was obvious that Counsel Sevillano true intention was to take my deposition without paying my professional fees, making me believe that I was going to be paid. I felt tricked and deceived. This was a premeditated act of deception on Counsel Sevillano's part.

In San Juan, Puerto Rico, this 26th day of October 2006

_____
Dr. Guillermo J. Hoyos Precssas

Affidavit # 560

Sworn and subscribed before me by **Guillermo J. Hoyos Precsass**, of the above circumstances, who I identify by drivers license number 927411. In San Juan, Puerto Rico, this 26th day of October 2006

_____
NOTARY PUBLIC