IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL D. MORALES VALLELLANES<br>    Plaintiffs,<br><br>                    v.<br><br>JOHN E. POTTER, et. al.<br>    Defendants | CIVIL NO. 97-2459 (JAG/GAG) |

**OPPOSITION TO MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES**

TO THE HONORABLE COURT:

COME NOW the defendants through the undersigned attorneys to respectfully oppose Plaintiff's Motion to Compel the Payment of Expert Witness Fees. (Docket No. 320).

1. Plaintiff Angel David Morales Vallellanes has announced, as his expert witness in this case, Dr. Guillermo J. Hoyos, Psychiatrist. However, for the reasons stated below, Dr. Hoyos has been a treating physician for plaintiff on a **regular monthly basis** since February of 1997 up to present and will continue to treat plaintiff on a monthly basis for the foreseeable future. Dr. Hoyos' psychiatric reports throughout the years have served as basis for plaintiff's workmen's compensation claim before the U.S. Department of Labor since 1997 to present whereby plaintiff receives 66 2/3% of his monthly base salary at the Postal Service, **tax free**, while continuing to be an employee for the U.S. Postal Service on O.W.C.P. (Office of Workmen's Compensation

   Program) status until the U.S. Department of Labor clears him to return to work.

2. Defendant subpoenaed Dr. Hoyos to appear for his Deposition on October 24, 2006 under Fed.R.Civ.P. 45.  The original transcript of the deposition is included herewith as **Attachment 1**.  It clearly shows that Dr. Hoyos was, is and will continue to be plaintiff's treating physician.

3. Pursuant to the federal procurement regulations and procedures for the U.S. Attorney's Office ("U.S.A.O."), for which the undersigned is bound to follow and comply, an OBD 47 (Request, Authorization and Contract for Service of Expert Witness, Litigative Consultant, or ADR Neutral) form must be prepared and forwarded through the Budget Section in order to secure payment for any expert witness.  Dr. Guillermo Hoyos is fully aware of this proceeding since he has served as an expert witness on behalf of the United States on several occasions prior to his deposition.  Dr. Hoyos' past professional fees as to the services rendered to the U.S.A.O. has been at a rate of $300.00 per hour, and he has been paid accordingly.

4. Under the U.S.A.O. procurement regulations **(Attachment 2)**, the undersigned has the duty to gather all the necessary information in order to comply with the preparation of the corresponding OBD 47 and the applicable procurement regulations.

> 5. At no time Dr. Hoyos has been misguided. When Dr. Hoyos contacted the U.S.A.O. inquiring about the payment procedures he was informed that he would be paid pursuant to procurement regulations and procedures.

The evidence, on the record, shows that Dr. Hoyos is not an expert witness pursuant to Federal Rules of Evidence 702-705, but rather a treating physician or a fact witness, to be paid under 28 U.S.C. §1821(b). In any event, the defendants have a good and grounded doubt as to Dr. Hoyos' allegations that he is to be considered an expert witness under the Federal Rules of Evidence and that he must be paid accordingly.

6. During Dr. Hoyos' deposition **(See Attachment 1)**, he answered and confirmed that he has been plaintiff's treating physician since February of 1997 and when confronted with the ethical question under the American Psychiatric Association as to conflicts between **clinical** and **forensic** functions, he conveniently position himself at a middle point in order to bypass the ethics of the psychiatric profession. **(See Attachment 1, Dr. Hoyos' deposition transcript dated October 24, 2006, pages 46-50).**

> 6. Pursuant to 28 U.S.C. §1821(b), Dr. Hoyos is not an expert witness under Federal Rules of Evidence 702-705 but a treating physician or a factual witness. In its pertinent part, 28 U.S.C.§1821(b) reads as follows:

      (a)(1) . . . .

      (b) A witness shall be paid an attendance fee of $40.00 per day for each day appearance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." (See 28 U.S.C. §1821; See also USAO, **Expert and Fact Witnesses Procedures at ¶ 3. (Attachment 2)).**

8. Plaintiff's has misrepresented to defendant and to this Honorable Court that Dr. Hoyos is to be considered an expert witness under Federal Rules of Evidence 702-705 when, in fact, all along, and throughout the past nine years, he has served as a treating physician for the plaintiff on a monthly basis and has assisted the plaintiff, time and time again, with his claim under the O.W.C.P. Program, U.S. Dept. of Labor. Consequently, Dr. Hoyos is covered by 28 U.S.C. §1821(b). He is a fact witness and not an expert witness under Federal Rules of Evidence 702-705.

9. Plaintiffs raise arguments based on Federal Rules of Evidence 706(b), but it is misplaced. Defendants contend that Dr. Hoyos is a factual treating physician not entitled to be paid for his services under that Federal Rule (which refers only to Court appointed experts) but rather under 28 U.S.C. §1821(b). In the event this Court rules that Dr. Hoyos is an expert witness his rate should be no more than $300.00 per hour for two (2) hours of deposition which would equate to $600.00.

WHEREFORE, the Defendants respectfully request from this Honorable Court that it rule that Dr. Hoyos' testimony is to be received only as plaintiff's

treating physician and that he be paid in conformity with 28 U.S.C.§1821(b) as hereinabove set forth.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of thee Court using CM/ECF system, which will submit notification of such filing to: Miguel Miranda, Esq.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 27th day of October 2006.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney


*S/Fidel A. Sevillano Del Río*
Fidel A. Sevillano Del Rio
U.S.D.C.-PR 117812
Assistant U.S. Attorney
District of Puerto Rico
Torre Chardon Building, Suite 1201
350 Carlos Chardon Street
Hato Rey, Puerto Rico 00918
Telephone: (787) 766-5656
Facsimile: (787) 766-6219