# DISTRICT OF PUERTO RICO
# EXPERT AND FACT WITNESSES PROCEDURES

- **EXPERT AND FACT WITNESSES PROCEDURES**
- **Expert Witnesses**
    - Use of the FEW Appropriation
- **Fact Witnesses**
    - Advances
    - Travel and Lodging
- **Unusual Expenses of Fact Witnesses (UEFW)**
    - Procedures
- **Military/Government Employees as Witnesses**

Back to Budget Home Page

---

The Fees and Expenses of Witnesses (FEW) appropriation is the source of funding for witnesses appearing in court on behalf of the Department of Justice and for fact witnesses subpoenaed on behalf of indigent defendants proceeding under the Criminal Justice Act (25 C.F.R. § 1821, 28 C.F.R. Part 21, and Rule 17(b) of the Federal Rules of Criminal Procedures)

The Guiding Principles for Obtaining Witness Services Under the Fees and Expenses of Witnesses Appropriation (referenced hereafter as GP), provides more detailed information on the subjects included in this document and can be accessed by Attorneys and support personnel by using the link above.

Back to Top

## EXPERT WITNESSES

An expert witness qualifies as an expert by knowledge, skill, experience, training or education, and may testify in the form of an opinion or otherwise. (See Federal Rules of Evidence, Rules 702 and 703). The testimony must cover more than a mere recitation of facts. It should involve opinions on hypothetical situations, diagnoses, analyses of facts, drawing of conclusions, etc., all which involve technical thought or effort independent of mere facts. (See USAM 3-19.111 for additional information.)

Whenever the U.S. Attorney's Office expects to use expert testimony of any kind, the office should make every effort to secure government employees in specialized fields from field offices of agencies such as the FBI, Bureau of Standards, Securities and Exchange Commission, Department of Interior, Army Corps of Engineers, Veterans Administration, etc., unless disadvantageous for tactical or strategic considerations. U.S. Attorneys should familiarize themselves with the government facilities available in their localities in order to be prepared when cases arise. There are also instances when certain government agencies in Washington can offer special assistance. (EOUSA Resource Manual 146)

Once you have decided which expert better fits the case needs, you have to prepare an OBD-47 (Request, Authorization and Agreement for Fees and Expenses of Witnesses, Alternate Dispute Resolution Neutral and Litigative Consultants). This form has to be prepared and approved before the expert commences work.

Back to Top

### Use of the FEW Appropriation

Most witness expenses in judicial proceedings incurred by DOJ's litigating components of the Offices, Boards, and Divisions (OBDs) are payable from the FEW Appropriation (15X0311). They include:

- services of expert witnesses testifying in judicial proceeding in a Federal court or in judicially-sponsored Alternative Dispute Resolution (ADR) proceedings,
- medical and psychiatric examinations of plaintiffs or defendants,
- taking depositions from the opposing party's expert witnesses or fact witnesses, and
- fees and allowances of fact witnesses.

There are, however, some witness expenses which cannot be reimbursed from the FEW appropriation, regardless of what legal forum is utilized. For example:

> **A.** The cost of work performed by an expert witness for other than preparing and presenting his or her own testimony cannot be properly paid from the FEW appropriation. The financial responsibility for an expert witness whose primary function is to assist in the investigative phase of a case remains with the litigating organization or investigative agency (i.e., information or investigative proceedings conducted by a prosecuting attorney for the purpose of determining whether a charge should be made in a particular case; services provided PRIOR to the case being docketed in a Federal court; services which are not solely for examination/preparation and testimony in legal proceeding in a Federal court). Any individual retained by DOJ to assist in the investigative phase of a case or who is not expected to provide expert testimony is considered to be a "Litigative Consultant." The FEW appropriation CANNOT be used to reimburse Litigative Consultants. Rather, funding comes from the litigating office's appropriation.
>
> **B.** The FEW appropriation is NOT to be used to fund the services of Neutrals in ADR procedures since these people are not "witnesses."
>
> **C.** The FEW appropriation is NOT to be used for reimbursement of expenses in administrative (as opposed to judicial) proceedings.
>
> **D.** The FEW appropriation is NOT to be used to pay for subpoena service on behalf of either DOJ or Criminal Justice Act (CJA) attorneys. The U.S. Marshals Service and the investigative agencies, both DOJ and non-DOJ, receive congressionally appropriated funds for this purpose.

