IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL D. MORALES VALLELLANES,
Plaintiff

V.

JOHN E. POTTER, et. Al.
Defendant

CIVIL NO. 97-2459 (GAG)

## DECLARATION

I, Ramón O. Fortuño Ramírez, of legal age, married, psychiatrist and resident of San Juan, do solemnly swear:

1. That my name and personal circumstances are the above stated.

2. That I was retained to serve as an expert witness in the above captioned case.

3. That I personally examined plaintiff Angel David Morales Vallellanes.

4. That I expeditiously prepared the expert witness report in this matter, since the Court granted until November 1st, 2006 to submit the expert report.

5. That yesterday, November 1st 2006, I personally forwarded the expert report to the United States Attorney's Office.

6. That inadvertently when preparing the report, I mistakenly dated the same as October, 2006 and also identified the report as preliminary.

7. That the report was prepared in accordance with the guidelines of the United States Attorney's Office procurement regulations.

8. That the above is the truth and nothing but the truth.

IN WITNESS THEREFORE, I execute the same in San Juan, Puerto Rico, this 2nd day of November 2006.

RAMON O. FORTUÑO, MD.



*U.S. Department of Justice*
**Rosa Emilia Rodríguez-Vélez**
*United States Attorney*
*District of Puerto Rico*

---

Torre Chardón, Suite 1201
*350 Carlos Chardón Street*
*San Juan, Puerto Rico 00918*

*Telephone: (787) 766-5656*
*Telecopier: (787) 766-6219*

Civil No. 97-2459 (GAG)
Attachment 2

*November 3, 2006*

Letter dated November 3, 2006 set via
facsimile to 787-751-0883

*Via facsimile: 787-751-0883*
*Via electronic mail: mirandalawfirm@aol.com*
*Via First Class Mail Return Receipt Requested*
*Hand delivered to:  #22 Mayaguez Street, San Juan, P.R. 00917*

*Miguel E. Miranda, Esq.*
*PMB 132, 255 Ponce de León, Suite 75*
*San Juan, Puerto Rico 00917-1919*

RE:  *Angel D. Morales v. John e. Potter*
     *USDC PR Civil No. 97-2459*
     *USAO No. 97cv2261*

Dear counsel:

Pursuant to this Honorable Court's Order dated November 2, 2006 (Docket Entry No.  328),

enclosed please find the corrected version of Dr. Fortuño's forensic psychiatric report regarding

Plaintiff Angel D. Morales Vallellanes.

Without any further matter to comment at this time, I remain,

Cordially yours

Rosa Emilia Rodríguez-Vélez
United States Attorney

Signed for:  Luis M. Rodríguez, Legal Assistant
             Fidel A. Sevillano Del Río
             Assistant United States Attorney

Received by: _____

Date:    November 3, 2006

**Ramón O. Fortuño Ramírez, MD**
D.A.B.F.E., D.A.B.F.M., D.A.A.E.T.S.
*Forensic Psychiatrist*
89 Avenida De Diego, Suite 105
San Juan, Puerto Rico 00927-6346
Tel. (787) 765-5718 Fax (787) 756-7363

**November 1st, 2006**

## Forensic Psychiatric Report

| | | |
|---|---|---|
| Name | : | Angel D. Morales Vallellanes |
| Date of birth | : | June 23, 1960 |
| Interview | : | September 29, 2006 |
| Identification | : | Puerto Rico Driver's license. |
| Age | : | 46 years |
| Address | : | Urb. Muñoz Rivera |
| | | Betania Street, Guaynabo PR 00969. |
| Education | : | Bachelorship teaching, UPR |
| Religion | : | Catholic |
| Last Employment | : | United States Postal Service, |
| | | Caparra Station. |
| Marital Status | : | Single |
| Civil Case No. | : | 97-2459 (JAG) |

**I- Examination Purpose and Scope of Opinion:**

The United States Department of Justice, AUSA Fidel Sevillano del Río, requested our Professional Services, to provide our expert services, regarding the civil case to be held at the United States Federal Court, District of Puerto Rico. I was retained to examine the plaintiff and to render a written opinion about an alleged emotional condition arising from occupational harassment, and retaliation by a hostile environment created at work, while working for the United States Postal Service, Caparra Station.



The Office of the United States Attorney, District of Puerto Rico; coordinated the appointment of Mr. Angel Morales, the plaintiff. The plaintiff was personally and directly examined, using as reference the DSM IV TR Manual, and the Guides to the Evaluation of Permanent Impairment (Fifth Edition).

