IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>**Plaintiff,**<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>**Defendants.** | **CIVIL NO. 97-2459 (CLV)**<br><br>**DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>**TRIAL BY JURY IS HEREBY REQUESTED** |

**MOTION TO VACATE ORDER**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully inform this Honorable Court:

1.     This Honorable Court granted ten (10) days to file an Amended Pre-Trial Order and limit the testimonial and documentary evidence to the three (3) alleged outstanding claims from Count I of the Amended Complaint.

2.     According to this Honorable Court, the alleged three (3) outstanding claims is the decision by the Court of Appeals which allowed the Title VII cause of actions to only those discrimination and retaliation acts that were previously the subject of a formal EEO complaints.

3.     In accordance to said decision Plaintiff is unjustly prevented to present evidence about two (2) other EEO complaints of discrimination and retaliation that only reached the pre complaint status. Moreover, said decision impedes Plaintiff to present evidence of the several incidents of discrimination and retaliation he was subjected and that were filed as EEO pre complaints. This decision is contrary of the continuing violation doctrine that has been recognized by the Federal

Courts. Also it was recognized by a resounding decision of the Supreme Court in <u>National Railroad Passenger Corp. v. Morgan,</u> 112 S. Ct. 2061 (2002).

4. Plaintiff at all times was under the good faith impression that Count I of the Amended Complaint survived in addition to the three (3) issues. As evidence of the above Plaintiff mentioned said position (the survival of Count I) in his Response in Opposition to Motion for Summary Judgment dated November 14, 2005 (docket no. 265), and more specifically in his Motion to Clarify Order dated December 12, 2005 (docket no. 271)

5. Defendant nor this Honorable Court never opposed or clarified said position until the status conference held last February 6, 2007.

6. Under the "continuing violation doctrine" Plaintiff is requested to show that there was an "ongoing pattern or practice of discrimination, rather than one isolated instance". See <u>Jenson v. Eveleth Taconite Co.</u>, 130 F.3d 1287 (8th Circuit 1997); <u>Fielder v. UAL Corp.</u>, 281 F.3d 973 (9th Circuit 2000); and <u>Rush v. Scott Speciality Gases, Inc.</u>, 113 F.3d 476 (3rd Circuit 1997).

7. There are two (2) types of continuous violations as recognized by the Federal Court (i) serial violations and (ii) systematic violations. The evidence in the above captioned case will prove that plaintiff was the subject of a serial and systematic violations as it "is composed of a number of discriminatory acts mandating from the same discriminatory animus, each act constituting a separate wrong actionable under Title VII". See <u>Sabree v. United Brotherhood of Carpenters and Joiners Local No. 33</u>, 921 F. 2d 396 (1st Circuit 1990); <u>Kilpatrick v. Riley</u>, 98 F. Supp. 2d 9 (D.D.C. 2000).

8. The subsequent filing of four (4) EEO complaints by Plaintiff during a twelve (12) month span that involved the "same subject matter" which is discrimination and retaliation and the frequency of the acts constituted an ongoing practice and a hostile work environment as evidence of the continuing violation doctrine. See <u>Filipovic v. K & R Exp. System, Inc.</u>, 176 F.3d 190 (7th

Circuit 1999); Huckabay v. Moore, 142 F.3d 233 (5th Circuit 1998).

9. Exception to 180 days limitations period is made for "continuing violation", under which theory plaintiff must show a series of related acts, one or maintenance of discriminatory system both before and during limitations period. Tyson v. Sun Refining & Marketting Co., (1984, ED Pa) 599 F.Supp 136.

10. Claim may be timely under "continuing violation" doctrine although Plaintiff has not argued or briefed issue; under such doctrine Plaintiff's action is timely with respect to any act of defendant if act is part of continuing course of prohibited conduct, in such case, Plaintiff will be allowed to litigate statutory violations within limitations period and all preceding violations that are part of that course of conduct. Berry v. E.I. Dupont de Nemours & Co., (1985, DC Del) 625 F. Supp. 1364.

11. The continuing violation doctrine permits courts to consider alleged discriminatory acts occurring prior to statute of limitations period for the Title VIII actions if ats were part of continuing pattern of discrimination; such theory effectively extends filing periods in Title VII cases, and relieves Plaintiff of burden of proving that entire violation occurred within actionable period. Thompson v. Rungon, (1994, WD Mo) 16 ADD 1268, 4 AD Cas 188, 69 BNA FEP Cas 1619, affd without op (1994, CA3 Pa) 31 F.3d 1172.

