IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL DAVID MORALES-VALLELLANES<br><br>    Plaintiff<br><br>            v.<br><br>UNITES STATES POSTAL SERVICE<br><br>    Defendant | CIVIL NO. 97-2459(GAG) |

**OPPOSITION TO MOTION TO VACATE ORDER**

TO THE HONORABLE COURT:

   COMES NOW the Defendant and through the undersigned attorneys respectfully submits its Opposition to Plaintiff's Motion to Vacate related at D.E. 346, as follows:

   1. Plaintiff's contention at this stage of the proceedings to vacate this court's order at D.E. 344 is not only late, but misplaced. The Court of Appeals Judgment which controls this remand, textually reads as follows at page 17 of the Slip Opinion:

>   "We agree with USPS that Morales' Title VII cause of action is <u>limited</u> to those <u>discrimination</u> and <u>retaliation</u> allegations in his amended complaint that were previously the subject of a <u>formal EEO complaint</u>. As we read the EEO dismissal letters, this <u>universe</u> is limited to the following allegations:
>
>   (1) Morales' allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints
>
>   (2) Morales' allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsibilities were awarded to a female employee and he was given window clerk duties to perform

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 2

>   (3) Morales' allegation that the "coffee and lunch breaks" policy was not applied in an equal and nondiscriminatory matter

(Emphasis added)

From the above it is crystal clear that, from a universe of allegations originally made by plaintiff at his Amended Complaint in District Court, only three items survived. The same relates exclusively to sexual discrimination and retaliation and then only, to those that were subject to a formal EEO complaint.

At paragraph three (3) of the Motion to Vacate, plaintiff, erroneously, and with the sole intention of bypassing the Court of Appeals' Judgment and Remand Order, intends to insert in these proceedings "two (2) other EEO complaints of discrimination and retaliation that only reached the precomplaint status." Plaintiff's own allegations betray his cause. By his own allegations the cases plaintiff is trying to unduly force into these proceedings did not rise to more than precomplaint status. Therefore, the same are excluded from any judicial consideration because the Court of Appeals' scope of remand jurisdiction applies to the cases that a formal EEO complaint was originally filed and, then, only as it relates to sex discrimination and retaliation. Any other type of case is to be excluded from judicial consideration because, to provide otherwise, would only reinstate the universe of allegations that plaintiff originally alleged in

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 3

District Court and that the Court of Appeals dismissed, limiting the remand to the three outstanding items previously mentioned.

2. The plaintiff mentions for the first time in this case the continuing violation doctrine as set forth in <u>National Railroad Corporation v. Morgan</u>, 536 U.S. 101 (2002). This is also misplaced and late.

EEO law had long embraced the "continuing violation doctrine," by which employees can seek redress for a pattern or practice of discrimination which has lasted into the 45-day period, but which began before that period. Under this doctrine, the series of discriminatory acts are treated as a single unlawful employment practice – a "continuing violation." Thus, as long as this violation extended into the 45-day period (for federal employees) before the employee first complained of discrimination, the employee's rights are preserved.

However, in <u>National Railroad Passenger Corporation v. Morgan</u>, 536 U.S. 101(2002), the Supreme Court clarified the continuing violation doctrine by distinguishing between "discrete acts" of discrimination and "hostile environment" discrimination or discrimination affecting the "terms and conditions of employment." Specifically, the Supreme Court held that discrete acts cannot form part of a continuing violation, and that the continuing violation doctrine is only meant to apply to hostile environment harassment.

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 4

The Supreme Court held that acts such as termination, failure to promote, denial of transfer and refusal to hire are "discrete acts." The EEOC added formal disciplinary measures to this list. See, e.g., Wegener v. Norton (U.S. Dept. Of the Interior), Appeal No. 01A03847 (2003). For example, if an employee was denied a promotion every year for the last three years - and the most recent denial was within the last 45 days - he/she will only be able to file a discrimination complaint regarding the most recent promotion denial. The other promotion denials, even if they were discriminatory and related to the most recent denial, are no longer actionable, pursuant to the Morgan case.

In the case at bar, there is no surviving hostile work environment cause of action to be tried by this Honorable Court under the Morgan case. Therefore, and pursuant to Morgan, the continuing violation doctrine would not apply. This case only refers to sexual discrimination and retaliation claims that were the subject of formal EEO complaints, and, then only, to exclusively the three items the Court of Appeals found proper to remand to District Court for further proceedings not inconsistent with its Opinion and Order.

The Morgan case is also inapplicable, not only because this case is not about hostile work environment nor the continuing violation doctrine, but, because plaintiff's contention runs

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 5

contrary and would be in flagrant disregard to the scope of the three remand issues that were clearly set forth by the Court of Appeals. Therefore, plaintiff's motion to vacate should be denied in its entirety.

WHEREFORE, the Defendant respectfully requests from this Honorable Court that it deny plaintiff's Motion to Vacate Order as hereinabove set forth.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Miguel Miranda, Esq.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this _____ day of February, 2007.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

*S/Fidel A. Sevillano Del Río*
Fidel A. Sevillano Del Río
Assistant United States Attorney
U.S.D.C.-P.R. No. 117812
Torre Chardón, Suite 1201
350 Chardón Street
San Juan, Puerto Rico 00918
Telephone: (787) 766-5656
Fax     : (787)-766-6219