IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL DAVID MORALES-VALLELLANES<br><br>    Plaintiff<br><br>    v.<br><br>UNITES STATES POSTAL SERVICE<br><br>    Defendant | CIVIL NO. 97-2459(GAG/CVR) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

TO THE HONORABLE COURT:

COMES NOW the Defendant and through the undersigned attorneys respectfully submits his Opposition to Plaintiff's Motion *In Limine* related at **D.E. 359.**

At the outset, the plaintiff has mischaracterized his Motion *In Limine.* In fact, it is a Motion to Exclude Defendant's Proposed and Announced Evidence. Plaintiff's motion to exclude is groundless and premature as to some aspects and late as to others. It is salient, however, that the plaintiff has waited for over six (6) months after the Amended Pretrial was filed back in February 2007, (**D.E. 352**) to now petition the Court for the exclusion of Dr. Mohinder Bhatia as Defendant's economic expert. This allegation is not only late, but frivolous and baseless as well.

Plaintiff's allegations, at his so-called "Motion *In Limine*", particularly, Paragraph 2, Subparagraphs (i), IV, V and VI have no legal basis. Subparagraphs (i) and (IV) are normal pretrial clauses that appear in standard proposed pretrial orders and both,

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 2

Plaintiff and Defendant, usually mention it.  Subparagraph (i) relates to the amendment of the witness list, which in Defendant's case, will not occur and, Subparagraph (IV), <u>rebuttal witness</u> relates to a safeguard clause normally used by both parties in the event of unanticipated testimony during trial that requires additional and unannounced testimony to rebut a fact or facts that have been misrepresented by a witness.

As to Subparagraphs (V) and (VI), the plaintiff will have, in due course, the opportunity to object to such proposed evidence, be it for relevancy, hearsay and the like pursuant to the Federal Rules of Evidence.  It is not a matter to raise at this time because it constitutes an <u>*a priori*</u> petition for exclusion of Defendant's proposed evidence particularly when the Defendant might not even introduce it at trial, but merely use it for impeachment and/or cross examination.  In any event, it is not a justiciable matter at this juncture but it could become an evidentiary issue during trial.  As to Subparagraph (iii), the Defendant moves for the voluntary exclusion of Mr. Juan Rodríguez and José Sepúlveda from Defendant's witness list.

As to subparagraph (ii), Defendant's economic expert witness, Dr. Mohinder Bhatia, the plaintiff has had Dr. Bhatia's economic report for over a year now or ever since June of 2006.  It was not until June 2, 2006 that Defendant finally received plaintiff's

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 3

economic expert report from Mr. Vicente Feliciano. As a matter of fact, enclosed is letter from the undersigned, dated May 8, 2006 (**Attachment 1**) whereby plaintiff's attorney is advised and notified that when Defendant receives plaintiff's already long overdue economic report, the Defendant would engage one on Defendant's behalf.

The delay in plaintiff submitting the two expert witnesses reports disrupted the whole discovery process as to the timeliness for their depositions. Consequently, the end product of all this delay was that, neither plaintiff nor defendant took either side's economic expert's deposition. Instead, the effort was concentrated in finalizing the depositions of the remaining fact witnesses in order to comply with the Court's Discovery Schedule. The disruption was caused by plaintiff's belated delivery of his two expert witnesses reports, particularly the economic report. This caused hardship to both parties in the form of not allowing for the depositions of the parties' economic expert witnesses. The plaintiff is thus estopped (stoppel) from raising any argument relative to, not only proper notification, but timeliness. Plaintiff has been an integral and active part of the delay in the discovery process during this long protracted litigation.

WHEREFORE, the Defendant respectfully requests from this Honorable court that it deny plaintiff's Motion *In Limine* as

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 4

hereinabove set forth.

    I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Miguel Miranda, Esq.

    RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 28th day of August, 2007.

                                  ROSA EMILIA RODRIGUEZ-VELEZ
                                  United States Attorney

                                  *S/Fidel A. Sevillano Del Río*
                                  Fidel A. Sevillano Del Río
                                  Assistant United States Attorney
                                  U.S.D.C.-P.R. No. 117812
                                  Torre Chardón, Suite 1201
                                  350 Chardón Street
                                  San Juan, Puerto Rico 00918
                                  Telephone:  (787) 766-5656
                                  Fax      :  (787)-766-6219