IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>**Plaintiff,**<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>**Defendants.** | **CIVIL NO. 97-2459 (GAG)(CVR)**<br><br>**DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>**TRIAL BY JURY IS HEREBY REQUESTED** |

**MOTION IN OPPOSITION TO DEFENDANTS OPPOSITION TO PLAINTIFF MOTION IN LIMINE**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully submits his opposition to Defendant's Opposition to Plaintiff Motion in Limine **(Docket 360)**:

1.   One more time Defendant's is trying to mislead this Honorable Court. Plaintiff respectfully suggests this Honorable Court to check the docket list to see how history betrays Defendant and who is telling the truth.

2.   On April 26, 2006 Honorable Judge Gustavo Gelpi ordered: *"The parties shall on or before May 12, 2006 agree to the dates of depositions, as well as dates to **announce experts and depose them"*** (see docket 280).

3.   On May 12, 2006 Defendant filed a motion informing this Honorable Court that according to an agreement by the parties, Plaintiff's economic and psychiatric report are due to be delivered to Defendant not later than June 2, 2006 (see docket 281, page 2).

4.   On May 18, 2006 Plaintiff filed a motion for extension of time (only for the psychiatric expert report and not the economic report) to provide the psychiatric expert report (see docket 285).

This Honorable court granted Plaintiff up to July 1, 2006 (Saturday) to provide the psychiatric expert report (Docket 286).

5.     On June 2, 2006 Plaintiff provide the economic expert report within the time limit agreed by the parties and by this Honorable Court (Docket 281, page 2). As this Honorable Court can see, Defendant's allegation regarding the tardiness of the economic report is false.

6.     On Friday June 30, 2006, one day before the time limit given by this Honorable Court to provide the psychiatric report (July 1, 2006 Saturday), Plaintiff made an intent to deliver the psychiatric report to Defendant's office however the office was closed as accepted by Defendant. Since the deadline given by this Honorable Court falls on Saturday, the psychiatric report was delivered on Monday July 3, 2006 within the time frame according to F.R.C.P.

7.     On a letter dated August 30, 2006 but delivered on hand on September 5, 2006, Defendant formally announced to Plaintiff (not to this court) that it has "*retained the professional services of Dr. Ramón Fortuño, psychiatrist*" **This was more than 4 months after the deadline (May 12, 2006) given by this Honorable Court to announce expert witnesses (see again docket 280).** Not only Defendant was very late but also he did not announce **any** economic expert witness (see Docket 289). It is important to notice that by this date Defendant has had Plaintiff economic expert report since June 2, 2006 (95 days) however Defendant's incredibly blame Plaintiff for his non compliance.

8.     On September 22, 2006 Judge Gustavo Gelpí ordered (Docket 301): **"*Plaintiff is hereby deemed to be in compliance with the expert witness deadline*"** contrary to Defendant's misleading allegations regarding Plaintiff tardiness. Moreover, in the same order, Judge Gelpí gave Defendant an incredible opportunity to announce again his expert witness, if any, and ordered Defendant until November 18, 2006 to announce them (see Docket 301).

9.     On September 22, 2006 Defendant filed a *"Motion in Compliance with Court's order"* (Docket 302) Defendant again announced **only** Dr. Ramón Fortuño, psychiatrist, as his expert witness. At no time whatsoever Defendant announced Dr. Mohinder Bhatia as his economic expert

neither any other expert witness.

10.     Defendant alleges that *"plaintiff has waited for over six months after the Amended pretrial was filed back in February 2007, (D.E. 352) to now petition the court the exclusion of Dr. Mohinder Bhatia as Defendant's economic expert"* Again this Defendant's allegation is false. On the Amended pretrial filed on February 28, 2007 (Docket 352, page 51) Plaintiff alleges that: *"Plaintiff objects expert witness Dr. Mohinder Bhatia and his Economic Report as said expert witness nor his report was not announced by Defendant, and therefore Plaintiff did not depose him."*

11.     Defendant's in his motion does not deny that he never announced his economic expert witness Dr. Mohinder Bhatia neither present evidence on the contrary.

12.     Defendant flagrantly is submitting false information to this Honorable Court to excuse his non-compliance and tardiness.

**WHEREFORE**, it is respectfully requested from this Honorable Court to preclude Defendant's the use of economic expert witness Mohinder Bhatia and to grant Plaintiff Motion in Limine (Docket 359).

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on August 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PO Box 192271
San Juan, Puerto Rico 00919-2271
TEL: (787) 282-0022
FAX: (787) 753-7655