IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-VALLELLANES,

Plaintiff,

v.                                               CIVIL NO. 97-2459(GAG)

UNITED STATES POSTAL SERVICE,

Defendant.

**ORDER**

Plaintiff has filed a "Motion in Limine" (Docket No. 359) which was duly opposed by defendant (Docket No. 360). Plaintiff then filed a "Motion in Opposition to Defendant's Opposition to Plaintiff's Motion in Limine." (Docket No. 361).

Upon careful consideration of the submissions of the parties, plaintiff's "Motion in Limine" (Docket No. 359) is GRANTED IN PART AND DENIED IN PART as follows:

1. Paragraph 2, Section i: Defendant has indicated it will not amend its witness list. Thus, plaintiff's Motion in Limine as to this item is DENIED.

2. Paragraph 2, Section ii: Plaintiff vehemently claims that expert witness Mohinder Bhatia nor his expert report were announced by defendant. As such, plaintiff claims he never deposed Mr. Bhatia. A careful review of the record of this case shows that plaintiff's contention is ludicrous because defendant indeed announced Mr. Bhatia as its economic expert, at least, on or before December 29, 2006. On December 29, 2006, the parties jointly filed a "Proposed Pre-Trial Order" in which Mr. Bhatia was included in defendant's witness list as its economic expert witness and his *curriculum vitae* and report were announced in defendant's list of exhibits. (Docket No. 336, pp. 52 and 55). On January 3, 2007, the parties jointly filed a

Angel David Morales-Vallellanes  v. United States Postal Service
Civil No. 97-2459(GAG)
Order
Page 2

"Motion to Amend Proposed Pre-Trial Order" in which the parties attached an Amended Proposed Pre-Trial Order which included Mr. Bhatia once again as defendant's economic expert witness and his *curriculum vitae* and report were announced in defendant's list of exhibits. (Docket No. 337, pp. 52 and 57). On February 28, 2007, the parties filed a second Proposed Pre-Trial Order (limited to the three outstanding allegations as ruled by the Court of Appeals) which again included Mr. Bhatia as defendant's economic expert witness and his *curriculum vitae* and report were announced in defendant's list of exhibits. (Docket No. 352, pp. 47 and 50). As such, defendants have indeed announced Mr. Bhatia as its economic expert witness and plaintiff has had ample opportunity to depose Mr. Bhatia. A review of the record also shows that, even though plaintiff objected to Mr. Bhatia and his expert witness report in Docket Nos. 336, 337 and 352, plaintiff has never moved the Court until now, two weeks before trial, to exclude Mr. Bhatia's testimony and expert witness report. Accordingly, plaintiff's Motion in Limine as to the testimony of Mr. Bhatia and his expert witness report is DENIED.

3. Paragraph 2, Section iii: Defendant has moved for the voluntary exclusion of Juan Rodríguez and José Sepúlveda from defendant's witness list. Thus, plaintiff's Motion in Limine as to this item is GRANTED.

4. Paragraph 2, Section iv: Fed.R.Civ.P 26(a)(3) requires the pretrial disclosure of witnesses a party may present at trial other than solely for impeachment. Thus, rebuttal witness may be called to testify without pretrial disclosure. Accordingly, plaintiff's Motion in Limine as to this item is DENIED.

Angel David Morales-Vallellanes  v. United States Postal Service
Civil No. 97-2459(GAG)
Order
Page 3

    5. Paragraph 2, Section v and vi: Plaintiff's Motion is Limine as to these two (2) items is not fully briefed and does not place the Court in a position to make a definite ruling.  Plaintiff's request as to these two (2) items is based on general conclusive allegations and this Court cannot make a ruling in a vacuum.  Thus, the Court is not in a position to rule on the admissibility of the anticipated evidence because it is not possible, with the available information, to place the evidence in a proper context for a ruling.  The Court believes that the interest of both parties would be better served by deferring the ruling until these issues could be determined in a more concrete setting. Accordingly, the Court will defer ruling, on these two (2) items, until the proper time at trial. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997); *see also* Walden v. Georgia-Pacific Corp., 126 F.3d 506, 518 (3rd Cir. 1997) ("As we [have] explained ..., 'if an issue is fully briefed and the trial court is able to make a definitive ruling, then the motion in limine provides a useful tool for eliminating unnecessary trial interruptions.'") (quoting American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 324 (3d Cir.1985)).

In view of the foregoing, plaintiff's "Motion in Limine" (Docket No. 359) is GRANTED IN PART AND DENIED IN PART.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 29th day of August of 2007.

                                  s/**CAMILLE L. VELEZ-RIVE**
                                  **CAMILLE L. VELEZ-RIVE**
                                  **UNITED STATES MAGISTRATE JUDGE**