IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,** Plaintiff, <br><br> v. <br><br> **JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,** **Defendants.** | CIVIL NO. 97-2459 (GAG)(CVR) <br><br> DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT <br><br> TRIAL BY JURY IS HEREBY REQUESTED |

**MOTION TO SET ASIDE**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully submits his Motion to Vacate Order (Docket 362):

1. This Honorable Court classified Plaintiff position as *"Ludicrous"* (absurd, ridiculous). Judge Gustavo Gelpí in its order (Docket 301) gave Plaintiff up to December 15, 2006 to depose Defendant's expert witness and that no other discovery will be allowed. Up to that date (December 15, 2006) the only expert witness announced by Defendant's was Dr. Ramón Fortuño, psychiatrist. Defendant remained silent up to December 29, 2006 when all of a sudden announced Dr Mohinder Bathia **after the deadline (December 15, 2006) given by Judge Gelpí to Plaintiff to depose expert witness and three weeks before the trial date January 17, 2007 set by Judge Gelpí by that time.** It is impossible to depose somebody that Plaintiff never knew existed before December 15, 2006.

2. Accepting Defendant's witness at this time precludes Plaintiff from his rights under F.R.C.P. 26(a)(1)-(2) and 26(b)(1)(4) as Plaintiff has no idea of what is going to be Dr. Bathia testimony since Defendant's have not provided Plaintiff with Dr. Bathia expert report in violation to F.R.C.P. 26(a)(2). In addition, this will leave Plaintiff defenseless during the trial as to Dr. Bathia testimony.

3. This Honorable Court stated that: *"Plaintiff has not move the Court until now, two weeks before the trial, to exclude Mr. Bathia testimony"*. It was Defendant's who did not move this Honorable Court to accept Dr. Bathia in a specific motion as Defendant's did on September 22, 2006 when announced Dr Ramón Fortuño, psychiatrist (Docket 302). On the contrary, Defendant's announced Dr. Bathia for the first time within the Defendant's witness list in the Proposed Pretrial Order filed on December 29, 2006 (Docket 336) **three weeks before the trial date by that time, January 17, 2007**. The way Defendant's "announced" Dr. Bathia, within the Proposed Pretrial witness list and without filing a specific motion, shows that Defendant's knew he was very late and tried to introduce Dr. Bathia to go unnoticed within the big amount of information that the Proposed Pretrial order has. Moreover, on several occasions during the history of this case, Plaintiff has move this Honorable Court to preclude Defendant's expert witnesses or any evidence for his non-compliance of the time limits. However, the historical response of this Honorable Court to Plaintiff motions is to move the time limits to a new date without any consequence to Defendant's also without Defendant's even offering an excuse to this Honorable Court for his tardiness and non-compliance (see Dockets 289, 301, 324, 326, 327 and 328 just to mention some examples). Now this Honorable Court blames Plaintiff because "he did not move the court". As soon as Plaintiff became aware of the existence of Dr. Bathia, Plaintiff did move the court and objected Dr. Bathia as established by this Honorable Court (Dockets 336, 337 and 352).

4. It is not correct when this Honorable Court says: *"plaintiff has had ample opportunity to depose Mr. Bathia"*. On the contrary, Plaintiff had no time to depose Mr. Bathia since he was announced **after** the deadline (December 15, 2006) given by Judge Gelpí to depose Defendant's expert witnesses.

5. It is also not correct when this Honorable Court says that: *"plaintiff's contention is Ludicrous because defendant indeed announced Mr. Bathia as its economic expert, at least, on or **before** December 29, 2006."* There is no evidence that Defendant's announced Mr. Bathia before that date.

6. Plaintiff has been punished for the Defendant's non-compliance. What are the time limits for? It must

be Defendant that receive the consequence of his non-compliance, however this Honorable Court is rewarding Defendant's when allows Dr. Bathia as its expert witness notwithstanding that Defendant's hid Dr. Mohinder Bathia **after** the deadline given by Judge Gelpí to depose Defendant's expert witnesses.

7. Plaintiff announced his expert witness since nine (9) years ago. In fact, Defendant's has had the first expert economic report since September 1997 (9 years ago). Defendant has had ample opportunity and time to depose them and to announce his economic expert witness however Defendant's suspiciously waited until after the deadline given by Judge Gelpí (December 15, 2006) to announce his expert witness.

8. As the evidence shows, Plaintiff position is not Ludicrous (absurd, ridiculous) but a claim of justice.

**WHEREFORE**, it is respectfully requested from this Honorable Court to vacate order (Docket 362) and to preclude Defendant's the use of economic expert witness Dr. Mohinder Bhatia.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on August 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PO Box 192271
San Juan, Puerto Rico 00919-2271
TEL: (787) 282-0022
FAX: (787) 753-7655