IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,**<br>Plaintiff,<br><br>v.<br><br>**JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,**<br>Defendants. | CIVIL NO. 97-2459 (GAG)(CVR)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>TRIAL BY JURY IS HEREBY REQUESTED |

**RESPONSE IN OPPOSITION TO DEFENDANT'S**

**MOTION IN COMPLIANCE AND REQUESTING SANCTIONS**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully submits his opposition to Defendant's Motion in Compliance (Docket 366):

1. **Defendant is committing perjury.** Plaintiff will prove to this Honorable Court the Defendant's outrageous behavior in his self-served motion. Plaintiff denies the receipt of Dr. Mohinder Bathia expert report.

2. Plaintiff strongly recommends this Honorable Court to read in its entirety Plaintiff Motion Requesting Order to Preclude Defendant The Use of Expert **Witnesses** (notice that the word witnesses is in plural) filed on September 8, 2006 **(three months after Defendant's allegation that provided Dr. Bathia expert report on June 2006**, Docket 289) where Plaintiff moves the court to preclude Defendant the use of any expert witnesses since the extreme tardiness of Defendant's announcement of Dr Fortuño, psychiatrist (notice that Plaintiff only mention Dr. Fortuño since this is the only expert witness Defendant's had notified up to that time).

3. Defendant, on his reply to the above mentioned motion (Docket 291), did not deny his non-compliance and tardiness. Moreover and the most important fact is that Defendant did not argued nor clarified that said party "timely" produced, announced and provided Dr. Mohinder Bathia as its

expert witness and his expert report as Defendant's now alleges. Had Defendant provided to Plaintiff the Dr. Bathia expert report on June 2006 as Defendant's now allege, it would be very logical and a golden opportunity for Defendant to prove and clarify that issue to this Honorable Court in his motion (Docket 291) since Plaintiff was requesting to preclude Defendant use of **all expert witnesses**. It would be also very logical that Defendant's Legal Assistant Luis Rodríguez should have had a better recollection of his memory back on September 8, 2006 (just three months have pass since June 2006) than now on September 2007 (more than one year after June 2006). Surprisingly, Legal Assistant Luis Rodríguez "miraculously remember" now after more than one year the exact date, time and place when Defendant's allegedly "provided" to Plaintiff the expert report of Dr. Mohindes Bathia. However, notwithstanding Defendant's Legal Assistant memory, Defendant did not moved the court to accept Dr. Bathia as his expert witness back on September 8, 2006, on the contrary, Defendant did not even mention the name of Dr. Mohinder Bathia and decided to wait more than one year when this Honorable Court ordered to provide evidence of the timely production of Dr. Bathia expert witness report to the Plaintiff (Docket 364). In consequence it was impossible for Plaintiff to know the existence of Dr. Bathia.

4. On same above-mentioned motion (Docket 291), Defendant submitted false information to try to mislead this Honorable Court alleging that Plaintiff was also late providing his psychiatric expert report. Plaintiff proved to this Honorable Court in Dockets 293, 295 and finally 299 that Defendants allegations were false. Again Defendant's never mentioned the name of Dr. Bathia in all of his replies to Plaintiff motions (see Dockets 294 September 12, 2006 and 297 September 15, 2006).

5. On September 22, 2006 in a very revealing order by Judge Gustavo Gelpí (Docket 301), Judge Gelpí ordered a new deadline for Defendant's to announce his expert witnesses and deemed Plaintiff to be in compliance with the expert's deadlines. But the most important part of his order is when Judge Gelpí says: *"Defendant, in turn, shall announce his expert, **if any**, (emphasis added) on or before 11/18/06"*. With this statement Judge Gelpí acknowledged that Defendant has not announced **any**

expert witness up to that date. Not even Dr. Fortuño, psychiatrist, and much less Dr. Bathia. As the record shows neither Judge Gelpí nor Plaintiff knew the existence of Dr. Bathia up to that date (September 22, 2006).

6. On same date September 22, 2006 (Docket 302) Defendant announced only expert witness Dr. Ramón Fortuño, psychiatrist and submitted his curriculum vitae. Defendant had another golden opportunity given by Judge Gelpí to announce and submit not only Dr. Bathia as its expert witness but also his curriculum vitae and expert report also any other expert witness Defendant's may find appropriate. However, Defendant remained silent as to Dr. Mohinder Bathia.

