IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL DAVID MORALES VALLELLANES,** Plaintiff, <br><br> v. <br><br> **JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,** Defendants. | CIVIL NO. 97-2459 (GAG)(CVR) <br><br> DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT <br><br> TRIAL BY JURY IS HEREBY REQUESTED |

**REPLY TO RESPONSE TO PLAINTIFF'S INFORMATIVE MOTION**

**COMES NOW**, plaintiff Angel David Morales-Vallellanes through his legal counsel and very respectfully submits his Motion in Opposition to Defendant's Response to Plaintiff's Informative Motion (Docket 379):

1. One more time Defendant is trying to mislead this Honorable Court when Defendant selectively quoted only the sections of the US Postal Service Employee Labor Relation Manual or E.L.M. that is very convenient to Defendant. The US Postal Service provides court leave to employees that are in a **non-official** capacity where the Postal Service is a party. However, this is not the case for Plaintiff's witnesses since they are witnesses in **Official Duty Status**. The E.L.M. makes the distinction in section 516.51 and 516.52:

> *"516.5 **Official Duty***
> *516.51 **Definition***
>
> *An employee is in an official duty status (as distinguished from a leave status and without regard to any entitlement to court leave) if assigned by the Postal Service or summoned by proper authority to:*
>
> *a. Testify in a judicial proceeding or produce official postal records on behalf of the United States or the District of Columbia. (Such testimony may be in an official or nonofficial capacity.)*
>
> ***b. Testify in a judicial proceeding in an official capacity or produce official postal records on behalf of a party other than the United States or the District of Columbia."*** (emphasis added)
>
> *"**Note:** Official duty means that the testimony the witness provides concerns the witness's specialized knowledge of Postal Service facts, procedures, or methods gained by performing his or her job."*

"516.52 **Compensation**

*Employees who perform witness service in an official duty status are paid their regular salaries as Postal Service employees, including any applicable night differential and overtime pay.* ***In addition, such employees collect the authorized fees and any allowances for travel and subsistence expenses and retain an amount equal to actual allowable expenses.*** *All amounts collected over and above the amount of the employee's actual allowable expenses are remitted to the postal official in charge (see Handbook F-15, Travel and Relocation, 9-1.2)."*

In other words, US Postal employees who are in **Official Duty,** do not receive court leave since they are paid their regular salaries as Postal Service employees, also they collect the authorized fees and any allowance for travel and subsistence expenses. Had Plaintiff witnesses receive court allowance as Defendant alleges; this will constitute a double compensation for Postal Service witnesses.

2. It is important to clarify that Plaintiff's witnesses qualify to be in Official Duty Status according to the definition given above:

"*Official duty means that the testimony the witness provides concerns the witness's specialized knowledge of Postal Service facts, procedures, or methods gained by performing his or her job.*"

This is exactly what Plaintiff's witnesses are going to do; to provide testimony concerning their knowledge of Postal Service facts, procedures or methods gained by performing their jobs.

**WHEREFORE**, it is respectfully requested from this Honorable Court to order Defendant (US Postal Service) to cover the court fees required in 28 U.S.C. § 1821 as their own regulations provide for employees who are subpoenaed in Official Duty Status.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

S/MIGUEL E. MIRANDA-GUTIERREZ
**MIGUEL E. MIRANDA-GUTIERREZ, ESQ.**
ATTORNEY FOR PLAINTIFF
PO Box 192271
San Juan, Puerto Rico 00919-2271
TEL: (787) 282-0022, Fax (787)-753-7655