**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1**

**Discrimination in Employment - Nature of Claim - Burden of Proof**

As I instructed you at the beginning of this trial, the plaintiff has sued his employer, the U.S. Postal Service.

The plaintiff alleges that he suffered unlawful sex or gender discrimination and was subjected to adverse retaliation ("represalia").

The defendant denies any unlawful discrimination and liability in this case.

It is unlawful for an employer to intentionally discriminate against any employee on any basis to include retaliation.

**Burden of Proof**

In a discrimination case brought under Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. §2000e-16 _et seq.,_ plaintiff must first prove his/her case of discrimination by a preponderance of the evidence.[1]

Title VII is not a "general activity code" for the American workplace, as it "does not prohibit all verbal or physical harassment."[2]  The statute only prohibits harassment if it constitutes discrimination with respect to the "terms,

---

[1]  Aikens v. United States Postal Service Bd. Of Governorns, 460 U.S. 711 (1983); Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell v. Douglass v. Green, 411 U.S. 792 (1973).

[2]  Oncale v. Sundowner Offshore Services, Inc., 118 S. Ct. 998, 1002 (1998).

conditions, or privileges of employment."[3]  Thus Title VII is violated only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment..."[4]  Title VII does not make actionable the ordinary tribulations of the workplace.[5]

It is your responsibility to decide whether the plaintiff has proven his claim against the defendant by a preponderance of the evidence.

---

[3]  42 U.S.C. §§ 2000e-2(a)(1).

[4]  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

[5]  Davis v. Town of Lake Park, 245 F.3d 1232, 1238 911th Cir. 2001).

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 2**

**Proof of Intent**

The plaintiff must show that the defendant intentionally discriminated because of his sex (masculine) and retaliated against him.  Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason.  Plaintiff, however, is not required to produce direct evidence of discrimination. Intentional discrimination may be inferred from the existence of the facts, i.e. from circumstantial or indirect evidence.  You may consider statements made, acts done or omitted and all facts and circumstances which show whether or not defendant acted intentionally and not by accident.

_____

Adapted from Devitt, Blackmar & Wolff, Federal Practice and Instructions, §106.06 (1987) and § 104.04 (4th ed. Supp. 1993)

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 3**

**Title VII of the Civil Rights Act of 1964-Prohibitory Nature**

The plaintiff brings the present action under Title VII of the Civil Rights Act of 1964, as amended in 1991.  That law prohibits discrimination based upon race, national origin, gender or sex and age in the federal employment context.  That law also provides that personnel actions affecting federal employees shall not be made with the intent to discriminate or in retaliation for having filed a previous protected activity.  The Plaintiff is an employee of the U.S. Postal Service and therefore an "employee" within the meaning of Title VII.

_____

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e-2(a).

### DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 4

### Legitimate Nondiscriminatory Reason

In this case, the plaintiff must prove by a preponderance of the evidence that sex discrimination and retaliation was <u>the</u> motivating factor in the actions taken by the defendant against plaintiff.

You must consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its decision. If you find the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason, but was only a pretext or excuse for discriminating against the plaintiff by retaliating against him.

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that sex discrimination and discriminatory retaliation was more likely the reason for the defendant's actions than the reasons stated by the defendant.

The plaintiff can also attempt to prove that defendant's stated reasons for its decisions is a pretext by persuading you that it is just not believable. However, it is not enough for the plaintiff to simply prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff must always prove by a preponderance of the evidence that the actions taken by defendant against him were for

sexual discrimination and intentional retaliation.  Therefore,
even if you decide that the defendant did not truly rely on the
stated reason for its decision concerning the plaintiff, you
cannot decide in favor of the plaintiff without further evidence
that the defendant relied instead on plaintiff's sex and
intentional retaliation for its actions.

_____

McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973); Texas
Department of Community Affairs v. Burdine, 450 U.S. 248 (1981;

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 5**

**Legitimate Nondiscriminatory Reasons for Personnel Action**

Title VII of the Civil Rights Act of 1964 does not limit the other qualities and characteristics that employers may take into account in making employment decisions.  An employee's unsatisfactory job performance, insubordinate conduct, or inappropriate or caustic work attitude are proper nondiscriminatory reasons that employers may take into account when considering personnel matters.

