IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-VALLELLANES,

    Plaintiff,

    v.                                          CIVIL NO. 97-2459(GAG)

UNITED STATES POSTAL SERVICE,

    Defendant.

**STANDING ORDER TO GOVERN JURY TRIAL**

As previously ruled upon by the Court, this case is ready to be tried under the directives of the Court of Appeals of the First Circuit limiting the Title VII cause of action "to those discrimination and retaliation allegations in his [plaintiff's] amended complaint that were previously the subject of a formal EEO complaint. As we [Court of Appeals] read the EEO dismissal letters, this universe is limited to the following three (3) allegations:

1. Morales's allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints;

2. Morales's allegation of sexual discrimination and retaliation arising from an April 9, 1996 incident in which plaintiff's duties and responsibilities were awarded to a female employee and he was given window clerk duties to perform;

3. Morales's allegation that the 'coffee and lunch breaks' policy was not applied in an equal and nondiscriminatory matter."

Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003). (Docket No. 344, 348 and 353).

Angel David Morales-Vallellanes v. United States Postal Service
Civil No. 97-2459(GAG)
Standing Order to Govern Jury Trial
Page 2

  Moreover, the Court of Appeals clearly warned plaintiff that he "is precluded on remand from seeking relief for a plethora of other acts of discrimination and retaliation alleged in his amended complaint, including the discrete acts of bullying, intimidation, and vandalism by his co-workers, his seven-day suspension for violating USPS uniform policy, his transfer from the Caparra Heights station, his day-long 'expulsions' from work in February 1997, his constructive discharge, and his internal grievances against APWU." Morales-Vallellanes v. Potter, 339 F.3d at 19.

  **IN VIEW OF THE FOREGOING, PLAINTIFF IS HEREBY ORDERED TO LIMIT THE TESTIMONIAL AND DOCUMENTARY EVIDENCE TO BE PRESENTED AT THE JURY TRIAL, SCHEDULED FOR DECEMBER 10-14, 2007, TO THE THREE (3) OUTSTANDING CLAIMS MENTIONED ABOVE AS DETERMINED BY THE COURT OF APPEALS.   PLAINTIFF IS WARNED THAT THIS CASE IS A JURY TRIAL AND NO REFERENCE TO OTHER CLAIMS WITHIN THE JURY'S HEARING, UNRELATED TO THE THREE (3) OUTSTANDING CLAIMS, WILL BE ALLOWED BY THE UNDERSIGNED.   OPENING AND CLOSING STATEMENTS SHALL ALSO BE GOVERNED BY THIS DIRECTIVE. ANY ATTEMPT BY PLAINTIFF OR HIS COUNSEL TO DEVIATE FROM THIS ORDER WILL BE SANCTIONED AND MAY BE CONSIDERED A CONTEMPT OF COURT.   THE COURT WILL STRICTLY ENFORCE THIS ORDER.   NO EXCEPTIONS WILL BE IMPLEMENTED.**

  **IT IS SO ORDERED.**

  In San Juan, Puerto Rico, this 6th day of December of 2007.

            s/**CAMILLE L. VELEZ-RIVE**
            **CAMILLE L. VELEZ-RIVE**
            **UNITED STATES MAGISTRATE JUDGE**