# INDEX

1.  Province of the Court
2.  "If you find," or "If you decide"
3.  Evidence-Direct, Indirect or Circumstantial
4.  Number of witnesses
5.  Single witness
6   Impeachment by inconsistent statement or conduct- *Falsus in uno Falsus omnibus*
7.  Effect of prior inconsistent statement or conduct-by a witness not a party- by a party
8.  Burden of Proof for Title VII claims
9.  Preponderance of the evidence
10. What is not evidence
11. Credibility of witnesses
12. Consideration of the evidence
13. Limiting instruction
14. Title VII - Prohibition
14a. Court of Appeals for the First Circuit - limitation on causes of action
15. Legitimate Non-discriminatory Reason
16. Title VII - Retaliation
17. Poor Management Decision
18. Personality Conflicts
19. Litigation-Induced Stress Not Recoverable
20. Adverse Actions
21. Award of Damages
22. Consider damages only if necessary
23. Conduct and damages separate and distinct issue
24. Damages injury in fact
25. Damages-proximate causation
26. Mitigation of damages
27. Damages-reasonable-not speculative
28. Effect of instructions as to damages
29. Verdict-unanimous-duty to deliberate
30. Election of foreperson-General verdict
31. Verdict form-Jury's responsibility
32. Communication between Court and Jury during Jury's deliberations

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2007 DEC 21  PM 2: 03

## JURY INSTRUCTION   No.  1

## PROVINCE OF THE COURT

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

--------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 103.01 (5th. ed. 2000).

## JURY INSTRUCTION No. 2

**"IF YOU FIND", OR "IF YOU DECIDE"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

--------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Section 104.04 (5th. ed. 2000).

## JURY INSTRUCTION   No. 3

### EVIDENCE - DIRECT- INDIRECT OR CIRCUMSTANTIAL

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

--------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.05 (5th. ed. 2000).

## JURY INSTRUCTION No. 4

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

--------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 104.54 (5th. ed. 2000).

## JURY INSTRUCTION No. 5

**SINGLE WITNESS**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

--------------------

Source: 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Section 72.14 (4th. ed. 1987)

## JURY INSTRUCTION No. 6

## IMPEACHMENT-INCONSISTENT STATEMENTS OR CONDUCT – *FALSUS IN UNO, FALSUS OMNIBUS–*

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---------------------------

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 105.04 (5th. ed. 2000).

## JURY INSTRUCTION No. 7

## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT- BY A WITNESS NOT A PARTY-BY A PARTY

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

----------------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 105.09 (5th. ed. 2000).

## JURY INSTRUCTION NO. 8

**BURDEN OF PROOF FOR TITLE VII**

In a discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 *et seq.*, plaintiff must first prove his case of discrimination by a preponderance of the evidence.[1]

Title VII is not a "general activity code" for the American workplace, as it "does not prohibit all verbal or physical harassment".[2] The statute only prohibits harassment if it constitutes discrimination with respect to the "terms, conditions, or privileges of employment.[3] Thus, Title VII is violated only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment..."[4] Title VII does not make actionable the ordinary tribulations of the workplace.[5]

It is your responsibility to decide whether the plaintiff has proven his claim against the defendant by a preponderance of the evidence.

---

[1] Aikens v. United States Postal Service Bd. Of Governors, 460 U.S. 711 (1983); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas v. Green, 411 US 792, 93 S.Ct 1817 (1973).

[2] Oncale v. Sundowner Offshore Services, Inc., 118 S. Ct. 998, 1002 (1998).

[3] 42 U.S.C. §§ 2000e-2(a)(1).

[4] Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

[5] Davis v. Town of Lake Park, 245 F.3d 1232, 1238, (11th Cir. 2001).

## JURY INSTRUCTION 9

**Burden of Proof - PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden of proof in a civil action such as this one to prove every essential element of each of the claims by a preponderance of the evidence. Defendants are usually not required to prove anything. Defendants are usually not required to prove anything. If the proof should fail to establish any essential element of a claim by a preponderance of the evidence in the case, the jury must find for defendants.

To establish by the preponderance of the evidence means to establish by the greater weight of the credible evidence in the case. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force, and produces in your mind that what is sought to be proved is more likely true than not true. If after hearing all the evidence on an issue of facts you cannot make up your mind either way, that fact has not been established and plaintiff has failed to meet the burden of proof.

