IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-VALLELLANES,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

CIVIL NO. 97-2459(GAG/CVR)

## OPINION AND ORDER

## INTRODUCTION

On December 21, 2007, plaintiff Angel David Morales Vallellanes ("Morales Vallellanes") was favored after a jury trial with a Title VII discrimination verdict against defendant United States Postal Service ("USPS") in the amount of $500,000.00. The jury determined plaintiff proved he was intentionally discriminated by defendant on the basis of sex or gender and he was also subject of intentional discriminatory retaliation. (Docket No. 405). Upon request from the government, the amount of damages was reduced to $300,000.00, since recoup against the government is capped. (Docket No. 403).

Subsequently, plaintiff Morales-Vallellanes filed a post-trial Motion in Compliance requesting back and front pay. (Docket No. 413). In essence, plaintiff Morales Vallellanes requests from this Court an award of back pay in the amount of $834,462.00, plus interest, including also consideration of the fringe benefits, awards of bonuses, annual or vacation leave pay, retirement benefits and employer's matching contribution under the Thrift Savings Plan

("TSP"). Plaintiff also requests that no deduction be made under the collateral source rule doctrine for the amount he has already received for disability benefits under the employer's Workers' Compensation Program ("OWCP") under the U.S. Department of Labor.

Defendant USPS  filed its Response in Opposition which is two folded. (Docket No. 422). First, it submits plaintiff should not be entitled to back pay because no damages or monetary remedy should be fashioned in the absence of a constructive discharge and emotional distress on account of the employer USPS's actions. Secondly, it submits plaintiff's earnings for the last eleven (11) years and for an undetermined date when he may be finally discharged from disability under the OWCP, which is 66 2/3% of his salary, tax free, with no mandatory deductions, should be deducted from any amount if the Court determines to grant back pay.

Plaintiff requested and was granted leave to reply which was timely filed. (Docket No. 429).

Upon careful consideration of the submissions of the parties and the applicable law, plaintiff's Motion in Compliance  is GRANTED IN PART AND DENIED IN PART as follows.

## ANALYSIS

### I.    Entitlement to Back Pay.

Courts have ample discretion to fashion awards in Title VII cases to fully compensate a plaintiff in a manner that suits the specific facts of the case. Such discretion encompasses remedial recovery such as back pay. *See* Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995). Back pay award is not subject to Title VII cap. 42 U.S.C. Section 1981a(b)(3).

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 3

Back pay, in an intentional discrimination award already determined by a jury as trier of facts, should be generally awarded under the equitable provisions of Title VII and the intent to make the victim of discrimination whole. There is a presumption of entitlement to back pay for a plaintiff who has successfully prosecuted and received a determination of employment discrimination.

In this action, for the last eleven (11) years since 1997 up to entry of judgment in 2008, plaintiff Morales Vallellanes has been receiving disability benefits under OWCP of the U.S. Department of Labor, equivalent to 66 2/3% of his salary, tax free, with no mandatory deductions. Although the government indicates these benefits were granted for aggravation of a pre-existing carpal tunnel and tennis elbow work-related condition dating back to 1992, it was after a re-opening of the claim when plaintiff was removed from his position and duties as a reply/desk mail clerk, a former reasonable accommodation as to which he testified was removed because of his protected activities. Plaintiff's new duties resulted in hurting his right arm and he was forced to receive treatment again. Plaintiff has also claimed, and evidence to this effect was presented before the jury, he was substituted in the position he held by a female employee as part of his gender discrimination action. Thus, the government's position regarding discrimination and the resulting injury which aggravated plaintiff's conditions bear some relationship to the retaliation claims.

As such, this Magistrate Judge finds that --having plaintiff Morales Vallellanes received a favorable jury verdict of intentional discrimination by defendant on the basis of sex or gender and for intentional discriminatory retaliation-- back pay should be awarded.

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 4

We shall now discuss the set-off application by the amount plaintiff has received from benefits under the OWCP disability payments inasmuch these benefits are considered compensation received in lieu of salary and related benefits and should not be double counted in making plaintiff whole.

