IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL DAVID MORALES-VALLELLANES<br><br>Plaintiff<br><br>v.<br><br>UNITES STATES POSTAL SERVICE<br><br>Defendant | CIVIL NO. 97-2459(CVR) |

**DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION**

TO THE HONORABLE COURT:

COMES NOW the Defendant to reply to plaintiff's **D.E. 441**, filed in Opposition to Defendant's Motion under FRCP 50 and 59(a) and (e) at **D.E. 437**.

Plaintiff maxim in logic set forth at **D.E. 441** in that "If an argument begins with a wrong premise then the whole argument is wrong" is best applied to plaintiff himself.

For a **long time** the **undisputed** premise for this case has been the Court of Appeals' ("C.O.A.") Opinion and Order of Remand at 339 F.3d 9(2003). Today, that premise stands unopposed and undisputed. There is **no** evidence on the record of any post-judgment proceeding by the plaintiff in order to amend the judgment and its remand order to attend to plaintiff's allegation that "The COA then proceeded to incorrectly summarize Morales' allegations in three issues that were supposedly in his two formal complaints (perhaps some kind of type of human error, we will never know)" (**See**

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 2

**plaintiff's D.E. 441, pages 1-2, Second Par.).**

It is also clear from the COA's Opinion that **one** of plaintiff's allegation of retaliation stems from the OSHA scenario and the complaints Morales filed under the OSHA statute, as it relates to his alleged change in rest days to Job Bid #2541417. Plaintiff's case revolved heavily around the OSHA scenario. The evidence presented at trial speaks for itself. We believe there is no need here to further expand on this matter.

The three issues on remand have been rehashed time and time again. (**See D.E. 344, Status Conference Report; D.E. 348, Court Order; D.E. 352 Proposed Pre-Trial Order; D.E. 353, Second Court Order; D.E. 358, Court's Granting of Defendant's Motion in Limine; D.E. 392, Standing Order to Govern Jury Trial and D.E. 402, Jury Instruction No. 14-A, unopposed by plaintiff.**) The plaintiff has never filed or argued anything against those three issues on remand, one of which refers to the retaliation claim based on the OSHA scenario.

To now argue against plaintiff's retaliation allegation based on the OSHA scenario, is not only out of line, but frivolous. It goes against the undisputed and unopposed docket history for this case which dates back to 2003, when the COA remanded the case for further proceedings **not inconsistent with the COA's Opinion and Remand Order.** Plaintiff's posture as to his retaliation claim

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 3

based on the OSHA scenario is inconsistent with the "COA" Remand Order.

The defendant notes that the plaintiff continues its tactics to confuse and complicate the issues. Plaintiff stubbornly continues to challenge the order of the COA as to the only three surviving claims. Those claims were reiterated by this Court in its instructions to the jury, which were not contested by the plaintiff.

The plaintiff, at **D.E. 441**, never addresses one of the fundamental issues in this case, on whether the plaintiff has met his burden of proving that the three claims, each, constituted an adverse action. Because they are not adverse actions, plaintiff cannot make out his *prima facie* case under Title VII, Civil Rights Act of 1964, as amended in 1991.

The plaintiff also tries to bolster his case by referring to sweeping conclusions and speculations by various witnesses. For example, the plaintiff cites repeatedly a written statement by Samuel Cora that Enrique López and two employees punctured plaintiff's tires and put sugar in his gas tank. When asked at trial how he knew who had vandalized his car, plaintiff testified to that it was based on what Cora told him. But although listed as witness, Mr. Cora did not testify, although physically appearing in court. Therefore we are left with rank hearsay. Plaintiff simply

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 4

presented no evidence as to the truth of that statement. It is his burden to prove his case, which he has not.

Even statements such as plaintiff's witness Raymond Ruiz testifying that he was present when Supervisor Enrique López said that from now on, because of an EEO being filed against him, everybody had to punch their time cards for coffee breaks, is then followed with the leap to the conclusion that López tried to put the employees against plaintiff. Although there was no testimony that Mr. López identified plaintiff to the group as the one who filed an E.E.O. complaint, the plaintiff so argues outside the record and the evidence presented at trial. Furthermore, the record does not contain testimony that the coworkers took actions against the plaintiff because they now had to punch the clock at the beginning and end of their breaks. What is so astounding is that plaintiff claims that he wanted the breaks to be monitored so that abuse would not occur, but yet when such monitoring took place he tried to use such acts against management.

In fact, the same way that the plaintiff has presented his arguments - by making sweeping statement and coaching them as fact when they are but conclusions, speculation and opinion is precisely what the jury did - they did not base their verdict on the evidence presented because in many instances there was no supporting evidence presented by the plaintiff and in other cases, they must

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 5

have ignored the defendant's evidence and the Court's jury instructions to come to their verdict.

Plaintiff can point to no cases with claims anywhere close to those alleged in this case. Plaintiff refers to the <u>Quiles</u> case, but that case was overturned by the District Court, as this Court should do in this case. He refers to a recent case brought by a Michael Orr, but it appears that that case is based on a very different claim, namely someone not being promoted. The defendant has described at length why plaintiff's claim regarding the bid days being changed is not even an adverse action so that case has no relevance herein.

The plaintiff failed to meet his burden as a matter of law and fact and the jury's verdict cannot be sustained especially to the tune of the statutory cap on compensatory damages. Before even calculating damages, the jury must correctly find liability. The jury herein did not have an adequate basis to find liability.

As to his addendum regarding front pay for the Postal Inspector position to which the plaintiff claims he is entitled, the defendant is at a loss as to why the plaintiff believes he would have gotten the position. Although plaintiff may have been making his way though the process he did not show that he passed an interview or the assessment and there is no evidence that he was selected and awaiting appointment. Also these claims make no sense

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 6

since the process was begun before his "problems" at Caparra Heights and he has made no link between those acts and the Inspection Service's process. Again the plaintiff lives in a world of hopes and speculation as to what might have been, not what was to be. He cannot collect additional equitable relief on that basis.

The defendant will not take any more from this Court's precious and limited time to expand on this reply. (**See D.E. 437.**) Suffice to say that the Court has the elements to set aside the jury verdict. It should do so. The verdict was against the evidence at trial, but more importantly, against this Court's clear jury instructions, particularly the ones as to the setting of damages not based on mere speculation and/or unreasonableness.

In summation, from the evidence presented at trial, liability against defendant has not been established. If damages are to be awarded based on found liability, it should be limited to six (6) months after plaintiff left the Postal Service, as testified by Dr. Ramón Fortuño, psychiatrist. (**See D.E. 428, pages 25-54, particularly pages 39, 40, 41 and 48-50.**)

WHEREFORE, the defendant respectfully requests from this Honorable Court that it grant his motion at **D.E. 437** and deny plaintiff's opposition at **D.E. 441.**

I HEREBY CERTIFY that on this date, I electronically filed the

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 7

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Miguel Miranda, Esq.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 31st day of July, 2008.

                                      ROSA EMILIA RODRIGUEZ-VELEZ
                                      United States Attorney

                                      *S/Fidel A. Sevillano Del Río*
                                      Fidel A. Sevillano Del Río
                                      Assistant United States Attorney
                                      U.S.D.C.-P.R. No. 117812
                                      Torre Chardón, Suite 1201
                                      350 Chardón Street
                                      San Juan, Puerto Rico 00918
                                      Telephone:  (787) 766-5656
                                      Fax      :  (787)-766-6219