IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL DAVID MORALES VALLELLANES,<br>Plaintiff,<br><br>v.<br><br>JOHN POTTER, UNITED STATES POSTMASTER GENERAL, ET ALS.,<br>Defendants. | CIVIL NO. 97-2459 (GAG)(CVR)<br><br>DAMAGES BASED ON RETALIATION AND DISCRIMINATION; PROHIBITED PERSONNEL PRACTICES; UNFAIR LABOR PRACTICES; BREACH OF COLLECTIVE BARGAINING AGREEMENT |

**OPPOSITION TO DEFENDANT'S REPLY TO PLAINTIFF OPPOSITION**

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, Angel David Morales-Vallellanes, through the undersigned attorney, very respectfully submits its Reply to Defendant's Reply to Plaintiff Motion (Docket 442):

On July 31, 2008, Defendant filed a motion D.E. 442 pursuant to Local Rule 7.1(c). Said Local Rule stipulates that: *"With **prior leave of Court and within seven (7) days of the service** of any objection to a motion, the moving party may file a memorandum…"* Defendant filed two motions in one without **prior** requesting this Honorable Court a leave to file. Moreover, more than 7 days have elapsed since Plaintiff filed his objection to Defendant's motion in consequence Defendant filed his motion in clear violation of Local Rule 7.1(c).

In a daring act to mislead this Honorable Court by Defendant, he alleged in his motion

1

that Plaintiff witness Samuel Cora did not testified at trial. Defendant then alleged that Plaintiff testimony regarding that Supervisor Enrique López and two employees punctured Plaintiff's tires and poured sugar in his gas tank is therefore hear say (see Defendant's motion page 3). Samuel Cora indeed testified at trial (see D.E. 418 page 2-17). In fact Samuel Cora sworn statement was read during Samuel Cora's testimony. Moreover, Cora's testimony was **unopposed.** This is an intentional and desperate act of Defendant to mislead this Honorable Court.

Defendant states in his motion that: *"Plaintiff refers to the Quiles case, but that case was overturned by the District Court"* (see Defendant's motion page 5). However Defendant intentionally forget to tell the whole story. Plaintiff want to emphasize the word intentionally since Counsel Fidel Sevillano was the Defendant's counsel (US Postal Service) in Quiles case. Quiles case was indeed overturned by the District Court. The District Court reduced Quiles compensatory damages to zero. The District Court was **reversed and remanded** by the Court of Appeals (see 439 F. 3d 1).

Plaintiff challenge Defendant to show where Plaintiff alleged in his EEO complaints that *"Morales's allegations that Job Bid #2541417 was posted with Thursday/Sunday rest days rather than Saturday/Sunday rest days in retaliation for **plaintiff's OSHA complaints**"* according to the wrongfully quote of the COA. Plaintiff in his EEO complaints **never** alleged that said action was for his OSHA complaints but for his previous EEO protected activities (see Plaintiff trial exhibit 23 and joint exhibits VI, IX and XVIII). In fact, joint exhibits VI, IX and XVIII were **provided by Defendant.** Among said joint exhibits is the Plaintiff first EEO complaint where this Honorable Court can easily find that Plaintiff allegation was regarding retaliation for previous EEO activities and not by any OSHA complaint. This and other involuntary mistakes by the COA were presented and explained to this Honorable Court prior to

2

the beginning of trial and in presence of Defendant's attorney Fidel Sevillano. Counsel Sevillano **never** raised any objection regarding those issues at that time or **during all the trial**. Now Defendant is trying to present this issue as if Plaintiff were presenting it as a surprising new issue. What is incredible here, is that Defendant counsel Fidel Sevillano acknowledged and discussed in the trial during Plaintiff cross examination that Plaintiff allegations regarding the changing of days off for the job position were for Plaintiff previous EEO activities (see D.E. 416 page 103-107). Plaintiff respectfully invites this Honorable Court to see D.E. 416 pages 103-107 where Counsel Sevillano presented Plaintiff joint exhibit VI (Plaintiff first EEO complaint) and examined with Plaintiff the previous EEO that Plaintiff alleged in his first EEO complaint regarding the job position. At no time Counsel Sevillano found or made any reference to OSHA during Plaintiff cross examination in said EEO complaint (joint exhibit VI). To show more incredible contradictions by Defendant's, this is what Defendant's counsel Fidel Sevillano alleged at trial; *"Whether filing OSHA claims is a protected activity or not we assume that, number one it is not. But, number two, we have to be candid with the court. And, there's a recent case, the case of Burlington (phonetic), that apparently opens the door for adverse action… I mean protected prior action to be more than what conventionally it used to be"* (D.E. 418 page 140 lines 9-17). *"What it really reflects is management… maybe a little bullying on the management side. The style of administration left much to be desired in terms of management"* (Defendant's counsel Fidel Sevillano talking about US Postal Service management at D.E. 418 page 139 lines 12-15). *"And, this case, what is was really shown, at least in our appreciation, is that may be the Defendant's management style, as we said before, was not the best. And it did cause many problems"* (Defendant's Counsel Sevillano talking about US Postal Service management at D. E. 418 page 157 lines 14-18). *"There's no mention whatsoever, in the Court*

3

*of Appeals case, of the words "hostile work environment" But, implicitly, if one would argue all this plethora of incidents, if you read them and read the Amended Complaint, it could equate to a possible hostile work environment, prima facie.* (Defendant's Counsel Sevillano at D.E. 418 page 158 lines 11-14).

The Court of Appeal (COA) decision was that *"**We agree with USPS** (emphasis added) that Morales's Title VII cause of action is limited to those discrimination and retaliation allegations in his amended complaint that were previously the subject of a formal complaint"* (339 F.3d 9). As this Honorable Court can notice, the COA decision was made in acceptance of Defendant's allegations that Plaintiff two formal EEO complaints should be accepted for trial when the COA said: **"We agree with USPS".**

**WHEREFORE,** it is respectfully requested from this Honorable court to deny Defendant's motion D.E. 442. To deny Defendant's motion D.E. 437 under F.R.C.P. 50 and 59(a)(e). To partially set aside Opinion and Order D.E. 430 and 431 and to award Plaintiff back pay and front pay according with Plaintiff expert economic report; $834,462.00 plus interest for back pay and $521,705.00 for front pay as alleged in Plaintiff uncontested motion D.E. 436 which was never replied by Defendant.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Fidel A. Sevillano-Del Río, Esq.**, Assistant U.S. Attorney, Federico Degetau Federal Build., 150 Carlos Chardón Av., Hato Rey, Puerto Rico 00918.

4