IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL DAVID MORALES-VALLELLANES

    Plaintiff

         v.

UNITES STATES POSTAL SERVICE

    Defendant

CIVIL NO. 97-2459(CVR)

**REPLY TO PLAINTIFF'S OPPOSITION**

TO THE HONORABLE COURT:

COMES NOW the defendant to reply to Plaintiff's Opposition (**D.E. 444**) to Defendant's Motion for Leave to File Reply Brief (**D.E. 442**). Plaintiff's attorney has completely disregarded Local Rule 7.1(d) <u>calculation of time</u> as to his untimeliness argument at **D.E. 444.**

Plaintiff's **D.E. 441** was filed on July 23, 2008. Pursuant to Local Rule 7.1(d) and F.R.C.P. 6(a), the seven (7) days count begins on July 24, 2008. <u>Excluding</u> Saturdays and Sundays, the count ends on August 1, 2008. Defendant's Motion for Leave, under Local Rule 7.1© at **D.E. 442**, was filed on July 31, 2008, or, on time, and not untimely as plaintiff's attorney is arguing at **D.E. 444.**

It is not correct that defendant filed two (2) motions. **D.E. 442** relates to <u>one</u> Motion for Leave to File under Local Rule 7.1(c) with its Attachment "A". Depending on this Court's ruling,

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 2

Attachment "A" would <u>be</u> or would <u>not be</u> filed after the Court Rules on defendant's Motion for Leave at **D.E. 442.**

The <u>Quiles</u> case was brought forth only to illustrate one <u>small</u> example of a district court's reversal of a jury verdict.  We are well aware that it was reversed by the Court of Appeals.  In no way the intent of the defendant was for this Court to read too much into the <u>Quiles</u> case; first and utmost, because it is a far cry from the Morales case and secondly because it should be limited to only showing the district court's dynamics in the reversal of one jury verdict.  Nothing else.

The rest of plaintiff's arguments are pure demagoguery.

The defendant has always argued that the filing of OSHA claims is <u>not</u> a protected activity under the Civil Rights Act of 1964 as amended in 1991 as applied to retaliation claims.  However, this counsel, as an officer of the Court, has the obligation to be candid with it.  Eleven years have passed and case-law has changed. In retaliation cases, the <u>Burlington</u> case opened the door for the concept of "protected activity" to be expanded.  In that sense, our arguments before this Court should be seen within that perspective. From the standpoint of <u>Burlingon</u>, one has to consider that an argument <u>could be made</u> that OSHA claims <u>could</u> be a prior protected activity for retaliation claims purposes.  However, this would have to be decided by a court of justice and not this counsel.

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 3

Defendant has always argued that the filing of OSHA claims are not to be considered prior protected activity for the purposes of retaliation claims under the Civil Rights law.  Still, in that vein, however, one has to be aware that this could be considered an open question of law to be decided by the Court.

The rest of plaintiff's arguments do not deserve any additional time.  It is obvious that many of the same have been taken out of context, are completely self-serving and are innuendos that should only satisfy plaintiff's counsel's imagination.

WHEREFORE, the defendant respectfully requests that plaintiff's **D.E. 444**, Opposition to Defendant's Motion for Leave to File Reply Brief be denied and Defendant's Motion For Leave to File at **D.E. 442** be granted.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Miguel Miranda, Esq.

Angel David Morales-Vallellanes v. USPS
Civil No. 97-2459(GAG)
Page 4

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 1st day

of August, 2008.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

*S/Fidel A. Sevillano Del Río*
Fidel A. Sevillano Del Río
Assistant United States Attorney
U.S.D.C.-P.R. No. 117812
Torre Chardón, Suite 1201
350 Chardón Street
San Juan, Puerto Rico 00918
Telephone:  (787) 766-5656
Fax      :  (787)-766-6219