  **E.** The FEW appropriation is NOT available for reimbursement proposes from another agency's appropriation.

Back to Top

## FACT WITNESSES

A fact witness is a person whose testimony consists of the recitation of facts or events. The GP discusses the various types of fact witnesses, including those who are citizens of foreign countries that must travel to the United States for trial; those who are indigent; those who are detained deportable aliens; prisoners appearing as witnesses; and Federal Government employees and Militaries appearing as fact witnesses.

Unlike expert witnesses, who are paid for their services in accordance with market conditions and the law of supply and demand, the fees and allowances of fact witnesses are established through statutes. 28 U.S.C. § 1821 contains the basic fees and allowances for fact witnesses. 28 CFR Part 21 contains the implementing regulations for § 1821. Currently, the statutory daily fee for fact witnesses is $40. (See GP Chapter 7, Section 9.A and 9.B for fees payable to detained aliens and prisoners.) Fees payable to Federal Government employees appearing as fact witnesses are addressed in Chapter 12 of the GP.

Frequently, fact witnesses incur expenses over and above the fees and allowances permitted by statute. These are referred to as "Unusual Expenses of Fact Witnesses." 28 U.S.C. § 524 contains the authority to incur and reimburse unusual expenses of witnesses. <u>Unusual Expenses of Fact Witnesses</u> are addressed in Chapter 8 of these Guidelines.

Back to Top

### Advances

If your witness needs an advance, you will have to request this from the U.S. Marshal, preferably before the witness arrives to the district. The AUSA will send a letter addressed to the U.S. Marshals, indicating the needs for an advance with the following information:

  Name of Witness
  SSN
  Addresses of Witness
  Telephone Number
  Case Name and Number
  Reasons of Appearance (trial, GJ, pre-trial, etc.)
  Dates of Appearance (from and to)

All this information can be presented in the form of a small paragraph. This letter needs to be sent to the U.S. Marshal's Office along with a copy of the subpoena or summons, which is required by the U.S. Marshal's Office policies and regulations.

The U.S. Marshals Services cannot provide advances to witnesses without proper identification.

Back to Top

**Travel and Lodging**

If travel and/or lodging is required, a Government Transportation Account (GTA) has been established to pay for these expenses. The Budget section will arrange for airline tickets and hotel reservations. Please inform the witness not to incur any expenses before consulting with the Budget Branch in this office. You should attach an OBD-2 Form (Instruction for Fact Witnesses Appearing on Behalf of the US Government) to the subpoena, which will instruct the witness regarding the procedures that must be followed.

The Budget section, once all travel arrangements have been made, will inform the AUSA, his/her secretary and the agent in charge, of the travel schedule and hotel arrangements that have been made for the witness. The Budget Branch will not contact the witness, but will be available to answer any questions the witness may have. The AUSA or the agent is responsible for giving the information to the witness. Also, the AUSA will be responsible for informing the Budget Branch of any change that have been made to the flight schedule, hotel accommodations (especially cancellations), etc. to preclude any unnecessary costs. During weekends, the AUSA or Agent can call the Witness Coordinator or they can call the hotel directly to obtain a cancellation number. The Budget Officer can be reached at any time on his beeper to provide information or to answer questions.

Back to Top

## UNUSUAL EXPENSES OF FACT WITNESSES (UEFW)

Frequently, fact witnesses incur expenses over and above the fees and allowances permitted by statute. These are referred to as "Unusual Expenses of Fact Witnesses." 28 U.S.C. § 524 contains the authority to incur and reimburse unusual expenses of witnesses. The decision whether or not to reimburse a witness for unusual expenses is almost always based upon precedent. Usually, the decision to approve or disapprove a request is easy to make, based upon what has been approved/disapproved in the past. Occasionally, the particular circumstances will make the decision more difficult.

The DPR in accordance with the Guiding Principles for Obtaining Witness Services Under the Fees and Expenses of Witnesses Appropriation as developed by JMD, accepted the delegation for authority to approve unusual fact witness expenses. **The approval authority for the District of Puerto Rico is the United States Attorney (USA).**

A request for approval to reimburse an unusual fact witness expense will be submitted timely for appropriate approval prior to the payment of the expense. Any incurred expense not pre-approved will be considered an "after-the-fact" expense. All after-the-fact requests must be supported with written explanation of the circumstance preventing prior approval and submitted to the United States Attorney for certification.

UEFW payments are discretionary and are not to be viewed as an entitlement. There are two kinds of witness expenses, those unusual fact witnesses' expenses listed under the Routinely Approved Categories, and those Expenses Routinely Denied.