I hereby certify that I have never previously examined or treated the above plaintiff, and that I do not have particular interests, in the outcome of his complaint. The professional fees were previously notified in the written contract, and these are independent from the interests of the contracting agency.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE   TWO

**II- Documents Examined:**

1) Copy of  Dr. Guillermo Hoyos Precsas, Comprehensive Psychiatric Report, dated June 29,
2006, Civil Case  Number 97-2459.
2)  Copy of Dr. Guillermo Hoyos Precsas, Psychiatric Report, including dates of contacts:
February 5, 11,19, 21 and 27, 1997 for OWCP Case 020-726-438
3)  Opinion and Order from the Court of Appeals for the First Circuit (02-2190)
4)  Defendant's First Set of Interrogatories

**III-History of Plaintiff:**

Mr. Angel D. Morales Vallellanes alleged that he had been working for the US Postal Service
since 1988.  He reported that he used to play music for Tony Croatto between 1993 to 1995.

That he had a carrier in the US Postal Service, and that the interpersonal relations were very
good with Pedro Reyes, the Postmaster. That during the period of Christmas, he would go
with other employees and the engaged in performing the "parrandas".

Mr. Morales expressed that he began in the U.S. Postal Station of Caparra in 1991.  That he
did not receive many earnings while working as a Distribution and Window clerk, but that he
would prefer that job (unsolicited commentary).

Mr. Morales alleges that the employees did not give adequate maintenance and cleansing to the
station. He had been a member of the union of employees, and he received complaints about
safety, associated to inadequate maintenance.

During the year of 1995, Mr. Morales alleges that the management was changed.  That he had
a wonderful relation to his prior supervisor; but that things changed after he filed a claim to
OSHA, for Safety violations, and the employer "back fired" creating  a hostile environment.

Mr. Morales Vallellanes alleged the following circumstances:

(1)  A conference was given by Mr. John Malave, Postmaster and District Manager, and the
plaintiff intervene in the conference alleging that there were safety issues, that were not
corrected and that therefore it was not safe to work at Caparra Station.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE  THREE

The next day, he was stopped and questioned about a complaint of violence towards a senior
co-worker.

(2) Mr. Morales  waited for the OSHA investigation, and the agency received information that
there were no safety problems.

(3) Mr. Morales alleges that he filed a case at EEO, and that by January his car had problems
starting, and the reason was that apparently someone had mixed the gasoline with sugar
January 6, 1997).

(4) That in two different occasions his car's tires were flat.  The first time he had one flat tire,
then in another occasion, it was two.

(5) Mr. Morales expressed that a witness for these occurrences confessed to him several years
ago, that these acts were product of a conspiracy of the manager and two other employees.

(6) Mr. Morales alleges that he was recommended to visit the EAP, a psychologist; and that
after he told Mrs. Iris Tous, the Employee Assistant Program psychologist, that he was not
able to tolerate anymore.

(7) That when he filed the case to EEO, Carmen Rosa; he noticed that she was related to
Candido López, one of the persons he alleges are harassing him.

During the period of the case he filed to OSHA and EEO, he was examined by several
consultative of the Workmen Compensation; among them and according to Mr. Morales, he
was examined by the following psychiatrists:

A)  Dr. Michael Woodbury, Senior
B)  Dr. Ileana Fumero Pérez
C)  Dr. Nestor J. Galarza
D)  Dr. Ricardo Fumero Vidal

Mr. Morales Vallellanes alleges that these reports are held from him by the Workmen
Compensation Agency.

Mr. Angel D. Morales Vallellanes alleges that he has never been hospitalized for nerves, and
that he began receiving treatment with Dr. Guillermo Hoyos Precsas since February 1997, that
he has continued visiting this psychiatrist over the last nine and half years.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                        PAGE   FOUR

The plaintiff alleges that he has not returned to work since 1997, and that he has been receiving compensation since then.

Mr. Morales Vallellanes has not attempted to work, but he has written many letters and follow-ups for his claim.

At present time, he alleges he is taking Prozac, Ambien, Klonopin and Xanax; prescribed by Dr. Hoyos.

The plaintiff does not acknowledge a remission of psychiatric symptoms.  He has been single all his life, and at present time, he is doing some voluntary work with some nuns.

He is living in his parent's house, and his mother suffers Alzheimer's disease at the age of 85 years.

**Past Personal History:**

Mr. Morales is the fourth child born to the Morales Vallellanes family.  He has two brothers and two sisters.  He studied at Margarita Janer's Public School in Guaynabo, and later he obtained a Bacherlorship in Education, with concentration in Music.

His work experience has been with music bands, and the Postal Service.