12. The U.S. Supreme Court addressed the applicability and scope of the "continuing violations" doctrine in National Railroad Passenger Corp. v. Morgan, 112 S. Ct. 2061 (2002).

13. In the above referenced case (hereinafter referred as "Morgan") the Supreme Court presents new and important case law. The statutory limitation of Title VII requires that employees seeking to litigate discrimination claims must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days or, in same cases 180 days of the alleged discriminatory event. If a charge is not timely filed, a claim for acts that proceeded the limitation

is barred.

14.     In Morgan the Supreme Court first principal holding was (i) that 42 U.S.C § 2000 e-5 (e) (1) precludes recovery for discrete acts of discrimination or retaliation that occur outside the relevant statutory time period for filing charges of discrimination. The second principal holding by the Supreme Court (ii) was that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period is permissible for purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period. Finally, the Supreme Court also held (iii) that the application of equitable doctrines may either limit or toll the time period within which an employee must file a charge.

15.     According to the majority of the Court in Morgan, a hostile work environment by its nature involves the cumulative effect of conduct perpetuated over an extended period. May factors may contribute to such a claim; for example, the frequency of the wrongful conduct, its severity, the use of physical threats or humiliation, and whether the conduct unreasonable interfered with work, are all considerations that must be accumulated in the assessment of a hostile work environment.

   Moreover, the Title VII term "unlawful employment practice", in a hostile work environment claim, is comprised of a series of separate acts that collectively constitute actionable conduct. Consequently, the Supreme Court held that it does not matter that some of the components of the actionable conduct occurred prior to the statutory limitation period. In fact, the Court provided examples of charges where conduct constituting a hostile workplace occurs more than 300 days prior to filing a charge but where related wrongful actions occurred within 300 days of the charge being filed thus supporting a valid claim. Therefore, all of the prior conduct, even if it occurred outside the 300 days limit, could be brought into the claim.

16. The Supreme Court also explained that Title VII "in no way bars a plaintiff from recovering for that portion of the hostile environment that falls outside the period for filing a timely charge." Accordingly, the statutory limitation on liability is apparently not a limitation on damages.

17. In citing Morgan it was held that incidents comprising hostile work environment were part of this single claim; thus employee was only required file charge within 300 days of any act that was part of a hostile environment and appellate court, accordingly, reversed district court's grant of summary judgment in favor of employer. Boyer v. Cordant Techs. Inc., (2003, CA 10 Utah) 316 F.3d 1137.

18. A district court properly denied employer's motion for summary judgment as matter of law under Fed. R. Civ.P. 50 in employee's action alleging sexually hostile work environment in violation of 42 USCS § 2000 e-2, part of Title VII of Civil Rights Act of 1964, 42 USCS §§ 2000e et. seq.; and in violation of Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 claim was timely under 42 USCS § 2000 e-5 because were so similar in nature, frequency and severity that they were part of hostile work environment that gave rise to Title VII action; moreover, for purposes of MHRA, component acts were sufficiently related to form single practice for purposes of equitable exception to MHRA limitations period. Rowe v. Hussman Corp., (2004, CA 8 Mo) 381 F. 3d 775.

19. In the above captioned case, Plaintiff Angel D. Morales-Vallellanes alleged consistently the discrimination and retaliation he was subject of in all four EEO complaints filed. Also, several discrimination and retaliation acts of hostile work environment occurred before, during and after the limitations period and should be included as a timely claim.

20. In the narrative report from this case given by the Courts of Appeals judgment, it is easily showed that Plaintiff case fit exactly within the Continuing Violations Doctrine when the Honorable

Court of Appeal narrates all the abusive continuing violations Plaintiff was subjected from defendant US Postal Service (see USCA1 judgment docket 169 pages 3, 4, 5 and 6).

21.     In accordance to Morgan, Plaintiff Morales-Vallellanes does not have to amend the Pre-Trial Order limiting the testimonial and documentary evidence to the three (3) outstanding claims a result of the continuing violations doctrine.

**WHEREFORE**, it is respectfully requested from this Honorable Court to vacate its February 7th, 2007 order to amend the Pre-Trial Order limiting testimonial and documentary evidence to the three outstanding Title VII claims.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on February 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
**USDC 203110**
ATTORNEY FOR PLAINTIFF
P.O. BOX 192271
San Juan, Puerto Rico 00919-2271
TEL: (787) 282-0022
FAX: (787) 753-7655