7. On November 2, 2006 Plaintiff again filed a Motion Requesting Order to Preclude Defendant the use of Dr. Fortuño, psychiatrist since Defendant's repeated non-compliance with Judge Gelpí deadline to provide Plaintiff with Dr. Fortuño's expert report (Docket 324 since it was given until November 1, 2006). On same date, Defendant's reply to Plaintiff Motion and again submitted false information to this Honorable Court informing that Dr. Fortuño's expert report was sent by mail (Docket 325). Plaintiff never received said report. Judge Gelpí again gave a third big opportunity to Defendant's and moved the deadline given to Defendant's from November 1, 2006 to November 6, 2006 to provide Plaintiff with Dr. Fortuño's expert report (Docket 328).

8. Finally after a great struggle, Defendant's notified and submitted to this Honorable Court the Dr. Fortuño's expert report.

9. It is very hard to believe that Defendant's legal assistant Luis Rodríguez allegedly "now remember" the exact date, time and place when Defendant's provided Plaintiff with Dr. Bathia, economic expert report on June 20, 2006 without notifying this alleged action to this Honorable Court in more than one year, however Defendant notified to this Honorable Court immediately when Dr. Fortuño's expert psychiatric report was provided to Plaintiff on November 4, 2006 (Docket 329).

10. On December 29, 2006 the parties filed a Proposed Pretrial order (three weeks before the trial date set on January 17, 2007 by Judge Gelpí, Docket 336). It was the first time that name of Dr. Mohinder

      Bathia was ever brought on **any** document during this case. As soon as Plaintiff became aware of Defendant's intentions, Plaintiff objected immediately Dr. Bathia in the same document. At no time whatsoever Defendant's moved the court and did not oppose to Plaintiff objections.

11. On January 3, 2007 Plaintiff filed a Motion to Amend/Correct Pre-Trial Order and submitted an amended Pre-Trial order (Docket 337). One more time Plaintiff objected Defendant's expert witness, Dr. Mohinder Bathia and again Defendant did not moved the court and did not opposed to Plaintiff objections.

12. On February 28, 2007 the parties submitted a second Proposed Pretrial order (Docket 352). Plaintiff objected for the third time Defendant's expert witness Dr. Mohinder Bathia. Defendant never opposed nor moved the court as to Plaintiff allegations. It was not until August 27, 2007 when Plaintiff filed his Motion in Limine (Docket 359) that Defendant opposed for the first time (three weeks before the trial) to Plaintiff consistent objections to the use of Dr. Bathia by Defendant's (Docket 360).

13. Plaintiff respectfully suggests to this Honorable Court to request Defendant; why there is no evidence of the name of Dr. Mohinder Bathia in any document in this case before December 29, 2006? Why Defendant notified and submitted to this Honorable Court the Dr. Fortuño's expert report but did not follow the same procedure as to Dr. Bathia notwithstanding the multiple opportunities given by the court to announce Dr. Bathia as his expert witness? Why took Defendant's more than one year to "recall" the exact date, time and place of his alleged production of Dr. Bathia expert report to Plaintiff? Why Defendant's did not submitted all this alleged evidence back on September 8, 2006 when Plaintiff filed his Motion Requesting Order to Preclude Defendant The Use of Expert **Witnesses** (Docket 289) and his Legal Assistant Luis Rodríguez should have had a better recollection of his memories? Why Defendant did not moved the court as soon as Plaintiff objected Defendant's expert witness back in December 29, 2006, January 3, 2007 and February 28, 2007 and now moved the court as late as three weeks before trial?

14. Defendant allege that; *"plaintiff made no effort whatsoever to even depose defendant's psychiatrist, Dr. Ramón Fortuño."* The reason for this is very simple, Defendant's indeed provided Plaintiff the expert report of Dr. Fortuño and Plaintiff decided not to depose him. On the contrary, Defendant's **never** provided Plaintiff with the Dr. Bathia expert report and announced for the first time Dr. Bathia on December 29, 2006 after the deadline given by Judge Gelpí (December 15, 2006, Docket 301) to depose Defendant's expert witnesses. It is impossible to depose somebody that Plaintiff never knew existed and his expert report was never provided.

15. Plaintiff is defenseless as to Dr. Mohinder Bathia expert report and testimony since **never received** Dr. Bathia expert report as falsely alleged now by Defendant.

**WHEREFORE**, it is respectfully requested from this Honorable Court to preclude Defendant's the use of economic expert witness Mohinder Bhatia and to sanction Defendant's behavior.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on September 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PO Box 192271
San Juan, Puerto Rico 00919-2271
TEL: (787) 282-0022
FAX: (787) 753-7655