---

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Lawrence v. Mars, 955 F.2d 902 (4th Cir. 1992); McNairn v. Sullivan, 929 F.2d 975 (4th Cir. 1991); Williams v. Cerberonics, 871 F.2d 452 (4th Cir. 1989).

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 6**

**Poor Management Decisions**

You may not find for a plaintiff under Title VII of the Civil Rights Act simply because you feel that the defendant made poor, unwise or unfair management decisions regarding him or that another Federal agency or supervisor may have made different decisions. Title VII does not require that employment decisions of the defendant be impeccable. It only prohibits employment decisions made by an employer that are intentionally based on impermissible factors such as race, sex, national origin, gender or retaliation.

Even a showing of an unwise or unfair management decision, made without discriminatory bias, does not entitle the plaintiff to recover.

_____

_____

Furnco Construction Corp. v. Waters, 438 U.S. 567, 577-78; McNairn v. Sullivan, 929 F.2d 974 (4th Cir. 1991); Autry v. North Carolina Dept. Of Human Resources, 820 F.2d 1384 (4th Cir. 1987); Radovanic v. Centex Real Estate Corp., 767 F. Supp. 1322 (W.D.N.C. 1991)

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 7**

**Ultimate Question of Discrimination**

After reviewing all of the evidence in this case, the ultimate question you must decide under Title VII of the Civil Rights Act of 1964, as amended in 1991, is whether the actions taken by the defendant against the plaintiff were intentionally motivated by unlawful sex discrimination and discriminatory retaliation.

In order for plaintiff to recover in this case, you must find that the actions taken by the defendant were intentionally motivated **because** of sex and intentional retaliation. Unless you find by a preponderance of the evidence that such an intentional causal connection exists, you must find in favor of the defendant.

_____

St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993).

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 8**

**Adverse Actions**

The Courts have construed the employment discrimination prohibitions set forth at Title VII as being aimed at decisions that affect the terms, privileges, duration or conditions of employment.[6] Only "adverse actions" are cognizable in discrimination cases.[7] Examples of adverse actions are, but are not limited to: demotions, disadvantageous transfers or assignments where salary is affected, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.[8] However, these types of actions, in and of themselves, do not qualify; discriminatory intent must accompany said actions.[9] Whether an employment action is "adverse" is gauged by an objective standard of a reasonable person and includes the concept of materially adverse; workplaces are rarely idyllic retreats and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action; the employer must either take something of material consequence from the employee or withhold from employee an

---

[6] Yerdon v. Henry, 91 F.3d 370, 378 (2nd Cir. 1996).

[7] Cole v. Ruidoso Municipal Schools, 43 F.3d 1375, 1382 (10th Cir. 1994).

[8] Hernández Torres v. Intercontinental Trading, 158 F.3d 43, 47 (1st Cir. 1998); Marrero v. Goya, 304 F.3d 7 (1st Cir. 2002)

[9] Hill v. am. Gen. Fin., 218 F.3d 639, 645 (7th Cir. 2000).

employer benefit such as salary or a promotion.[10]

---

[10]  Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996); Burlington No. And Santa Fe Ry.
Co. V. White, 126 S.Ct. 2405, 2415 (2006)

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 9**

**Hostile Environment**

The plaintiff has alleged that he was retaliated for having filed a previous case of discrimination and that defendant created a hostile work environment as retaliation. To prevail on such a theory, the plaintiff must prove by a preponderance of the evidence that the workplace was so permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

In evaluating hostile work environment, you must consider the following factors:

(1)  the total physical environment of the plaintiff's work area;

(2)  the degree and type of obscenity that filled the environment of the workplace both before and after the plaintiff arrived;

(3)  the reasonable expectations of the plaintiff upon entering the environment;

(4)  the nature of the unwelcome acts or word;

(5)  the frequency of the offensive encounters;

(6)  the severity of the conduct;

(7)  the context in which the harassment occurred;

(8)  whether the conduct was unwelcome;

(9)  the effect on the plaintiff's psychological well-being;

(10)  whether the conduct was physically threatening;

(11)  whether it was merely an offensive utterance; and

(12)  whether it unreasonably interfered with the plaintiff's work performance.