A preponderance of the evidence refers to the quality and the substance of the evidence and not to the quantity of the evidence or the number of witnesses.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source: Unijax, Inc. v. Champion Int., Inc., 561 F.Supp. 941, 946 (S.D.N.Y. 1981); Devitt & Blackmar, Sections 10.13, 70.15.

## JURY INSTRUCTION    No. 10

## WHAT IS NOT  EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, you memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5. I have not meant to indicate any opinion as to the facts by my rulings, conduct or remarks during the trial; but if you think I have, you should disregard it, because you are the sole judges of the facts.

--------------------

Source: Pattern & Model Jury Instructions – Civil- of the Ninth Circuit, Instruction 3.3 (2001); Fifth Circuit Instruction, Basic Instruction 3A, 3B. <u>Cook v. Vineyard</u>, 291 Mich. 289 N.W. 181 (1939); <u>Marwick v. Elsey</u>, 47 Mich. 10 (1881).

## JURY INSTRUCTION No. 11

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?"

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (2000).

## JURY INSTRUCTION No. 12

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence -such as testimony of an eyewitness. The other is indirect or circumstantial evidence- the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.18 (2005).

## JURY INSTRUCTION No. 13

**LIMITING INSTRUCTION**

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.15 (2005).

## JURY INSTRUCTION NO. 14

**Title VII of the Civil Rights Act of 1964 - Prohibitory Nature**

The plaintiff brings the present action under Title VII of the Civil Rights Act of 1964, as amended in 1991.[6] That law prohibits discrimination based upon race, national origin, gender or sex and age in the federal employment context. That law also provides that personnel actions affecting federal employees shall not be made with the intent to discriminate or in retaliation for having filed a previous protected activity. The Plaintiff is an employee of the U.S. Postal Service and therefore an "employee" within the meaning of Title VII.

---

[6]Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e-2(a).

## JURY INSTRUCTION NO. 14 A

Pursuant to the Opinion of the Court of Appeals for the First Circuit in 339 F.3d 9 (2003), plaintiff Morales' Title VII cause of action is limited to those discrimination and retaliation allegations in his amended complaint that were previously the subject of a formal EEO complaint, to wit;

      1.  Morales' allegation that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for plaintiff's OSHA complaints;

      2.  Morales' allegation of sexual discrimination and retaliation arising on April 9, 1996 incident in which plaintiff's duties and responsibilities were awarded to a female employee and he was given window clerk duties to perform;

      3.  Morales' allegation that the 'coffee and lunch breaks' policy was not applied in an equal and nondiscriminatory matter.

## JURY INSTRUCTION NO. 15

**Legitimate Non-discriminatory Reason**

In this case, the plaintiff must prove by a preponderance of the evidence that sex discrimination and retaliation was the motivating factor in the actions taken by the defendant against plaintiff.

You must consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its decision. If you find the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason, but was only a pretext or excuse for discriminating against the plaintiff by retaliating against him.

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that sex discrimination and discriminatory retaliation was more likely the reason for the defendant's actions than the reasons stated by the defendant.

The plaintiff can also attempt to prove that defendant's stated reasons for its decisions is a pretext by persuading you that it is just not believable. However, it is not enough for the plaintiff to simply prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff must always prove by a preponderance of the evidence that the actions taken by defendant against him were for sexual discrimination and intentional retaliation. Therefore, even if you decide that the defendant did not truly rely on the stated reason for its decision concerning the plaintiff, you cannot decide in favor of the plaintiff without further evidence that the defendant relied instead on plaintiff's sex and intentional retaliation for its actions.

---

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas
Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981)

## JURY INSTRUCTION NO. 16

**Title VII Retaliation Claim**

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show the following:

1. participation in a protected activity known to the employer;

2. adverse employment action taken against plaintiff; and

3. causal connection between the protected activity and the adverse employment action.

If a *prima face* case is established, the burden shifts and the defendant must articulate a legitimate, nondiscriminatory reason for the adverse action. Once the defendant has dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, the plaintiff can still prevail if the plaintiff demonstrates that the articulated reason was a mere pretext for discriminating and/or retaliating.

See Model Federal Jury Instructions Civil, & 88.04, Instruction No. 88-46.