**B.    Set-off by Disability and other Benefits**.

Calculation of back pay may consider other amounts received under the collateral source rule need not be subtracted, a matter also within the discretion of the court. For the majority of district courts, however, such subtraction is not appropriate when the source of other benefits or earnings is a third party, which is not the situation in the instant case. See compilation of cases in Lussier to wit EEOC v. Wyoming Retirement Sys., 771 F.2d 1425, 1431 (10th Cir. 1985) (*holding* under the ADEA that [d]eduction of collateral sources of income from a back pay award is a matter within the trial court's discretion and Orzel v. City of Wauwatosa Fire Dep't., 697 F.2d 743, 756 (7th Cir. 1983) (similar) and Merriweather v. Hercules, Inc., 631 F.2d 1161, 1168 (5th Cir. 1980) (similar in regard to Title VII back pay awards); EEOC v. Enterprise Ass'n Steamfitters Local No. 638, 542 F.2d 579, 591-92 (2d Cir. 1976) (allowing district court to offset public assistance payments against a Title VII back pay award) with Craig v. Y & Y Snacks, Inc., 721 F.2d 77, 81-85 (3d Cir. 1983) (holding that unemployment compensation should not be deducted from a Title VII back pay award) and Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549, 1550-51 (11th Cir. 1983) (en banc) (similar) and EEOC v. Ford Motor Co., 688 F.2d 951, 952 (4th Cir. 1982) (similar). Three (3) other circuits have shown signs of an internal division. *Compare* Hawley v. Dresser Indus., Inc., 958 F.2d 720, 726 (6th Cir. 1992)

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 5

(approving the deduction of pension benefits from an ADEA back pay award) with <u>Rasimas v.</u>
<u>Michigan Dep't. of Mental Health</u>, 714 F.2d 614, 627 (6th Cir. 1983) (holding that
[u]nemployment benefits ... should not be deducted from backpay awards under Title VII), *cert.*
*denied*, 466 U.S. 950, 104 S.Ct. 2151 (1984) *and compare* <u>Glover v. McDonnell Douglas</u>
<u>Corp.,</u> 12 F.3d 845, 848 (8th Cir.) (*holding* that the district court erred in refusing to offset
pension payments from an award of back pay), *cert. denied,* 511 U.S. 1070, 114 S.Ct. 1647
(1994) with <u>Doyne v. Union Elec. Co.</u> 953 F.2d 447, 451-52 (8th Cir. 1992) (*contra*); *and*
*compare* <u>Naton v. Bank of Cal.</u>, 649 F.2d 691, 700 (9th Cir. 1981) (*holding* that district courts
possess discretion to deduct collateral benefits from back pay awards in ADEA cases) with
<u>Kauffman v. Sidereal Corp.</u>, 695 F.2d 343, 347 (9th Cir. 1982) (holding in a Title VII case that
unemployment benefits received by a successful plaintiff in an employment discrimination
action are not offsets against a back pay award).

It should also be considered that federal workers' compensation benefits are ultimately
paid by the federal employer. In a similar vein, <u>McLean v. Ruyon</u>, 222 F.3d 1150 (9th Cir.
2000) found the district court acted within its discretion in setting off former employee's
damages award by amounts of FECA worker's compensation benefits. Similarly in <u>Nichols v.</u>
<u>Bolger</u>, 42 F.3d 503 (9th Cir. 1994), it was determined the court could set-off so that plaintiff
could recover the difference between 100% of salary and disability benefits.