The oversight of this delegation is the responsibility of the EOUSA Evaluation and Review Program.

Back to Top

### Procedures

The AUSA will prepare a **Request for Unusual Expense(s) of Fact Witness Form** for the U.S. Attorney's signature. Once approved, the completed UEFW Form will be made a part of the witnesses' reimbursement packet (OBD-3) which is presented to the U.S. Marshals' office for payment at the appropriate time.

No payment may be made without complete documentation including required receipts. Receipts are required for any expense of $25 or more, except for meals and mileage. Receipts necessary for reimbursement which have been misplaced or lost will require the **Verification of Expenses without Receipt Form** completed, signed by the AUSA, and signed by an approving official.

In addition to the case file copy of the OBD-3 forms, a separate file must be maintained by the Budget Section for all UEFW approvals.

Back to Top

## MILITARY / GOVERNMENT EMPLOYEES AS WITNESSES

Whenever an AUSA expects to use an expert testimony of any kind, the AUSA should consider using a Federal Government employee in a specialized field from an agency or bureau of Government as an expert witness.

An expert witness who is in the Armed Forces or a Government employee employed by an Agency other than U.S. Attorney is obligated on Form OBD- 16. This obligating form asks for information particular to the witness and case for which the witness is being called. There are no funds estimated on the form, only witness and case information. Please include a Supervisor's name and fax number.

The OBD-16 prepared for a military witness needs to include the unit, section, corps, and other pertinent information. Supplying only the name of the military base where the witness is stationed is not adequate. Complete information is required.

The Department of Justice is responsible for the expenses of a federal employee's appearance at trial when the testimony is not related to his or her current agency activities. If the employee were appearing on a case which is based on the employee's current agency's rules, regulations, action, etc., the employee's agency pays the expenses.

Reimbursement under the obligating form OBD-16 is treated in the same manner as an OBD-47 payment. The exception is that the witness is prohibited "from receiving expert witness fees for service as witnesses on behalf of the United States" (5 U.S.C. § 5537). This would constitute dual compensation. The expenses normally paid under the OBD-16 obligation are travel expenses and per diem.

Back to Budget Home Page | Back to Policy Page

US Attorneys > USAM > Title 3
prev | EOUSA Resource Manual

# 3-19.000
# Witnesses

3-19.100 Regular Witnesses
3-19.111 Expert Witness
3-19.112 Fact Witness
3-19.113 International Witness
3-19.114 Protected Witness
3-19.121 Subpoenas
3-19.124 Advances
3-19.130 Certificate of Attendance and Payment
3-19.200 Witness' Expenses Incurred on Behalf of Indigent Persons
3-19.210 Responsible Payor
3-19.310 Subpoenas for U.S. Citizens and International Witnesses
3-19.312 Witness' Advance -- American Citizens -- Compensation for Necessary Travel to the United States
3-19.320 Foreign Nationals Residing in Foreign Countries -- Obtaining Attendance
3-19.322 Witness Fees for Foreign Nationals
3-19.340 Request for Foreign Counsel
3-19.400 Federal Government Employees as Witnesses (Non-Military) -- Compliance with Subpoenas Duces Tecum
3-19.411 DOJ Employees Under Subpoena
3-19.412 Serving a Subpoena Government Officers, Agents or Employees 3-19.420 Federal Government Employees -- Witness Fees
3-19.421 Federal Government Employees -- Expenses for Travel
3-19.500 Armed Forces Witnesses -- Military Personnel Fees and Travel Expenses
3-19.600 Prisoners as Witnesses
3-19.713 Interpreters
3-19.720 FBI Services
3-19.730 Expert Witnesses -- Name-Check
3-19.740 Negotiations with Expert Witnesses
3-19.800 Depositions
3-19.811 Depositions Taken in a Foreign Country
3-19.812 Depositions at the Request of a Foreign Court
3-19.830 Witnesses Under the Rules of Discovery
3-19.851 Psychiatric Examinations in Tort Cases
3-19.852 Psychiatric Examinations in Criminal Cases

## 3-19.100 Regular Witnesses

General assistance on witness matters is available by calling 202-307-1942 or 202-307-1943 or

writing to the Simplified Acquisition Services, Attention: Special Authorizations, Procurement Services Staff, Justice Management Division, Suite 1040, National Place Building, Washington DC 20530. Procedures for the acquisition of expert witnesses and litigative consultants is found in USAP 3-19.000.001(M).