Mr. Morales denies having had arterial hypertension, bronchial asthma or diabetes mellitus. He has not been hospitalized for systemic illnesses. He underwent a Colonoscopy for a benign polyp removal, and alleges having prostate problems.

He alleges he had a Lumbar Sprain in 1990 and reported to the Workmen Compensation, and Dr. Hoyos identified that plaintiff had an "epicondylitis" and sprain of the right superior extremity, shoulder "aggravated" in 1992; and that in 1996 Dr. Norberto Arbona was apparently treating him for muscle spasm in the area.

Mr. Morales Vallellanes did not complaint of any physical limitations during the interview.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE   FIVE

**Informed Evaluation Protocol:**

The protocol of evaluation, included the following observations:  During the beginning of the interview (first four minutes), the plaintiff was advised, that our purpose was to examine him for the Civil Complaint against the United States Postmaster.  That we would conduct the interview in his preferred language, Spanish or English; to which the plaintiff expressed his desire to be evaluated in Spanish.

I proceeded to ask an identification card, and plaintiff produced the driver's license. I asked him if there was any reason for which he would like to postpone the interview. He replied in the negative.  I asked him if he was under the influence of any prescribed medication that could cause him to be different, particularly pain killers or medications that induced sleep; and the plaintiff replied in the negative.

I asked the plaintiff, if he suffered from any condition that could require me to modify the scheduled interview, such as: A) Problems of hearing  B)  Problems with Attention such as A.D.D. (Attention Deficit Disorder) or C) A Seizures problem, such as "Epilepsy". The plaintiff indicated in the negative.

Finally I explained the plaintiff that there would not be confidentiality to his responses, that I would have to write a report on my opinions, and that I would be taking notes on his responses to help me compare and later write the report; and explained to him, that there would not be any doctor-patient relation.  That although I am a physician, I could not recommend to him anything about his conditions, side-effects or anything that might be interpret as a treating session.  That this was not an appointment for psychotherapy, and that I would do my best to obtain information; but that everything could be potentially revealed.

The plaintiff had a cap in his head, and he kept it until I asked him if he had grayish hair.

**Substance Use or Abuse:**

The plaintiff denies use of alcohol or cigarettes.

**Side effects of pharmacotherapy:**

Plaintiff alleges his suffers from heartburn stomach.  He is taking Prevacid 15 milligrams daily.

**Motivation to work:**
None

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE    SIX

**Evolution of Psychiatric Symptoms:**

The plaintiff alleges that his first emotional symptoms appeared early in 1997. That his initial contact with a therapist was with an E.A.P., but that later he was evaluated and treated by Dr. Guillermo Hoyos.

Mr. Morales alleged anxiety and depression, caused by circumstances already narrated. He received benefits from the Workmen Compensation.

Mr. Morales did not indicate a syndrome that would meet criteria for a Major Depressive Episode, or a Post Traumatic Stress Disorder.

The plaintiff described an event that imposed him some impairment that could be considered an Adjustment Disorder, as indicated by Dr. Hoyos in his report of February 1997.

Mr. Morales denied any suicidal ideation.

Mr. Morales indicates that he has felt worst in the past week as compared to his previous days. He indicates that it is caused by the notification, that he had this psychiatric evaluation.

Mr. Morales anticipated that this report would not be favorable to him, and he expressed it during the course of the interview.

**IV- MENTAL STATUS EXAMINATION:**

Mr. Angel D. Morales Vallellanes (the plaintiff) was examined for a period of not less than two (2) hours. He is a man that looks about 46 years of age. He stands 5 feet 10 inches tall and weights 150 pounds. He is not suffering from ataxia and has no problems to walk without help of any kind. He is not in any kind of distress.

He wears adequate clothing to the interviews, blue jeans and long sleeve shirt, and a cap in his head. He is not wearing mustache or beard. His hair is dark brown, and admits, he is using "Just for men" to cover grayish areas. He uses no accessories or jewels. He does not carry a cane or any other feature, besides his cap and wallet.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                      PAGE SEVEN

Behavior:    His behavior is appropriate. He is cooperative. He does not try to control the
interview.  He is somehow irritable at times.  He spontaneously makes additional comments
that were not requested.   He was trying to convince the examiner, that all the processes had
been unfair to him.  He has good eye-to-eye contact. He does not try to hide or intensify his
feelings associated to events that took place in work. Rapport was not easily established,
because he seems to be apprehensive.

Language:    Spanish was selected by plaintiff.    Appropriate to educational and
social/economical status.

Affect:  Restricted.

Mood: Irritable at  times, other euthymic (WNL).

Speech and voice:  Male pitched, normal tone.  Adequate tempo or timing in producing verbal
responses.