As noted above, the harassment must be unwelcome and hostile.  In determining whether the conduct was unwelcome, you should consider all the evidence and base your decision on it.  In determining whether the conduct is hostile, the harassment must be sufficiently severe or extensive to alter the conditions of the plaintiff's employment and to create an abusive work environment.  The more severe the conduct, the less extensive it must be for you to find that it is hostile.  In determining whether conduct is hostile, you should consider whether

(1)  the conduct was verbal, physical, or both,
(2)  the conduct occurred one time or repeatedly,
(3)  the conduct was plainly offensive,
(4)  the alleged harasser was a co-worker or supervisor,
(5)  others joined in the harassment, and
(6)  the harassment was directed at more than one person.

_____

29 C.F.R. §1604.11.  Harris v. Forklift Systems, 62 U.S.L.W. 4004, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Meritor Savings Bank v. Vinson, 477 U.S. 57, 65 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). See also Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990); Carrero v. New York City Housing Authority, 890 F.2d 569, 577 (2d Cir. 1989) (to prevail on a hostile environment title VII Claim, the employee must prove that the harassment is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment-the incidents must be more than episodic, they must be sufficiently continuous and converted to be deemed pervasive); Paroline v.

_____(Cont'd)

_____

Unisys Corp., 879 F.2d 27 (4th Cir. 1990); Lipsett v. University
of Puerto Rico, 864 F.2d 881, 897 (1st Cir. 1988) ("'hostile
environment harassment occurs when one or more supervisors or co-
workers create an atmosphere so infused with hostility that they
alter the conditions of employment").

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 10**

**Personality Conflicts**

Testimony tending to indicate that a co-worker may not have gotten along with another co-worker does not impose liability on defendant. Personal animosity is not the equivalent of unlawful discrimination. A personal feud is not a form of discrimination.[11] Without more, personal friction and acrimony do not establish sex and gender discrimination or intentional retaliatory discrimination.[12]

---

[11] <u>Bradshaw v. Golden Road Motor Inn</u>, 885 F.Supp. 1370, 1380 (D. Nev. 1995)(quoting <u>McCollum v. Bolger</u>, 794 F.2d 602, 610 911th Cir. 1986)). <u>See also</u>, <u>Jordan v. Clark</u>, 847 F.2d 1368, 1377 (9th Cir. 1988. ("The conduct which Plaintiff asserts to be retaliatory appears to the Court to be more a reaction to a problem of clashing personalities than acts in retaliation for the filing of a discrimination complaint."); <u>Sutton v. Atlantic Richfield Co.</u>, 646 F.2d 407, 410 (9th Cir. 1981). (Discrimination not established where the challenged personnel actions were the result of "unfortunate internecine personality and management style clashes...")

[12] <u>Man of Jerusalem v. Hill</u>, 769 F.Supp. 97, 101 (E.D.N.Y. 1991).

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 11**

**Non-discriminatory Reasons-Interpersonal conflicts-
Subjective Relief**

You may not find for the plaintiff under the law, if you determine that he was subjected to personal actions because of reasons unrelated to unlawful sex discrimination and discriminatory retaliation.[13]

Plaintiff's mere subjective belief that he was discriminated against cannot be basis for relief under the law, where adequate non-discriminatory reasons are presented.[14]

The law does not require that the modern, industrial workplace be in the nature of a civility code and employees nowadays who suffer the ordinary tribulations of the workplace have no cause of action under the law when they suffer the ordinary slings and arrows that workers routinely encounter in a hard, cold world when they interact with other employees in the workplace. The workplace is not a cocoon and those who labor in it are expected to have reasonably thick skins, thick enough, at least, to survive the ordinary slings and arrows that workers encounter in the modern workplace.[15]

---

[13] DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997); The Rehabilitation Act of 1973, as amended.