JURY INSTRUCTION NO. 17

## Poor Management Decisions

You may not find for a plaintiff under Title VII of the Civil Rights Act simply because you feel that the defendant made poor, unwise or unfair management decisions regarding him or that another Federal agency or supervisor may have made different decisions.  Title VII does not require that employment decisions of the defendant be impeccable.  It only prohibits employment decisions made by an employer that are intentionally based on impermissible factors such as race, sex, national origin, gender or retaliation.

Even a showing of an unwise or unfair management decision, made without discriminatory bias, does not entitle the plaintiff to recover.

Furnco Construction Corp. v. Waters, 438 U.S. 567, 577-78; McNairn v. Sullivan, 929 F.2d 974 (4th Cir. 1991); Autry v. North Carolina Dept. Of Human Resources, 820 F.2d 1384 (4th Cir. 1987); Radovanic v. Centex Real Estate Corp., 767 F. Supp. 1322 (W.D.N.C. 1991)

JURY INSTRUCTION NO. 18

### Personality Conflicts

Testimony tending to indicate that a co-worker may not have gotten along with another co-worker does not impose liability on defendant. Personal animosity is not the equivalent of unlawful discrimination. A personal feud is not a form of discrimination.[11] Without more, personal friction and acrimony do not establish sex and gender discrimination or intentional retaliatory discrimination.[12]

---

[11] Bradshaw v. Golden Road Motor Inn, 885 F.Supp. 1370, 1380 (D. Nev. 1995)(quoting McCollum v. Bolger, 794 F.2d 602, 610 911th Cir. 1986)). See also, Jordan v. Clark, 847 F.2d 1368, 1377 (9th Cir. 1988). ("The conduct which Plaintiff asserts to be retaliatory appears to the Court to be more a reaction to a problem of clashing personalities than acts in retaliation for the filing of a discrimination complaint."); Sutton v. Atlantic Richfield Co., 646 F.2d 407, 410 (9th Cir. 1981). (Discrimination not established where the challenged personnel actions were the result of "unfortunate internecine personality and management style clashes...")

[12] Man of Jerusalem v. Hill, 769 F.Supp. 97, 101 (E.D.N.Y. 1991).

JURY INSTRUCTION NO. 19

## Litigation-Inducted Stress Not Recoverable

Stress caused by litigation is not recoverable.  Therefore, your deliberation in damages should not include any notion of compensation for any stress or mental anguish that can be attributed to this litigation.[16]

---

[16]  Stoleton v. United States, 708 F.2d 1217, 1223 (7th Cir. 1983)("{I}t would be strange if stress induced by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself without multiplying his damages...", See Timms v. Rosenblum, 713 F.Supp. 948, 955 (E.D. Va. 1989), aff'd 856 F.2d 1433 (9th Cir. 1988)(suggesting that although stress of litigation is caused by the underlying harm, pursuant to litigation is a matter of choice.)  See also, Picogna v. Board of Educ. Of Tp. Of Cherry Hill, 143 N.J. 391, 671 A.2d 1035 (1996) (employee can recover damages for emotional disress, but not for litigation-induced stress; Torres v. Automobile Club, 41 Cal, Appt. 4th 468, 43 Cal Rptr. 2d. 468, 43 Cal Rptr. 2d 147, 154 (1995) (finding no authority to support "the concept for the worry, bother, and status of being 'upset' which normally attends any litigation); School Dist. No. 1 Multnomah County v. Nilsen, 271 Or. 461, 534 P.2d 1135, 1146 (1975) (the court observed that plaintiff's mental suffering in a sexual discrimination case about principally from the bringing of the legal proceedings and are the normal result of being a litigant.

## JURY INSTRUCTION NO. 20

### Adverse Actions

The Courts have construed the employment discrimination prohibitions set forth at Title VII as applied to retaliation as being aimed at decisions that are materially adverse to a reasonable employee. Only "adverse actions" are cognizable in discrimination cases.[1] Examples of adverse actions are, but are not limited to: demotions, disadvantageous transfers or assignments where salary is affected, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.[2] However, these types of actions, in and of themselves, do not qualify; discriminatory intent must accompany said actions.[3] Whether an employment action is "adverse" is gauged by an objective standard of a reasonable person and includes the concept of materially adverse; the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action; the employer must either take something of material consequence from the employee.

---

[1] Cole v. Ruidoso Municipal Schools, 43 F.3d 1375, 1382 (10th Cir. 1994).