However, although defendant USPS submits the difference between the two (2)
calculations in this case is very small, if any, the parties presented at trial the testimonies of
expert witnesses of their respective economist regarding plaintiff Morales Vallallanes' economic

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 6

loss. Economist Vicente Feliciano testified for plaintiff and Dr. Mohinder Bhatia for defendant USPS. Since plaintiff's expert witness did not consider benefits received by Morales Vallellanes under OWCP we do not credit his testimony and opinion.[1] Rather, in light of this Magistrate Judge's determination to set-off back pay with benefits already received, we credit Dr. Bhatia's opinion. *See Transcripts dated 12-14-2007, Docket No. 418, pp. 97-131; 12-20-2007, Docket No. 419, pp. 8-79; and Joint Exhibit XXIII.*

As explained below, Dr. Mohinder Bhatia's testimony reveals the figure to be used to estimate back pay, including the set-off from OWCP benefits and further considered these benefits were free from any withholdings and taxes. He also considered fringe benefits in his calculations. *Tr. pp. 16-30, Docket No. 419.*[2]

Documentation and testimony of Dr. Bhatia indicate the total figure regarding the benefits paid and already received by Morales Vallellanes is $273,665.21, tax free, and without any withholdings, as well as some medical payments of $12,796.19. *Tr. p. 31-32; Joint Exhibit XXIII, p. 21.* Based on the adjustment of growth of 3.1%, plaintiff's adjusted salary for 2008 would be $52,518.00. *Tr. pp. 37, Joint Exhibit XXIII, p. 15.* Annual payments of OWCP are $39,389.00, tax free. If this figure of $39,389.00 would be taxable, it would increase to $43,085.00. *Id. pp. 36-37, Joint Exhibit XXIII, pp. 14-15.* This figure does not include Social

---

[1] Expert witness Feliciano did not consider in his estimates the amount received from OWCP nor that this benefits had no withholdings and were also tax free, otherwise would have been in the 7% tax bracket. *Tr. pp.127-129, 131, Docket No. 418.*

[2] Health plan employer's contributions were estimated close to eight hundred three dollars with seventy six cents for the year 1998. *Id. p. 17.* However, sick leave and vacation or annual leave are already calculated in the salary. Id. p. 21-22.

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 7

Security payments.  If Social Security payments were to be included (which constitute 7.65%) this figure would go up further.  Thus, if $43,085.00 is divided by 92.35%, it would yield an estimated yearly gross income of $46,654.00, being the value amount of the disability payments received by plaintiff Morales Vallellanes, before taxes.  *Id. pp. 41-43.*

Because back pay is deemed appropriate and where as herein a legal injury is of an economic character, the general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury and the injured party is to be placed as near as may be in the situation he would have occupied if the wrong had not been committed.  Albemarle Paper Co. v. Moody, 422 U.S. 405, 42195 S.Ct. 2362, 2373 (1975). There is a strong presumption that persons who have been discriminated against are entitled under Title VII to back pay. EEOC v. Rath Packing Co., 787 F.2d 318, 329 (8th Cir. 1986).

Thus, if we are to take the  $52,518.00 of adjusted yearly salary and reduce from same the total estimated yearly income of $46,654.00 (being the value amount of the disability payments received), the corresponding back pay results in an annual difference of $5,864.00, which multiplied by eleven (11) years, from 1997 through 2008, would yield a total $64,504.00, plus interest.

Accordingly, the amount of $64,504.00, plus interest, is the estimated amount to be awarded to plaintiff Morales Vallellanes as equitable relief for back pay.

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 8

## II. Front Pay vs. Reinstatement.

Front pay is money awarded for the loss of employment after the date of judgment in a discriminatory discharge action.  Front pay may be awarded to a Title VII plaintiff who cannot work because of "psychological injuries suffered ... as a result of the discrimination" in suit, or "[i]n cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers." Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846, 121 S.Ct. 1946 (2001).

In the post-trial motion, plaintiff Morales Vallellanes requests he be granted front pay in the amount of $521,705.00, which includes calculations of twenty two (22) years of future earnings up to his retirement age.  Morales Vallellanes states that most of the supervisors and co-workers who were shown at trial, as responsible for the discriminatory and retaliatory practices against plaintiff, have been promoted and it cannot be guaranteed they may supervise plaintiff Morales Vallellanes once he is reinstated to USPS.  For this reason, plaintiff submits reinstatement has not been requested since he considers it impractical.

The court has discretion to allow within the equitable relief or remedies reinstatement or front pay.  However, a plaintiff who refuses reinstatement where it is not impractical or impossible, may not elect front pay simply as a preferred remedy.  Selgas v. American Airlines, Inc., 104 F.3d 9 (1ˢᵗ Cir. 1997) (citing James v. Sears, Roebuck & Co., 21 F.3d 989, 997 (10ᵗʰ Cir. 1994)).