The Department is authorized to pay for compensation of the following witnesses:

### 3-19.111 Expert Witness

An expert witness qualifies as an expert by knowledge, skill, experience, training or education, and may testify in the form of an opinion or otherwise. (See Federal Rules of Evidence, Rules 702 and 703). The testimony must cover more than a mere recitation of facts. It should involve opinions on hypothetical situations, diagnoses, analyses of facts, drawing of conclusions, etc., all which involve technical thought or effort independent of mere facts.

### 3-19.112 Fact Witness

A fact witness is a person whose testimony consists of the recitation of facts and/or events, as opposed to an expert witness, whose testimony consists of the presentation of an opinion, a diagnosis, etc.

### 3-19.113 International Witness

An international witness is a witness who resides outside the territory of the United States. They may be citizens of other countries or of the United States. The Department of Justice must observe the laws and regulations of the other countries when contacting these persons.

### 3-19.114 Protected Witness

28 U.S.C. Sec. 524. Title V of Pub.L. No. 91-452 and 98-473 authorizes the Attorney General to provide for the security of government witnesses and potential witnesses, and members of their families.

### 3-19.121 Subpoenas

Praecipes for subpoenas for witnesses are not required by Rule 17(a), Fed.R.Cr.P., and Rule 45(a), Fed.R.Civ.P. Praecipes for subpoenas should not be prepared unless local rules or practice makes their use mandatory. Any praecipes necessary should be prepared by the United States Attorney or the Assistant in charge of the case.

### 3-19.124 Advances

Advances to witnesses for lodging, air and ground transportation tickets are available through a Government Travel Account (GTA). The GTA benefits both the witness and the United States Attorney's office by reducing the financial burden of the witness, simplifying travel arrangements, and improving lodging management.

### 3-19.130 Certificate of Attendance and Payment

Form OBD-3 (Fact Witness Voucher) is a three-part, four copy snap-out form and provides for

certification of attendance by the United States Attorney for the regular (fact) witness claim for fees and allowances, and for payment of the claim by the appropriate paying office. Payments are made by the U.S. Marshal for the district in which the trial or hearing is held.

### 3-19.200 Witness' Expenses Incurred on Behalf of Indigent Persons

Generally, expenses incurred on behalf of indigent persons will be handled in the same manner as expenses incurred on behalf of the government.

Certification of attendance is by a Federal Public Defender, U.S. District Judge, or Clerk of the Court.

For stenographic and notarial charges related to depositions, refer to Depositions, USAM 3-19.800.

Expenses pursuant to a court's order allowing witnesses for an indigent under Rule 17(b) may include those of state or federal guards, etc., in producing prisoners under writs of habeas corpus ad testificandum.

### 3-19.210 Responsible Payor

The enactment of 18 U.S.C. Sec. 3006A resulted in changes of responsibility for payment of certain expenses of litigation for persons allowed to proceed in forma pauperis.

### 3-19.310 Subpoenas for U.S. Citizens and International Witnesses

It is important that all United States Attorneys' offices and Department attorneys contact the Office of International Affairs (OIA) prior to contacting United States citizens and Alien residents who are in foreign countries and whose status as United States immigrants is unchanged.

### 3-19.312 Witness' Advance -- American Citizens -- Compensation for Necessary Travel to the United States

American citizens are entitled to receive compensation for necessary travel to the United States. The Consular Mission can make such payments directly from Department of Justice FEW funds when effecting service of the subpoena, provided Special Authorizations, arranges for disbursing authorizations.

### 3-19.320 Foreign Nationals Residing in Foreign Countries -- Obtaining Attendance

Since foreign nationals residing in the foreign countries are not subject to the subpoena power of United States Courts, their attendance can be obtained only on a voluntary basis. Obtaining testimony from foreign nationals is often a delicate matter, and care must be taken to avoid offending the sovereignty of the foreign country involved.

### 3-19.322 Witness Fees for Foreign Nationals

The present witness allowances under 28 U.S.C. Sec. 1821 are generally acceptable to foreign nationals. Therefore, payment of the statutory rates, subsistence and actual cost of transportation may be

made on the basis of the witness attendance certificate, and Form OBD-47 is not necessary.