Thought form:   The thought was coherent, relevant, logical and rational. There was mild
circumstantial thought, goal directed.   Intellectualization was observed as mechanism of
defense.  No tangential thought, no blocking, no disarthria, no stuttering.  He did not present
racing thoughts, word salad, racing thoughts or pressured speech.

Thought content: No suicidal or homicidal ideation.  No delusions, no phobias and no ideas of
grandiosity, no narcissistic ideas, no ideas of reference and no dysmorphic phobia.   No
somatizations. He has some vague ideas of persecution, that have not occurred over the past
years, because he is not working.

Angel D. Morales Vallellanes alleges he felt ideas of despair and ideas of worthlessness and
guilt.  No  ideas about wanting to be dead or an idea about life is not worth living.

Attention and concentration are preserved.  He was able to carry out the serial of seven
subtractions, and  was able to spell backwards the word "WORLD" in Spanish.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                          PAGE   EIGHT

He was able to repeat a sequence on numbers  of six in a row and  seven in a row without any mistakes, but failed in the sequence of eight.

| TEST | ANSWERED: |
|------|-----------|
| a) 1,4,6,7,9,3. | A) 1,4,6,7,9,3.(Excellent) |
| b) 2,3,7,6,8,9,5 | B) 2,3,7,6, 8,5,9 (Excellent). |
| c) 3,7,0,8,1,4,9,2 | C) 3,7,0,8,1,4, 9, 2 (Excellent) |

Intellect:  Plaintiff was able to answer correctly a series of questions of general knowledge.

Orientation:  Oriented in time, place and person.

Social Judgment:  Within Normal Limits.  Adequate.

Insight:  Superficial.

Perception:  No auditory or visual hallucinations or abnormal reaction to stimuli.

Abstraction:  The plaintiff interpreted proverbs in a simple way. Somewhat limited.

| PROVERB | ANSWERED |
|---------|----------|
| 1) "Palo que nace virao….." | "The ones born with a condition, will not change" |
| 2) "Más vale pájaro en mano que……" | "Is better to take what is offered, than to wait for some other later". |

Memory was tested for immediate recall, answering correct  5 out 5 (Piña, Mesa, Peso, Casa, Bola).  His recent memory was good and remote memory was good too.  His five minutes recall: "Piña, Mesa, Peso, Casa, Bola" excellent (5 out of 5).

There is no indication that the plaintiff suffers from a Cognitive Disorder at present.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                   PAGE NINE

## V- DIAGNOSIS IMPRESSION (DSM IV TR, APA 2000):

AXIS  I  :        (309.28) Adjustment disorder mixed, in complete
                  remission.
                  Anxiety symptoms that do not comprehend a psychiatric disorder.

AXIS II  :        Some Avoidant and Paranoid Personality characteristics.

AXIS  III:        S/P Colonoscopy Benign Polyp removal
                  R/O  Benign Prostate Hypertrophy
                  R/O  GERD

AXIS IV:          Psychosocial stressor:  Loneliness, Primary Support Group Problems
                  (Mother with Alzheimer's disease),  Occupational problems,  Vocational
                  problems.

AXIS  V:          SOFAS   75-61   Highest in last year 75.
                  Previous level   70-61 (1997)

Interpretation of SOFAS  75-61   means that the plaintiff has some important limitation in social area, he may have some occupational problems; however, he is functioning fair in some of the areas, most of the time. In the above case, there are some issues about commitment that he does not want to admit;  and problems in maintaining close relations. The concentration, persistence and pace are not limited, he is able to perform routine working skills in a satisfactory way.  There are no limitations in ability to handle funds.

His ability to interact adequately with peers is limited, and ability to respond adequately to supervisors is impaired.  He has some difficulty to tolerate stress and to respond adequately to criticism.  He has no important economic problems.

## VI- Medical  Psychiatric Opinion:

(1)  Opinion Number one: It is my opinion that Mr. Angel D. Morales Vallellanes has no clinical psychiatric condition at present.   That he had an Adjustment Disorder, Mixed Characteristics by 1997; however, since he engaged in adequate psychotherapy and pharmacotherapy; he improved.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE  TEN


(2) Opinion Number two: Considering the statements included in the medical opinion of my brother colleague, Dr. Guillermo Hoyos Precsas, beginning in page 10 of 20, up to page 12 of 20 (report dated June 29, 2006); I must observe, that if the following were facts:

  A)  Being suspended from work for using a Postal Service Jacket.
  B)  A supervisor and two co-workers punching plaintiff tires
      in more than one occasion.
  C)  A co-worker sexually molesting plaintiff in one occasion,
      and harassed for being thought of, as a homosexual.
  D) Being wrongfully accused for violence against
      a senior co-worker.