[14] Winkley v. El Paso Natural Gas Company, 709 F.Supp. 125 (W.D. Texas 1988); Hornsby v. Conoco, Inc., 777 F.2d 243 (5th Cir. 1985)

[15] Faragher v. City of Boca Raton, 524 U.S. 575 (1998); Suarez v. Pueblo International, Inc., 229 F.3d 49, 54 (1st Cir 2000); Crespo v. Schering Plough del Caribe, Inc., 231 F.Supp. 2d 420, 431 (d.P.R. 2002)

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 12**

**Litigation-Inducted Stress Not Recoverable**

Stress caused by litigation is not recoverable.  Therefore, your deliberation in damages should not include any notion of compensation for any stress or mental anguish that can be attributed to this litigation.[16]

---

[16]  Stoleton v. United States, 708 F.2d 1217, 1223 (7th Cir. 1983)("{I}t would be strange if stress induced by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself without multiplying his damages...", See Timms v. Rosenblum, 713 F.Supp. 948, 955 (E.D. Va. 1989), *aff'd* 856 F.2d 1433 (9th Cir. 1988)(suggesting that although stress of litigation is caused by the underlying harm, pursuant to litigation is a matter of choice.)  See also, Picogna v. Board of Educ. Of Tp. Of Cherry Hill, 143 N.J. 391, 671 A.2d 1035 (1996) (employee can recover damages for emotional disress, but not for litigation-induced stress; Torres v. Automobile Club, 41 Cal, Appt. 4th 468, 43 Cal Rptr. 2d. 468, 43 Cal Rptr. 2d 147, 154 (1995) (finding no authority to support "the concept for the worry, bother, and status of being 'upset' which normally attends any litigation); School Dist. No. 1 Multnomah County v. Nilsen, 271 Or. 461, 534 P.2d 1135, 1146 (1975) (the court observed that plaintiff's mental suffering in a sexual discrimination case about principally from the bringing of the legal proceedings and are the normal result of being a litigant.

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 13**

**Retaliation[17]**

To succeed in his claim that the defendant intentionally retaliated against the plaintiff, it must be proven, by a preponderance of the evidence, that intentional retaliatory discrimination was the true reason for defendant's actions.[18]

In order to establish a claim of retaliation, plaintiff must prove each and all of the following by a preponderance of the evidence:  first, plaintiff must prove that he engaged in a prior activity protected under the Civil Rights Act, such as a prior filing of a charge of discrimination.  Second, plaintiff must prove that the employer knew beforehand that plaintiff had engaged in that prior protected activity.  Third, plaintiff must prove that the employer subsequently took an adverse employment action against him.  Fourth, plaintiff must prove that there was a contemporary causal connection or relation between the prior protected activity and the adverse employment action, that is, an intentional retaliatory motive playing a part in the adverse employment actions.[19]  Knowledge of prior EEO activity without

---

[17] Adapted from Devitt, Blackmar & Wolff, § 104.04 (4th ed. 1987).

[18] St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2749-50 (1993).

[19] Hazel v. U.S. Postmaster General, 7 F.3d 1, 3, (1st Cir. 1993);
 Ramos v. Roche Prods, Inc., 936 F.2d 43, 49 (1st Cir. 1999);
 Soileau v. Guilford of Maine, Inc., 928 F.Supp. 37, 52 (D.Me. 1996).

more is not of itself sufficient to demonstrate a causal connection.[20]

   If you find that the plaintiff has proven these facts by a preponderance of the evidence, then you must decide whether the defendant has proffered legitimate, nondiscriminatory reasons for the adverse action.