[2] Hernández Torres v. Intercontinental Trading, 158 F.3d 43, 47 (1st Cir. 1998); Marrero v. Goya, 304 F.3d 7 (1st Cir. 2002).

[3] Hill v. am. Gen. Fin., 218 F.3d 639, 645 (7th Cir. 2000).

## JURY INSTRUCTION NO. 21

### Award of Damages

It is the duty of the Court to instruct you as to the measure of damages.  However, by instructing you on damages, the Court does not mean to suggest that damages should be awarded.  If you find that the defendant discriminated against the plaintiff, you may award her reasonable compensation for the following:

Emotional pain, suffering, inconvenience, mental anguish ...

You are required to determine the amount of money required to reasonably and fairly compensate him for the damages he may have suffered as a result of the defendant's unlawful conduct.  You should not include in the damages award an amount to compensate plaintiff for his attorney's fees.

## JURY INSTRUCTION No. 22

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.1 (2005).

## JURY INSTRUCTION No. 23

## CONDUCT AND DAMAGES SEPARATE AND DISTINCT ISSUE

Conduct and damages are separate and distinct issues. To award damages you must find that defendants' conduct caused damages to the plaintiff. If defendants' conduct is not the direct, proximate or legal cause of plaintiff's damages, then no damages may be awarded. Damages may be awarded only if you find that defendants violated plaintiff's rights and that their conduct caused some injury to the plaintiff.

Conduct by a defendant that does not cause him harm does not entitle plaintiff to damages. By the same token, harm to the plaintiff which is not the result of unlawful conduct by defendants does not entitle him to damages.

--------------------

Source: McBride, The Art of Instructions to the Jury; Posser, on Torts, Proximate Cause; and Manual of Model Jury Instructions for the Ninth Circuit, 1985 Ed.

## JURY INSTRUCTION No. 24

**DAMAGES - INJURY IN FACT**

You may award damages only for those injuries which you find plaintiff has proven, by a preponderance of evidence, to have been the direct result of conduct by defendants in violation of Title VII. You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of actual injuries proximately resulting from that violation. Thus, even if you find that defendant deprived plaintiff of his rights, you must ask whether plaintiff has proven that the deprivation caused his actual damages.

Where no actual injury is proven, no compensatory damages can be awarded. Plaintiff cannot recover damages based upon the abstract value or importance of a constitutional/statutory right. Actual damages must be based on the evidence presented at trial, and only on that evidence; these must not be based on speculation or sympathy.

--------------------

Source: <u>Memphis Community School Dist. v. Stachura</u>, 477 US 299, 106 S. Ct. 2537 (1986);
    <u>Smith v. Wade</u>, 461 U.S. 30, 103 S.Ct. 1625 (1983).

## JURY INSTRUCTION No. 25

**DAMAGES - PROXIMATE CAUSATION**

You are not to award damages for any injury or condition from which a plaintiff may have suffered or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the action in question.

------------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 85.15 (4th ed. 1987).

## JURY INSTRUCTION No. 26

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate, that is, to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied the burden of proving that the plaintiff's conduct was not reasonable.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.15

## JURY INSTRUCTION No. 27

## DAMAGES - REASONABLE - NOT SPECULATIVE

Awards of damages must be reasonable. If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such damages.

You are not permitted to award speculative damages, those based on guesswork. You may only award such damages as will put them in the same condition as they were before the incident leaving them no worse off and no better of then if the violation had never occurred.

--------------------

Source: Adapted from 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Section 85.14 (4th ed. 1987).

## JURY INSTRUCTION No. 28

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

----------------------

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 106.02 (5th. ed. 2000).

## JURY INSTRUCTION No. 29

**VERDICT-UNANIMOUS-DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judged- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

-----------------------

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 106.01 (5th. ed. 2000).

## JURY INSTRUCTION No. 30

## ELECTION OF FOREPERSON-GENERAL VERDICT

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to each answer, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

-----------------------

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 106.04 (5th. ed. 2000).

## JURY INSTRUCTION No. 31

**VERDICT FORM--JURY'S RESPONSIBILITY**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

----------------------

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 106.07 (5th. ed. 2000).

## JURY INSTRUCTION No. 32

## COMMUNICATION BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me-- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

------------------------

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 106.08 (5th. ed. 2000).