The government opposes this petition because not only plaintiff Morales Vallellanes has not been discharged from employment but he is enjoying disability until being medically discharged but also for lack of evidence to support that reinstatement would not be available.

The reasons proffered by plaintiff Morales Vallellanes opposing reinstatement is that, at this time, direct supervisors and co-workers who discriminated against him are currently in managerial positions, to wit; one as acting supervisor in the Caparra Heights Station, another as Postmaster in the town of Gurabo and another as a supervisor in the town of Bayamón. Such claim is deemed insufficient to make reinstatement relief unavailable for Morales Vallellanes. These factual scenario does not raise animosity prevailing in the work environment to make reinstatement impractical. Kelley v. Airborne Freight Corp., 140 F.3d 335 (1st Cir. 1998) (citing Maxfield v. Sinclair Intern., 766 F.2d 788, 795 (3d Cir. 1985) and Cancellier v. Federated Stores, 672 F.2d 1312 (9th Cir. 1992)).

Additionally, if we consider the request for front pay up to the time of estimated retirement of thirty (30) years of service, of which Morales Vallellanes would need to serve twenty-two (22) more years, the petition is speculative.[3]  Plaintiff will be receiving the OWCP benefits while he remains disabled and, if and when discharged, he may be entitled to reinstatement, for which reason granting front pay as requested may result in duplicate payment

---

[3]  McKnight v. General Motors Corp., 973 F.2d 1366 (7th Cir. 1992) (front pay awards, while often speculative, cannot be unduly so; the longer a proposed front pay period, the more speculative the damages become).

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 10

of services in the event plaintiff is discharged from his disability and is reinstated to his work at

USPS during those twenty two (22) years he was to formally retire.

Nevertheless, since front pay is also an equitable remedy, it remains within the discretion

of the Court.   Reinstatement is the norm and front pay is an exception award, more so when

herein plaintiff Morales Vallellanes remains under disability and ensuing benefits with some

expectation that  he may be discharged and allowed to resume work.  Selgas, 104 F.3d at 13.

Still, reinstatement may have been available to plaintiff Morales Vallellanes only upon the U.S.

Department of Labor and the corresponding physicians' findings plaintiff is fit to return to work

duty at the USPS, which situation in light of the medical evidence presented by plaintiff is highly

speculative.[4]  We also note plaintiff's argument he was entitled to a promotion as a U.S. Postal

Inspector is unfounded.   No credible evidence was presented at the jury trial to show the

qualifications standards set for such position; if plaintiff met these standards; whether a U.S.

Postal Inspector position was opened and posted for filling; and whether plaintiff applied for and

was qualified for the same.  Additional, consideration is also undertaken in that herein plaintiff

Morales Vallellanes would continue to receive benefits under OWCP, tax free and without

withholdings, with some adjustment increases, while he remains disabled.

---

[4] Pursuant to the evidence presented at trial, plaintiff's treating psychiatrist Dr. Guillermo Hoyos has been certifying to the U.S. Department of Labor for the past eleven (11) years that plaintiff Morales Vallellanes is not fit to work.  *Docket No. 417, Tr. T. pp. 172-173, 175, 178-181.*

Angel David Morales Vallellanes v. USPS
Civil No. 97-2459 (GAG/ CVR)
Opinion and Order
Page No. 11

Thus, this Magistrate Judge determines, within the discretion allowed and the examination of the totality of the circumstances in the case, as well as the evidence and jury determination, an award of front pay is not warranted.

## CONCLUSION

In view of the foregoing, plaintiff Morales Vallellanes' request for equitable relief (Docket No. 413) is GRANTED IN PART and DENIED IN PART as follows: plaintiff Morales Vallellanes is GRANTED back pay in the amount set-off by the disability benefits he has received, for a total of $64,504.00, plus interest; and the request for front pay is DENIED.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of April of 2008.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**