### 3-19.340 Request for Foreign Counsel

After the necessity for such counsel has been approved by the head of the division or office, the United States embassy or consulate in the country involved should be requested to furnish a list of qualified and suitable counsel. As a general policy, consular officers do not recommend a particular attorney with respect to private matters. However, in government cases, consular officers will recognize the government's interest and will be prepared to give information.

### 3-19.400 Federal Government Employees as Witnesses (Non-Military) -- Compliance with Subpoenas Duces Tecum

Whenever such a subpoena is served on a United States Attorney or any other Department of Justice officer or employee, he/she should proceed in compliance with Departmental policy regarding property management, disclosure of information, and records management.

### 3-19.411 DOJ Employees Under Subpoena

*See* 28 C.F.R. Sec. 16.21 *et seq.*

When a subpoena is served on an officer or an employee of the Department by or on behalf of a private litigant, the Federal Rules of Civil Procedure (Rule 45(c)) require that the employee be tendered one day's witness fee plus mileage. Any other service is not legal service under the Rules.

Frequently, the purpose of the subpoena is served by the submission of documentary evidence or other written instrument to the court, instead of by personal appearance. If the substituted type of compliance is accepted by the litigant, it is the policy of the Department of Justice to consider that the fee and the mileage have been earned.

If the officer or employee complies with the subpoena by appearing in court in his/her official capacity, he/she must look to the private litigant for his/her fees and mileage. No charge will be made against annual leave. Any amount received in excess of actual expenses will be forwarded in the same manner as above. See Department of Justice Order 1630.1B (July 22, 1991).

If subpoenaed in his/her private capacity, on behalf of a private party, the Department of Justice employee will look to the litigant for fees and mileage. Such absences are charges to annual leave. All fees and mileage received are retained by the employee.

### 3-19.412 Serving a Subpoena Government Officers, Agents or Employees

U.S. Marshals have been instructed that expenses of travel and subsistence solely for the purpose of serving subpoenas upon government officers, agents or employees should not be incurred. The United States Attorney may have subpoenas delivered by mail directly to the officer whose attendance is desired, or in the case of agents or other employees, to the head of the office in which they are employed, in sufficient time to enable them to acknowledge the receipt of the subpoenas specified.

Special Agents of the FBI and Federal Government agents generally should not be subpoenaed from distant points unless their testimony is material and there is every reason to believe that there will

be no postponement of the trial.

Federal government employees may be secured by the United States Attorney through direct communication (preferable) with witness or subpoena. The employing agency should be requested to supply any necessary travel advance.

### 3-19.420 Federal Government Employees -- Witness Fees

Federal government employees shall not be paid witness's fees but the period of such service shall be without loss of salary or compensation and shall not be deducted from any authorized leave of absence with pay. See 5 U.S.C. Secs. 5537 and 6322.

### 3-19.421 Federal Government Employees -- Expenses for Travel

Any officer or employee of the United States or any agency thereof, summoned as a witness on behalf of the United States, shall be paid his/her necessary expenses incident to travel in accordance with the provisions of the Standardized Government Travel Regulations.

### 3-19.500 Armed Forces Witnesses -- Military Personnel -- Fees and Travel Expenses

The rules governing the payment of fees and travel expenses are the same for military employees as for nonmilitary employees. See USAM 3-19.420.

### 3-19.600 Prisoners as Witnesses

A federal prisoner serving a sentence may be produced to testify or to be prosecuted in another district only upon a writ of habeas corpus in proper form. (Writs ad testificandum must not be used to produce federal prisoners for examination by United States Attorneys or investigative agencies.)

The marshal serving the writ of habeas corpus and the warden or superintendent having custody of the prisoner must be named in the writ. The marshal of the district in which the prisoner is in custody should serve the writ or, if this is impossible, the marshal in the issuing district may serve the writ requiring production of the prisoner.

A prisoner (federal, state, or county) in custody only as a material witness may be paid the regular attendance fee if testifying as a witness. Conversely, no attendance fee shall be paid to persons held on charges or already convicted, whether under state or federal law. Further, no mileage or per diem is allowable for any prisoners.