It would be possible and even probable, to attribute significative source of distress from the above situations.  These hypothetical situations may create a hostile work environment, and an Adjustment Disorder.

However, it is astonishing to observe, that at the same time that a person is requesting a reasonable accommodation, the same person considers himself to be in a position for promotion.

(3)  Opinion Number three: The other attributed factors, as a source of distress, are that by February 1996 (from page 18 of 20, Dr. Hoyo's  report) plaintiff filed another complaint before the EEO, because he was not promoted.

From the psychiatric standpoint, a person with much litigation may be suffering from Paranoid Personality features.

The DSM IV TR (APA  2000) indicates that the essential feature is "a pattern of pervasive distrust and suspiciousness of others such that their motives are interpret as malevolent".
 The DSM IV TR (Page 690) continues: "This pattern begins in early adulthood and is present in a variety of contexts".

Other features include:  "Minor slights arouse major hostility, and the hostile feelings persist for a long time".  Individuals with Paranoid Personality are generally difficult to get along with and often have problems with close relations.

Angel D. Morales Vallellanes
Civil Case No.97-2459 (JAG)                                    PAGE ELEVEN

(4) Opinion number four: The fact that the plaintiff was given the diagnosis of an Adjustment Disorder in 1997, as indicated by Dr. Hoyos Precsas (his treating psychiatrist), and not a Post Traumatic Stress or a Major Depression, Single Episode, Severe without Psychotic Features, is an important and essential condition, to establish that the long-term  limitations may be attributed to personality features, and not the work environment.

In 1997, Dr. Hoyos presented his patient (the plaintiff) with a Global Assessment of 61 to 70, meaning mild or transient symptoms.  The DSM-IV (1994) and DSM-IV TR (2000) establish that a person with such global functioning is fairly well, with "some difficulty in social, occupational or school functioning".

It is a fact that Dr. Hoyos indicated in his report written on June 29, 2006, that the last time he contacted his patient was in May 24, 2006 (page 15 of 20).  More than one month prior to his report; meaning that he understands that the patient is doing fairly well, and psychotherapy is not necessary in more frequent manner

(5) Opinion number five:   The DSM-IV and DSM IV TR criteria for diagnosis establish, that an Adjustment Disorder will be considered when the symptoms are evoked by an event, unless the symptoms meet criteria for a Major Depressive Episode, a diagnosis of Major Depression will not be considered.

Therefore,  it is my opinion that Dr. Guillermo Hoyos Precsas, utilized extreme flexibility and omitted gold standards to support a diagnosis of Major Depression in his last report, when the reports that I examined "initially stated" that he considered an Adjustment Disorder, not the opposite way.

(6) Opinion number six: It is my opinion that the emotional syndrome of the plaintiff is not better explained as a Schizoaffective Disorder, a Schizophrenia, a Mood Disorder induced by a General Medical Condition or a Substance Abuse Disorder.

The acute symptoms apparently took place within 1996 to 1997, and  I did not observe enduring factors to consider that the plaintiff could be worst at present, than in 1997.

(7) Opinion number seven:  The limitations that I observed in Mr. Angel Morales at present are not related to the problems related to the U.S. Postal Service, Caparra Station.

Angel D. Morales Vallellanes
Civil Case No. 97-2459 (JAG)                                    PAGE TWELVE

(8)  Opinion eight:  The initial Adjustment disorder, as defined in the DSM-IV TR, transient
and mild syndrome; could be cause related to the circumstances indicated in Opinion number
two.

Assuming that the hypothetical question is that, if given credibility, these circumstances might
have caused limitations that could have persisted for six months in a row.

I hereby  certify that these are my opinions, that I reserve the right to amend or expand these
opinions, should additional information be obtained that was previously considered by me.

**Ramón O. Fortuño,  MD      Forensic Psychiatrist**
Diplomate of the American Board of Forensic Examiners
Diplomate of the American Board of Forensic Medicine
Diplomate of the American Academy of Experts in Traumatic Stress
Puerto Rico Medical License  No. 009297 Professional Certification 2004-008128

References:

1. APA DSM-IV TR (APA Press 2000)
2. Kaplan Sadock  Comprehensive Textbook of Psychiatry. Edition Seventh, 2 Volumes
(Lippincott, William & Wilkins 2000).
3. AMA Guidelines for the Evaluation of Permanent Impairment (Edi.  5, 2001).
4. Psychiatric Annals, "Interpersonal Psychotherapy" August 2006, Volume 36, Number 8.