   An employer does not lose the ability to otherwise review an employee's conduct and, if necessary, discipline the employee, merely because the employee has filed a discrimination claim.[21] An employee is not protected under the law when he violates legitimate rules and orders of his employer, disrupts the employment environment, or interferes with the attainment of his employer's goals.  The filing of an employment discrimination suit does not create any right on the part of an employee to fail to perform assigned work or to perform assigned work in an unsatisfactory manner.  An employee does not enjoy immunity from charges of misconduct merely by filing claims of discrimination, and an employer remains entitled to a full measure of work and diligence from employees.  An employer may make employment decisions about an employee for any reason or for no reason at all, as long as it is not for a discriminatory reason.

   If you find that the defendant has articulated legitimate,

---

[20] <u>Mesnik v. General Elec. Co.</u>, 950 F.2d 816, 828 91st Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 2965 (1992).

[21] <u>Mesnik v. General Elec. Co.</u>, 950 F.2d 816, 828 (1st Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 2965 (1992).

nondiscriminatory reasons for the adverse action, then you must decide whether the plaintiff has proven by a preponderance of the evidence that the defendant's proffered reasons are not the true reasons for the adverse action, and that his prior protected activity was the real reason.  Once the defendant comes forward with a nondiscriminatory reason for the adverse action, Plaintiff must show that the defendant's proffered explanation is false and that the real reason for the allegedly retaliatory conduct was his prior EEO activity.  It is not enough to disbelieve the defendant; you must <u>believe</u> Plaintiff's allegation of intentional retaliation.  If you find that the defendant made its decisions for reasons other than retaliation, you must find for defendant. Whether or not you would have made the same decision if you were plaintiff's boss is of no consequence.  It is not a violation of the law to give a false explanation.  While you may infer from a false explanation that the defendant was trying to conceal retaliation, you may also infer that he gave the explanation for another reason, or find you do not know why he gave the explanation.

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 14**

**Mitigation**

The plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is called mitigation of damages.

If you determine that the plaintiff is entitled to damages, you must reduce these damages by what the plaintiff earned and what the plaintiff could have earned by reasonable effort until the date of trial.

You must decide whether the plaintiff was reasonable in not seeing or accepting a particular job.  However, the plaintiff must accept employment that is "of a like nature."  In determining whether employment is "of a like nature," you may consider:

        (1) the type of work,
        (2) the hours worked,
        (3) the compensation,
        (4) the job security,
        (5) the working conditions, and
        (6) other conditions of employment.

The defendant must prove that the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from his failure to do so.  You must not compensate the plaintiff for any portion of his damages that resulted from his failure to make reasonable effort to reduce his damages.

**Authorities**
    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §105.41 91987 & Supp. 1993); <u>Coleman v. City of Omaha</u>, 714 F.2d 804, 808 (8th Cir. 1985).

**DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 15**

**Award of Damages**

It is the duty of the Court to instruct you as to the measure of damages.  However, by instructing you on damages, the Court does not mean to suggest that damages should be awarded. If you find that the defendant discriminated against the plaintiff, you may award her reasonable compensation for the following:

Emotional pain, suffering, inconvenience, mental anguish...

You are required to determine the amount of money required to reasonably and fairly compensate him for the loss and damages he may have suffered as a result of the defendant's unlawful conduct.  You should not include in the damages award an amount to compensate plaintiff for his attorney's fees.  In the event that you find that defendant is liable, plaintiff will be entitled to reasonable attorney fees above and beyond any compensatory damages you allow him.[22]  You should also not include in the damages award an amount to compensate the plaintiff for his lost wages.  In the event that you find that defendant is liable, the plaintiff will be entitled to lost wages above and beyond any compensatory damages you allow him.  The amount of attorney fees and lost wages to which the plaintiff may be entitled will be determined by the Court.

---

[22] Section 103 of the Civil Rights Act of 1991 amends 42 U.S.C. §1988 to specifically provide for attorneys fees separate and apart from compensatory damages.

**Award of Damages** (cont'd)

You may not award damages based simply on speculation or guesswork.  Any award must fairly compensate the plaintiff for his actual injury and must have a basis in the evidence and be reasonable in light of that evidence.  You may also find there was unlawful discrimination, but that there is no evidence of damages, and therefore award zero compensatory damages.