### 3-19.713 Interpreters

The Court Interpreters Act of 1978 requires the Director, Administrative Office of the U.S. Courts (AOUSC) to "establish a program to facilitate the use of interpreters in courts of the United States." The AOUSC will prescribe standards for interpreter qualifications and will certify the qualifications of individuals who may serve as interpreters in bilingual proceedings and in proceedings involving persons whose hearing is impaired. All costs for interpreter services necessary to enable a party to comprehend the proceedings in the courtroom or in chambers, to communicate with counsel in the immediate environs of the courthouse in connection with ongoing judicial proceedings and to communicate with the presiding judicial officer are payable from funds appropriated to the judiciary. Interpreter services

required by a criminal defendant to whom the government furnishes representation under the Criminal Justice Act are payable from funds appropriated to support that Act. The United States Attorney is generally chargeable only for interpreter services necessary to interpret the testimony of government witnesses. Although testimony situations are the most common occasion for the use of interpreters, interpreters may also be engaged for services necessary to determine the course of litigation. They may be paid for, or provided transportation, facilities, equipment or materials as necessary and appropriate to satisfy the United States Attorney's requirements.

Interpreters are required to execute a written oath as prescribed by AOUSC. The rate of compensation should be fixed by agreement with the interpreter before the interpreter renders the service required by the United States Attorney. Rates of compensation should correspond to rates paid by the court. The AOUSC regulation (Sec. 1.72) currently permits the presiding judicial officer to fix reasonable compensation according to the prevailing rates at the location where the designated interpreter regularly works.

It is the responsibility of the investigative agency to pay the costs to translate and transcribe recordings of foreign language telephone conversations obtained under authority of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 USC Sec. 2510 to 2520.

### 3-19.720 FBI Services

The FBI laboratory facilities are available for handwriting and typewriting comparisons and other document studies, as well as for studies in chemistry, toxicology, ballistics, hair, fibers, metallurgy, and other related subjects. The FBI is prepared to supply technical assistance and information in the fields of dynamics, electrical engineering, electricity, fluorescence, histology, light, mathematics, mechanical engineering, metallography, mineralogy, and physical chemistry.

To facilitate the assignment of expert witnesses from the FBI laboratory, it is desirable that as much notice as possible be given to the Bureau concerning the date upon which the testimony of the expert witness who has made a laboratory examination will be required.

There are no charges for FBI services.

### 3-19.730 Expert Witnesses -- Name-Check

In the interest of internal security and the proper handling of the government's litigation, extreme caution should be exercised in the employment of expert witnesses, consultants, etc. In particular, careful consideration should be given to their professional ability, personal character and integrity, and loyalty to the country. If there is any doubt as to the latter, a name-check should be secured from the FBI.

### 3-19.740 Negotiations with Expert Witnesses

Actual arrangements for expert witnesses must be made by the United States Attorney since he/she alone has the opportunity to explore the local situation. Through judicious negotiation and bargaining with prospective witnesses, the United States Attorney exerts a decided influence on the terms of the final arrangement.

### 3-19.800 Depositions

Depositions should be taken whenever possible in order to reduce expenditures. This rule should be particularly applied when it is necessary to secure testimony of a witness living more than 100 miles from the place of trial.

Depositions should be taken before notarial officers or other officers authorized to administer oaths. See Rule 28, Fed.R.Civ.P. Depositions before United States Magistrates should be taken only when such other officers are not available.

### 3-19.811 Depositions Taken in a Foreign Country

Depositions to be taken in a foreign country must be channeled through the State Department, Office of Special Consular Services, Washington, D.C.

### 3-19.812 Depositions at the Request of a Foreign Court

The Office of International Affairs, Criminal Division, or the Office of Foreign Litigation, Civil Division should be consulted in the case of depositions to be taken in the United States at the request of a foreign court.

### 3-19.830 Witnesses Under the Rules of Discovery

Federal Rule of Civil Procedure 26 and Federal Rule of Criminal Procedure 16 allow either party to a suit to subpoena, with the permission of the court, the other party, certain records of the other party, and expert witnesses of the other party, for examination for the purpose of discovering evidence the other party intends to present.

### 3-19.851 Psychiatric Examinations in Tort Cases

Psychiatric examinations in tort cases, to determine the extent of injuries, require approval in the same manner as other expert witnesses are submitted. These examinations must not take place without written consent of the opposing counsel, or a court order under Fed.R. Civ.P. 35. An examination without written consent or a court order may leave the United States liable for a suit, by the person being examined, for violation of his/her civil rights.

### 3-19.852 Psychiatric Examinations in Criminal Cases

All psychiatric examinations in criminal cases SHALL TAKE PLACE PURSUANT TO A COURT ORDER. A psychiatric examination which takes place without a court order may leave the United States liable for a suit, by the person being examined, for violation of his/her civil rights.

---

**October 2002**                                                                                           **USAM Chapter 3-19**