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2472 |
| CONNECTION TEL | 97877510883 |
| CONNECTION ID | |
| ST. TIME | 11/03 10:31 |
| USAGE T | 03'48 |
| PGS. SENT | 13 |
| RESULT | OK |



*U.S. Department of Justice*
**Rosa Emilia Rodriguez-Vélez**
*United States Attorney*
*District of Puerto Rico*

Torre Chardón, Suite 1201          *Telephone: (787) 766-5656*
*350 Carlos Chardón Street*          *Telecopier: (787) 766-6219*
*San Juan, Puerto Rico 00918*

*November 3, 2006*

*Via facsimile: 787-751-0883*
*Via electronic mail: miranda!awfirm@aol.com*
*Via First Class Mail Return Receipt Requested*
*Hand delivered to: #22 Mayaguez Street, San Juan, P.R. 00917*

*Miguel E. Miranda, Esq.*
*PMB 132, 255 Ponce de León, Suite 75*
*San Juan, Puerto Rico 00917-1919*

                    *RE:  Angel D. Morales v. John e. Potter*
                         *USDC PR Civil No. 97-2459*
                         *USAO No. 97cv2261*

*Dear counsel:*

*        Pursuant to this Honorable Court's Order dated November 2, 2006 (Docket Entry No. 328),*

*enclosed please find the corrected version of Dr. Fortuño's forensic psychiatric report regarding*

*Plaintiff Angel D. Morales Vallellanes.*

*        Without any further matter to comment at this time, I remain,*

                         *Cordially yours*

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2471 |
| CONNECTION TEL | 97877510883 |
| CONNECTION ID | |
| ST. TIME | 11/03 10:27 |
| USAGE T | 03'48 |
| PGS. SENT | 13 |
| RESULT | OK |



*U.S. Department of Justice*
**Rosa Emilia Rodríguez-Vélez**
*United States Attorney*
*District of Puerto Rico*

Torre Chardón, Suite 1201        *Telephone: (787) 766-5656*
350 Carlos Chardón Street         *Telecopier: (787) 765-6219*
San Juan, Puerto Rico 00918

*November 3, 2006*

*Via facsimile: 787-751-0883*
*Via electronic mail: miranda¹awfirm@aol.com*
*Via First Class Mail Return Receipt Requested*
*Hand delivered to: #22 Mayagüez Street, San Juan, P.R. 00917*

*Miguel E. Miranda, Esq.*
*PMB 132, 255 Ponce de León, Suite 75*
*San Juan, Puerto Rico 00917-1919*

                    *RE: Angel D. Morales v. John e. Potter*
                    *USDC PR Civil No. 97-2459*
                    *USAO No. 97cv2261*

*Dear counsel:*

*Pursuant to this Honorable Court's Order dated November 2, 2006 (Docket Entry No. 328),*

*enclosed please find the corrected version of Dr. Fortuño's forensic psychiatric report regarding*

*Plaintiff Angel D. Morales Vallellanes.*

*Without any further matter to comment at this time, I remain,*

                    *Cordially yours*

Civil No. 97-2459 (GAG)
Attachment 3

## Rodriguez, Luis (USAPR)

| | | |
|---|---|---|
| **From:** | Rodriguez, Luis (USAPR) | Letter dated November 3, 2006 via |
| **Sent:** | Friday, November 03, 2006 10:53 AM | electronic mail to |
| **To:** | 'mirandalawfirm@aol.com' | mirandalawfirm@aol.com |
| **Cc:** | Sevillano, Fidel (USAPR) | |
| **Subject:** | Angel D. Morales Vallellanes v. John E. Potter (USDC PR Civil No. 97-2459 GAG) | |

**Attachments:**    97-2459 (Compliance).PDF

Dear counsel:

Pursuant to the Court's Order, enclosed please find copy of Dr. Fortuño's expert report.

The same was forwarded to your attention via facsimile: 787-751-0883, the same will be also be served via First Class Mail with Return Receipt Requested (Article No. 7002-2030-0003-1485-0973) and also will be hand deliver to your attention.

Please be advise that the messenger services will require your office to acknowledge receipt of this document.

Without any further matter to comment at this time, I remain,

Cordially yours,

*Luis M. Rodríguez Nieves*
Legal Assistant
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, Puerto Rico 00918
Telephone:  787-772-3948 (voice)
Facsimile:  787-766-6219
Email:  luis.rodriguez3@usdoj.gov



97-2459
mpliance).PDF (600

1

**Rodriguez, Luis (USAPR)**

| | |
|---|---|
| **From:** | System Administrator |
| **To:** | Sevillano, Fidel (USAPR) |
| **Sent:** | Friday, November 03, 2006 10:54 AM |
| **Subject:** | Delivered:Angel D. Morales Vallellanes v. John E. Potter (USDC PR Civil No. 97-2459 GAG) |

Your message

| | |
|---|---|
| To: | mirandalawfirm@aol.com |
| Cc: | Sevillano, Fidel (USAPR) |
| Subject: | Angel D. Morales Vallellanes v. John E. Potter (USDC PR Civil No. 97-2459 GAG) |
| Sent: | 11/3/2006 10:53 AM |

was delivered to the following recipient(s):

Sevillano, Fidel (USAPR) on 11/3/2006 10:54 AM

## Rodriguez, Luis (USAPR)

**From:**       Internet Mail Delivery [postmaster@wdcsun3.usdoj.gov]
**Sent:**       Friday, November 03, 2006 10:55 AM
**To:**         Rodriguez, Luis (USAPR)
**Subject:**    Delivery Notification: Message successfully forwarded

**Attachments:**   ATT146277.txt; ATT146278.txt



ATT145277.txt      ATT146278.txt (2
   (776 B)              KB)

                    This report relates to a message you sent with the following
header fields:

```
Return-path: <Luis.Rodriguez3@usdoj.gov>
Return-receipt-to: LRodriguez1@usa.doj.gov
Disposition-notification-to: Luis.Rodriguez3@usdoj.gov
Received: from tcp_goodsites-daemon.wdcsun3.usdoj.gov by wdcsun3.usdoj.gov
  (iPlanet Messaging Server 5.2 HotFix 1.21 (built Sep  8 2003))
  id <0J8500I8ITGCS0@wdcsun3.usdoj.gov>
  (original mail from Luis.Rodriguez3@usdoj.gov); Fri,
  3 Nov 2006 09:55:25 -0500 (EST)
Received: from ems01.usdoj.gov (localhost [127.0.0.1])
  by wdcsun3.usdoj.gov (iPlanet Messaging Server 5.2 HotFix 1.21 (built Sep  8
  2003)) with ESMTP id <0J8500I7STG7IC@wdcsun3.usdoj.gov> for
  mirandalawfirm@aol.com; Fri, 03 Nov 2006 09:55:20 -0500 (EST)
Received: from USAHUBSML201.usa.doj.gov (localhost [127.0.0.1])
    by ems01.usdoj.gov (8.13.6+Sun/8.12.10) with ESMTP id kA3EsKSI014496    for
  <mirandalawfirm@aol.com>; Fri, 03 Nov 2006 09:55:16 -0500 (EST)
Received: from USAPRSML01.usa.doj.gov ([10.205.106.137])
  by USAHUBSML201.usa.doj.gov with Microsoft SMTPSVC(6.0.3790.1830); Fri,
  03 Nov 2006 09:53:31 -0500
Date: Fri, 03 Nov 2006 10:53:25 -0400
From: "Rodriguez, Luis (USAPR)" <Luis.Rodriguez3@usdoj.gov>
Subject: Angel D. Morales Vallellanes v. John E. Potter (USDC PR Civil No.
  97-2459 GAG)
To: mirandalawfirm@aol.com
Cc: "Sevillano, Fidel (USAPR)" <Fidel.Sevillano@usdoj.gov>
Reply-to: "Rodriguez, Luis (USAPR)" <Luis.Rodriguez3@usdoj.gov>
Message-id: <AF5DAFDA6ED5BB45A8BE253A01E893426BFC92@USAPRSML01.usa.doj.gov>
MIME-version: 1.0
X-MIMEOLE: Produced By Microsoft Exchange V6.5.7226.0
Content-type: multipart/mixed; boundary="Boundary_(ID_dRR7mJMcDFED5FPRO+clbw)"
Content-class: urn:content-classes:message
Thread-topic: Angel D. Morales Vallellanes v. John E. Potter (USDC PR Civil No.
  97-2459 GAG)
Thread-index: Acb/V9C893uzfjs3StirVUyTcA8c/Q==
X-MS-Has-Attach: yes
X-MS-TNEF-Correlator:
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 mlx=-1
  adultscore=0 adjust=0 reason=limit engine=3.1.0-0609190001
  definitions=main-0609250014
X-OriginalArrivalTime: 03 Nov 2006 14:53:31.0898 (UTC)
  FILETIME=[D47F2DA0:01C6FF57]
```

Your message has been successfully relayed to the recipients

```
Recipient address: mirandalawfirm@aol.com
Reason: Message successfully relayed to a system that does not support receipts
Diagnostic code: dns;mailin-03.mx.aol.com (rly-yc02.mail.aol.com ESMTP mail_relay_in-
yc2.5  Fri, 03 Nov 2006 09:55:22 -0500) smtp;250 OK
```

    Remote system: dns;mailin-03.mx.aol.com (rly-yc02.mail.aol.com ESMTP mail_relay_in-
yc2.5; Fri, 03 Nov 2006 09:55:22 -0500)

on a remote system that does not support the generation of successful delivery receipts.
This does NOT mean that your message has actually been placed in the recipients'
mailboxes; merely that it has passed through a part of the message transport
infrastructure. In the event of a nondelivery you should expect to receive a nondelivery
notification; in the event of successful delivery, however, you are unlikely to receive a
positive confirmation of delivery.

Civil No. 97-2459 9GAG)
Attachment 4

Neim Delivery Service Invoice

**NEIM DELIVERY EXPRESS CORP.**
*El Servicio Hace La Diferencia*
Box 9348, Bayamón, P.R. 00960
Tels. 982-2163 • 982-2183

CLIENTE: _____  Fecha: _____

POR CONCEPTO DE ENTREGA EN/DESDE: _____

CARGOS:  ☑ IDA Y VUELTA    ☐ ENTREGA EN CARRO    ☐ CASH
ADICIONALES:  ☐ TIEMPO DE ESPERA    ☐ RUSH CARGO ADICIONAL    ☑ CREDITO    TOTAL$

Firma del Acareedor          Firma Persona que Recibe          Firma del Cliente

CONDICIONES DEL CONTRATO: Términos para toda clase de entrega. Nuestras tarifas son por viajes, dependiendo la distancia de un lugar a otro y su tiempo invertido. Todo entrega está asegurada por Neim Delivery Express, Corp. en caso de pérdida, robo o daño por su valor total hasta un máximo de $100. Este seguro cubre solamente el franqueo de la entrega por lo cual todo reclamación se debe hacer al momento de la entrega. Neim Delivery Express, Corp. no se hace responsable de tardanzas en la entrega debido al mal tiempo o inconvenientes fuera de nuestro alcance. Las entregas a crédito vencen a los quince (15) días, por lo que el cliente queda comprometido a pagar en dicho término. Para cualquier reclamación deberá presentar este comprobante.



U.S. Department of Justice
**Rosa Emilia Rodríguez-Vélez**
United States Attorney
District of Puerto Rico

_____

Torre Chardón, Suite 1201                    *Telephone: (787) 766-5656*
350 Carlos Chardón Street                   *Telecopier: (787) 766-6219*
San Juan, Puerto Rico 00918

*November 3, 2006*                    Civil No. 97-2459 9GAG)
                                              Attachment 5

*Via facsimile: 787-751-0883*                Acknowledge of Receipt dated November
*Via electronic mail: mirandalawfirm@aol.com*        3, 2006 signed by Aideliz Alvarez
*Via First Class Mail Return Receipt Requested*
*Hand delivered to:  #22 Mayaguez Street, San Juan, P.R. 00917*

*Miguel E. Miranda, Esq.*
*PMB 132, 255 Ponce de León, Suite 75*
*San Juan, Puerto Rico 00917-1919*

                    RE:  Angel D. Morales v. John e. Potter
                         USDC PR Civil No. 97-2459
                         USAO No. 97cv2261

*Dear counsel:*

    *Pursuant to this Honorable Court's Order dated November 2, 2006 (Docket Entry No.  328),*

*enclosed please find the corrected version of Dr. Fortuño's forensic psychiatric report regarding*

*Plaintiff Angel D. Morales Vallellanes.*

    *Without any further matter to comment at this time, I remain,*

                         *Cordially yours*

                         *Rosa Emilia Rodríguez-Vélez*
                         *United States Attorney*

    *Signed for:   Luis M. Rodríguez, Legal Assistant*
                   *Fidel A. Sevillano Del Río*
                   *Assistant United States Attorney*

*Received by:*  Aideliz Alvarez

*Date:*        *November 3, 2006*

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark
Here

Total Postage &

Sent To
*Miguel E. Miranda, Esq.*
Street, Apt. No.; or PO Box No.
*PMB 132, 255 Ponce de León, Suite 75*
City, State, ZIP+4
*San Juan, Puerto Rico 00917-1919*

PS Form 3800, June 2002                    See Reverse for Instructions

7003 2030 0003 1485 0973

Civil No. 97-2459 (GAG)
Attachment 6

Article No. 7003-2030-0003-1485-0973